IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-1394 (RGA) |
| NOMADIX, INC., | ) ) ) | REDACTED -- PUBLIC VERSION |
| Defendant. | ) | |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM JENNIFER YING
REGARDING SEPTEMBER 3, 2020 DISCOVERY CONFERENCE**

OF COUNSEL:

Daniel J. Goettle
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Michael J. Swope
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104
(206) 332-1380

Charles C. Carson
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC  20036
(202) 861-1500

Andrew Samuels
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215
(614) 228-1541

Original Filing Date:  August 25, 2020
Redacted Filing Date:  September 1, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff Guest Tek Interactive Entertainment Ltd.*

Dear Judge Andrews:

Guest Tek submits this letter seeking to compel Nomadix to produce documents by a date certain, and to request a modest extension of fact discovery in light of Nomadix's belated efforts to meet its discovery obligations.  Specifically, Nomadix has failed to produce relevant financial and other damages-related documents, as well as documents reflecting its internal development and testing of the accused products.  There are numerous other documents falling within the scope of Guest Tek's longstanding requests that Nomadix has only recently begun to collect and for which Guest Tek has received only vague assurances of production over the next two weeks.

**Relevant Factual Background.**  Guest Tek has served numerous RFPs to which Nomadix initially responded by agreeing to produce the requested documents, but then failed to do so.  Through extended subsequent correspondence and multiple meet and confers dating back to February 2020, Guest Tek has attempted without success to secure these documents.  Nomadix's general approach has been first to deny the deficiencies, later implicitly acknowledge them by agreeing to supplement its production and, after further delay, producing documents that fail to address the identified deficiencies.  This pattern has repeated over the past few months as Guest Tek has attempted in good faith to resolve these issues without Court intervention.  Nomadix creates additional delay by burying any relevant documents in otherwise voluminous productions containing dated and otherwise irrelevant documents.  Indeed, at least 200,000 pages of Nomadix's production—the majority of its total production—appear to have been recycled from a decade-old prior case and involve older Nomadix products that are not at issue in this litigation.  Further, and contrary to the Delaware Default Standard, Nomadix produced these (and many other) documents with no metadata (such as dates created/modified), thus requiring Guest Tek to engage in an extensive review only to confirm the documents' irrelevance.

Throughout the parties' back and forth, Nomadix has further delayed any potential resolution by refusing Guest Tek's repeated request that Nomadix identify by Bates number any documents that Nomadix contends have already been produced.  Indeed, Nomadix has frustrated Guest Tek's attempts to narrow the issues by refusing to address the identified document deficiencies with particularity and, with respect to individual document categories, confirm or deny whether such documents have been collected and exist.  Only very recently, after the parties reached out to the Court—at Guest Tek's insistence—to calendar a discovery conference, has Nomadix begun to actively engage on these issues.

**Nomadix's Failure to Produce Documents.**  Guest Tek has requested relevant financial documents, including:

- Sales, revenue, income and profitability reports (Ex. A, RFP 38)
- Documents reflecting the number of units sold, imported, or made (Ex. A, RFP 39)
- Documents reflecting revenue and profitability on a monthly, quarterly, and annual basis, including, sales volume, revenue, operating profit, and gross profit. (Ex. A, RFP 40)
- Documents reflecting gross profit figures, margin/profit calculations or computations, gross expenses, and gross/net sales, including books of account, ledgers, sales reports, call reports, sales summaries, sales compilations, and market, sales, revenue, or profit analyses, studies, or surveys (Ex. A, RFP 42)
- Profit and loss statements from 2016 to the present, including monthly, quarterly, or

The Honorable Richard G. Andrews
August 25, 2020
Page 2

        yearly summaries (Ex. A, RFP 32)
- Documents reflecting cost or pricing analyses or comparisons between the accused products and other products (Ex. A, RFP 36)
- Documents reflecting sales and profitability information (Ex. A, RFP 37)
- Price lists (Ex. B, RFP 91)
- Documents reflecting product costs and cost variances (Ex. B, RFP 92-93)

These requests are all well within the bounds of permissible discovery in a patent infringement action and, indeed, Nomadix agreed to produce all of the above. *See* Exs. C and D (Nomadix's Responses to RFPs). Yet, its production of financial-related documents to date has consisted of four single-page annual income statements and a collection of individual invoices and purchase orders. The single-page annual statements provide only company-wide profit/loss information. *See, e.g.,* Ex. E. Moreover, although the collection of individual invoices comprises approximately 80,000 pages spanning eight years, Nomadix has failed to produce any documents that summarize the sales—whether on a monthly, quarterly, or annual basis or by accused product—and no documents that provide or summarize in any way revenue, costs, expenses, profitability, sales volume, manufacturing volume, margins, or any of the other financial metrics for the accused products identified in Guest Tek's requests. Nomadix also recently indicated that it will be producing price lists, but thus far has not done so.

As reflected in the correspondence attached as Exhibits F-O, since November 2019, Guest Tek has repeatedly brought these deficiencies to Nomadix's attention, provided Nomadix multiple opportunities to supplement its production, and requested that Nomadix address the deficiencies with specificity, including identifying the documents by Bates number to the extent it maintains such documents in fact have been collected and produced, or affirm that such documents do not exist.

Only after Guest Tek made clear that it intended to pursue a motion to compel, Nomadix informed Guest Tek that while it has a database that includes the above requested financial data, it does not regularly generate reports from it. This was not until August 11, 2020, nine months after Guest Tek first raised the issue. Nomadix further claims that it has no documents, even if prepared on an ad hoc basis, that reflect or summarize the financial data in its database. But it seems inconceivable that Nomadix does not evaluate and discuss internally or with its investors the financial health of its company and the products it sells beyond what is reflected in the four single-page annual statements. Nomadix should be ordered to produce the documents in its possession—whether as summarized and evaluated within the company, used to inform its management team of the financial picture relating to its product line, through reports generated for purposes of production in this case, and/or the raw data itself.

Nomadix also has failed to produce any documents reflecting the internal development and testing of the accused products, including the specific features of the products Guest Tek has identified as infringing.[1] Guest Tek's allegations include direct infringement of certain method

---

[1] Such documents would be responsive to at least Request Nos. 2, 14, and 87. *See* Exs. A and B.

The Honorable Richard G. Andrews
August 25, 2020
Page 3

claims through Nomadix's testing of the accused products. During the parties' meet and confer, Nomadix's counsel stated that discussions with Nomadix regarding these documents were ongoing and suggested that such documents may not exist. Again, it seems unlikely that Nomadix develops and adds features to its products, including by updating its software, without testing those features before release.

**Extension of Discovery.** In addition to the above, there are numerous other categories of documents within the scope of Guest Tek's longstanding requests that Nomadix has only recently begun to collect. For example, Nomadix has failed to produce any correspondence with its customers and end-users regarding the accused products; documents directly related to Guest Tek's indirect infringement claims. Nomadix recently indicated that these documents are voluminous and only now, less than a month before the close of fact discovery of September 22, has it begun collecting the documents with an expected production over the course of the next two weeks. Guest Tek understands that Nomadix also is collecting other documents such as competitive analyses, document retention and management policies, and internal annual corporate reports. Assuming Nomadix produces all of the above documents within two weeks—which they have not firmly committed to—this would leave Guest Tek with little more than two weeks to review the documents and depose Nomadix's witnesses.

Guest Tek also currently does not have access to Nomadix's source code. Guest Tek returned the source code computer to Nomadix on July 9 so that Nomadix could supplement its production to include more recent versions of the code. After nearly seven weeks, the computer has not been returned and Guest Tek has received only a vague assurance that it will be produced the week of August 31, leaving Guest Tek little time to evaluate the new code. Moreover, Guest Tek has asked for accommodations under the protective order in light of COVID-19 to allow its experts to review the code without having to travel due to health risks and safety concerns, which Nomadix has thus far refused to provide.

In light of the above, Guest Tek respectfully requests an extension of fact discovery until October 30.[2] Assuming Guest Tek receives in a timely manner all of the financial documents, customer correspondence, source code, and other discovery addressed above by September 11, this should be enough time to complete depositions and any other fact discovery that may be required. Guest Tek has discussed such an extension with Nomadix and understands that Nomadix is generally not opposed but would prefer to stay the case entirely in light of concerns over COVID-19. Guest Tek does not believe a stay is necessary.

In light of the above, Guest respectfully requests that the Court compel Nomadix to collect and produce the above-identified documents and grant an extension of fact discovery until October 30, with an equivalent extension of all subsequent deadlines except the pre-trial and trial dates, which should remain as scheduled in September 2021.

---

[2] Guest Tek's proposal would include an equivalent extension of the subsequent deadlines in the case except the pre-trial and trial dates, which Guest Tek proposes remain as scheduled.

The Honorable Richard G. Andrews
August 25, 2020
Page 4

                                                                  Respectfully,

                                                                  */s/ Jennifer Ying*

                                                                Jennifer Ying (#5550)

JY
Enclosures

cc:     Clerk of the Court
        All Counsel of Record