## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GUEST TEK INTERACTIVE
ENTERTAINMENT LTD.,

        Plaintiff,

    v.

NOMADIX, INC.,

        Defendant.

Civil Action No. 18-1394-RGA

REDACTED PUBLIC VERSION

## LETTER TO THE HONORABLE RICHARD G. ANDREWS REGARDING
## DEFENDANT'S RESPONSIVE DISCOVERY DISPUTE LETTER

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800

**ATTORNEYS FOR DEFENDANT
NOMADIX, INC.**

Dated: August 27, 2020

# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

**VIA CM/ECF**                                August 27, 2020
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, No. 18-1394-RGA

Dear Judge Andrews:

We write on behalf of Defendant Nomadix in response to Plaintiff Guest Tek's August 25 letter (D.I. 109). Guest Tek's letter mischaracterizes Nomadix's document production, Guest Tek's requests for production (RFPs), and communications between the parties.

**Nomadix's Document Production**: Throughout this case, Guest Tek's position on document production has been one contradiction after another. First, Guest Tek serves sweeping requests, including requests for **all** documents relating to the sale, conception, development, operation, or features of Nomadix's gateways. (*E.g.*, D.I. 109 at Ex. A, RFP Nos. 2, 31, 33.) Then, after asking Nomadix to take on the burdensome and expensive task of collecting documents responsive to these broad requests, Guest Tek accuses Nomadix of a "document dump." (D.I. 109 at Ex. G.) And after complaining about receiving too many documents that it asked for, Guest Tek then cites the same requests and demands even more documents.

In the face of such contradictions, Nomadix has sought to focus the parties' discussions on proportionality and practicalities, repeatedly requesting that Guest Tek identify with greater specificity the documents it wants Nomadix to conduct renewed searching for. (*See, e.g.*, Exs. 8-10.) Guest Tek has refused to engage. Rather than point to specific documents or deposition testimony proving that more searching will yield additional relevant and non-cumulative materials, Guest Tek has consistently fallen back on sheer speculation that "there must be" additional relevant documents. That same speculation is the entire basis for its letter brief. (D.I. 109.) Rather than identify any concrete, specific documents Nomadix is known to possess but has failed to produce, Guest Tek asks the Court to compel Nomadix to produce "all" documents in several sweeping, open-ended categories—and Guest Tek makes this broad, unsubstantiated request with less than a month until the close of fact discovery. At this late stage, Guest Tek should have a concrete basis for requesting more discovery, and its requests should be narrowly tailored. Having offered only speculation to support its broad requests for more discovery with just a few weeks left until the discovery cutoff, Guest Tek has failed to demonstrate that the discovery it seeks is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Nomadix conservatively estimates it has spent over ▉▉▉▉ in response to Guest Tek's document requests, including ongoing fees for ESI processing and hosting. Nomadix has produced almost 65,000 documents totaling more than 350,000 pages, all responsive to Guest Tek's broad RFPs.[1] For example, RFP No. 31 seeks "all documents and things that refer or relate to, or embody,

---

[1] This is in addition to the nearly 80,000 documents Nomadix produced in the parties' ongoing litigation in the Central District of California; the parties have agreed they can use the documents

The Honorable Richard G. Andrews
August 27, 2020, Page 2



the sale by Nomadix of any Accused Product, including but not limited to any and all . . . purchase orders, . . . invoices, . . ." (D.I. 109 at Ex. A.) Yet when Nomadix produced such purchase orders and invoices, Guest Tek repeatedly characterized it as a "document dump." (*See*, *e.g.*, D.I. 109 at Ex. G.) Similarly, Guest Tek complains about Nomadix's production of documents regarding older Nomadix products, but these products are predecessors to the accused products in this case, and documents relating to them are responsive to Guest Tek's RFPs regarding the conception and development of the accused products. They are also relevant to proving the scope of the prior art.[2]

In Guest Tek's Third Set of RFPs, served June 19, Guest Tek provided somewhat narrower requests. (D.I. 109 at Ex. B.) Some categories of documents identified in Guest Tek's letter were first requested in these June 19 RFPs. In response, Nomadix has conducted additional searching and expects to produce in the next few days documents in the following categories: additional documents reflecting sales of the accused products; additional price lists for the accused products; additional annual financial summaries for Nomadix; additional documents concerning testing of the accused products; and additional categories of documents not addressed in Guest Tek's letter.

Contrary to Guest Tek's suggestion, Nomadix's production of additional documents is not proof that its earlier production was deficient. It shows Nomadix has engaged in discovery in good faith, conducting additional searching in response to new requests and meet-and-confer discussions, and supplementing its production as it finds additional documents responsive to Guest Tek's requests, both old and new. Guest Tek's insistence that Nomadix identify by Bates number documents responsive to each of Guest Tek's RFPs is likewise unavailing. Such an identification is neither required by the Federal Rules or Local Rules nor an endeavor Guest Tek has undertaken with respect to its own production. Guest Tek offers no support for its assertions that Nomadix must have various documents or that it is "inconceivable" that Nomadix does not have them. Nomadix is a small company with approximately 45 employees and a stable, well-understood business. Several employees have worked at Nomadix for over a decade and have built up institutional knowledge not reflected in documents. Nomadix simply does not generate all the types of documents that might be expected of a larger company.[3] Nomadix has repeatedly explained to Guest Tek during the parties' meet-and-confers that it does not generate product-level financial reports, such as profitability reports for the accused products. Further, Guest Tek misunderstands the parties' discussion regarding financial data. Nomadix does not possess a "database that includes the . . . requested financial data." Nomadix has explained that it maintains a SalesForce database, which includes information regarding individual sales of Nomadix's products. Generating the product-level financial reports that Guest Tek seeks would require significant effort and analysis on Nomadix's part to create new documents, which is neither required by the Federal Rules nor proportional to the needs of the case.

---

produced in the California case in this case as well.

[2] Contrary to Guest Tek's complaints, Nomadix has produced metadata for the majority of its documents. Documents collected and reviewed for prior litigation did not have associated metadata, and the burden of re-collecting such documents (to the extent they still exist outside of litigation counsel's databases) would have been significant. In contrast, Guest Tek has produced only limited metadata for only a handful of documents.

[3] In contrast, Guest Tek boasts more than 800 employees worldwide.  Ex. 11.

The Honorable Richard G. Andrews
August 27, 2020, Page 3



Guest Tek falsely states that Nomadix has produced no documents reflecting the internal development and testing of the accused products, no price lists, and no documents that "provide . . . in any way" revenue, costs, expenses, profitability, sales volume, manufacturing volume, or margins. Nomadix has produced thousands of documents collectively across those categories. For example, Nomadix has produced numerous internal documents reflecting the function of the accused products, including the accused features. Indeed, Nomadix has produced the source code for all accused products, and Guest Tek has had key technical documents since February 2019.[4] Similarly, Guest Tek does not dispute that Nomadix has produced profit and loss statements or thousands of invoices and purchase orders. Guest Tek's request for **all** documents in these categories reflects its disregard for proportionality. Nomadix has conducted diligent searches and produced the nonprivileged, responsive materials it has located. To be absolutely certain Nomadix had hunted down every last responsive document in its possession, no matter how duplicative of what it has already produced and no matter how marginal its relevance, Nomadix would need to spend hundreds of thousands of dollars on extracting terabytes of data, processing and loading that data into a document-review system, having its attorneys spend thousands of hours review the documents one by one, and preparing TIFF images and load files. Nomadix is not required to do so. Fed. R. Civ. P. 26(b)(1). Any further open-ended document collection and review that Guest Tek seeks from Nomadix without a concrete basis to believe such efforts will lead to new, non-cumulative, relevant documents should be done at Guest Tek's expense. *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237–40 (S.D. Cal. 2015) (cost-shifting appropriate for disproportionate discovery requests); Fed. R. Civ. P. 26(b)(2)(B), (b)(2)(C), (c)(1)(B).

**Schedule**: After failing to expeditiously prosecute this case, Guest Tek now seeks another extension of the schedule. While Guest Tek heaps blame upon Nomadix, Guest Tek has sat on its hands for extensive periods of time, manufacturing urgency as the close of discovery approaches. Indeed, Guest Tek has failed to identify a single specific instance of direct infringement by an end user of Nomadix's accused products. (D.I. 110 at Ex. 3.) Guest Tek also has yet to articulate any basis for seeking damages in this case. (D.I. 110 at Ex. 4.) Nor has Guest Tek yet noticed any depositions.

While Guest Tek has not demonstrated good cause for another extension of the discovery deadline, Nomadix does not oppose a modest extension, subject to two conditions. First, Guest Tek should not be allowed to serve more written discovery requests (interrogatories, RFPs, RFAs). With less than a month until the current discovery cutoff, it is too late under the current schedule to serve such requests; Guest Tek should not be allowed to use an extension to remedy any failure to serve timely requests. Second, as requested in Nomadix's opening letter (D.I. 110), the Court should set September 10 as the deadline for Guest Tek to provide its final infringement contentions. On those two conditions, Nomadix would not object to extending fact discovery to October 30 and to shifting other pretrial dates accordingly.

Moreover, in view of the repeated extensions that have occurred in this case over the last five months (*see* D.I. 93, 99) and the apparent unwillingness of Guest Tek's experts to travel to the location of Nomadix's source code agreed upon in the protective order (D.I. 35), Nomadix respectfully suggests that a stay may be more appropriate until the impact of the pandemic on the parties has subsided.

---

[4] The source code computer was returned to Guest Tek on August 27, 2020.

The Honorable Richard G. Andrews
August 27, 2020, Page 4



Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)

cc:    Counsel of Record (via CM/ECF and electronic mail)

# EXHIBIT 8

**Andrea.Cheek**

| | |
|---|---|
| **From:** | Mark.Lezama |
| **Sent:** | Friday, June 5, 2020 9:20 PM |
| **To:** | Carson, Charles C. |
| **Cc:** | Samuels, Andrew; jying@mnat.com; Swope, Michael; Lesovitz, Jeffrey; Guest-TekDE; Nomadix.Guest-Tek; Andrea.Cheek; Dorsney, Kenneth L. |
| **Subject:** | RE: Guest Tek v. Nomadix (Delaware) |

Chuck,

Thanks for confirming that Guest Tek will supplement its infringement contentions by June 30 with discussion of specific references to source code. Nomadix's consent to Dr. Reiher reviewing source code was premised on receiving supplementation in June that addresses Nomadix's concerns with Guest Tek's contentions, including with detailed discussion of specific citations to the source code. We therefore take your e-mail to mean that Guest Tek will address all the concerns Nomadix raised in Andrea's May 12 letter, including: eliminating internal inconsistencies; replacing ambiguous contentions with unambiguous, specific contentions; supporting Guest Tek's assertions with detailed discussion of, and pinpoint citations to, source code so that Guest Tek's contentions do not rest on conclusory assertions; producing the testing Guest Tek is relying on and explaining exactly how it supports its contentions; and identifying the specific acts, persons, and context for each theory of infringement. If we misunderstand Guest Tek's intentions, please let us know right away. Nomadix would raise these issues with the Court immediately but for its understanding that Guest Tek's supplementation will resolve these issues.

We disagree with the assertions in your e-mail. In particular, it is not clear to us that the parties are at an impasse on Nomadix's document production or that the parties' discussions have revealed sufficiently specific disagreements to make a motion a productive exercise. Guest Tek just recently agreed to Nomadix's offer to use documents produced in the California litigation in this case, and that production includes documents Guest Tek seeks in this case. Moreover, for many requests Guest Tek acknowledges that Nomadix has produced responsive documents and does not identify any basis for believing additional responsive documents exist, yet Guest Tek suggests Nomadix's production is incomplete. While we recognize that we have made this observation before and Guest Tek has disagreed, it does not seem to us that the parties are at an impasse so much as they need to find a way to discuss these issues more productively. To that end, we intend to provide some more targeted comments next week on issues Guest Tek has raised.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Thursday, June 4, 2020 3:53 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L.

\<KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

Thank you for your letter dated June 2, 2020, responding in part to our letter dated May 13 and later follow-up emails, all of which echoed concerns we've now raised for months regarding Nomadix's document production.

First, thank you for agreeing to allow Dr. Reiher access to the Nomadix source code designated under the protective order.  Guest Tek will supplement its infringement contentions by June 30 to provide specific references to the Nomadix source code and discussion of same.  We note, however, that Guest Tek's supplementation of its infringement contentions and the development of its case more generally is hampered by Nomadix's continued refusal to produce documents in this case, which we have described with specificity to you as further addressed below.

As for more recent versions of the source code, Guest Tek will supplement its paragraph 4(a) disclosures as you suggest and then coordinate with Nomadix the logistics of adding the more recent versions of the code to the laptop.  We anticipate doing that immediately after Guest Tek's June 30 supplementation.

Regarding Nomadix's document production, the parties appear to be at an impasse.  Contrary to your assertion that Guest Tek has not identified specific documents it believes are missing from Nomadix's production, this information was in fact provided to you in our four-page May 13 letter, our subsequent May 21 email, in prior correspondence dating back to 2019, and verbally during the parties' multiple meet and confers.  These are all documents Nomadix agreed in its RFP responses to produce and has never asserted do not exist.  Their absence from Nomadix's production and your refusal to address them with specificity in the parties' discovery correspondence, including your most recent June 2 letter, suggest that Nomadix has not searched for and collected the documents.  While you continue to assert vaguely that Nomadix's production is "relevant and responsive" and numbers in the "thousands" of documents, you have yet to identify by bates number any of the specific documents we've identified as missing.  Given the specificity we've already provided and your insistence that Nomadix has met its discovery obligations and that its production is complete, we believe this issue is now ripe for the Court's resolution.  Please let us know when your Delaware counsel is available to reach out to chambers to schedule a discovery conference.

Regards,
Chuck

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, June 2, 2020 10:59 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

I'm attaching a letter responding to your e-mails below, as well as regarding Dr. Reiher.

Best regards,

2

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

**Knobbe** Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Thursday, May 28, 2020 1:08 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>;
Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L.
<KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

As you are aware, our ability to review the Nomadix source code in our Seattle office has been severely constrained over
the course of the last three months in light of the restrictions associated with the COVID-19 pandemic, which closed our
Seattle office.  While the office remains closed, we were able to briefly review the code this week and have confirmed
that in fact versions 8.7 through 8.11 were provided to us.  We do not, however, have versions 8.12 or 8.13 and request
that those versions of the code be provided to us no later than June 5 as requested below.

Thank you,
Chuck

---

**From:** Carson, Charles C.
**Sent:** Thursday, May 21, 2020 5:13 PM
**To:** 'Mark.Lezama' <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>;
Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L.
<KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

We have similarly yet to hear from Nomadix on the serious discovery issues Guest Tek has identified, not only in the last
two weeks but dating back months.

As Guest Tek has repeatedly brought to your attention, Nomadix's discovery responses and document productions in
this case demonstrate a failure by Nomadix to meet its discovery and disclosure obligations.  For example, we have on
multiple occasions raised the fact that the vast majority of Nomadix's documents—i.e., nearly the entirety of the
200,000 page production last year—appear to have been recycled from an old case and, as such, appear to relate to
Nomadix gateway models from years ago that are not accused in this case.  Further, because Nomadix failed to provide
metadata for these documents that could be used to date them, it has taken Guest Tek months to wade through this
voluminous production in an effort to confirm its apparent non-responsiveness to Guest Tek's requests.  Even Nomadix's
most recent Feb 2020 production consists almost exclusively of documents dated more than a decade ago.

In terms of technical documents addressing the accused functionality in the particular gateway models at issue, the only Nomadix production that appears to have any relevance is its initial "core technical" production served prior to Guest Tek's document requests.  That production consisted of source code and 374 documents.  Even there, however, nearly 100 of the documents are duplicates (or very near duplicates), and many documents again relate to older Nomadix boxes that are not accused.  To provide a more concrete example of the deficiencies in Nomadix's production (and as described to you in our May 13 letter to which you have not responded), it appears Nomadix has produced only a handful of internal documents that relate to the core accused functionality with respect to the bandwidth patents in this case—i.e., documents addressing class-based queueing, weighted fair queueing and the shared unused features of the Nomadix product.  In addition, Nomadix has failed to supplement its core technical production to account for the additional functionality accused as part of the subsequently added '599 and '681 patent claims.  Finally, notwithstanding Guest Tek's paragraph 4(a) disclosures, which specifically identified versions 8.7, 8.8, 8.9, 8.10, and 8.11 of the code, Nomadix has produced only the version 8.8 code and has further failed to supplement its production to include the more recent versions 8.12 and 8.13 of the code.

Given the above, Guest Tek finds it inappropriate for Nomadix to have sat on Guest Tek's infringement contentions for eight months and now suddenly demand immediate supplementation.  Guest Tek intends to supplement its contentions in due course, but will not do so without the benefit of the discovery to which it is entitled and that Nomadix has long ago agreed to produce but has thus far failed to do so.  We request that Nomadix fully address the deficiencies summarized above, in Guest Tek's May 13 letter, and in Guest Tek's prior correspondence no later than June 5.

Regarding the schedule, we are consulting with our client regarding Nomadix's requested two-month extension and will get back to you.

Regards,
Chuck

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Wednesday, May 20, 2020 7:32 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

We have yet to hear from Guest Tek on any of the serious discovery issues Nomadix has written on in the last two weeks. Among several others, these issues include Guest Tek's starkly deficient infringement contentions and whether Guest Tek will be waiving privilege in connection with the inequitable-conduct claims. With fact discovery closing in two months, these issues need to be resolved immediately. Moreover, the parties need to start scheduling depositions beginning in June and running through July. The parties agreed that all depositions of party witnesses would take place in the United States, yet Guest Tek represented to the California court that, in light of travel restrictions on its witnesses due to the coronavirus, the June trial in that case needed to be postponed to August. Unless Guest Tek is prepared to change positions on travel of its witnesses and is also prepared to immediately address the deficiencies and other discovery issues Nomadix has raised, it seems that Guest Tek's positions require extending the case schedule by another two months. Please let us know Guest Tek's position.

Best regards,

**Mark Lezama**
Partner

mark.lezama@knobbe.com
949-721-5362 **Direct**

# Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, May 19, 2020 6:57 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

While we understand your arguments, we don't agree that they are germane or meritorious; in particular, your suggestion about Nomadix's motivation is unproductive.

As we consider your comments and discuss with our client, we are still waiting for Guest Tek to confirm that, by May 25, it will supplement its infringement contentions to address the concerns Nomadix has raised. Please respond on that front, which will help advance the discussion on Dr. Reiher.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

# Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Tuesday, May 19, 2020 5:27 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

Thank you for your email.  When the parties negotiated the protective order, there was a single family of asserted patents in the case.  Now there are three.  In addition, the purpose of the protective order provision limiting the disclosure of source code to two experts without prior consent would not be frustrated here given that Dr. Reiher already has access to the same Nomadix code through the Canadian litigation.  Further, given Dr. Reiher's familiarity with the source code and the Canadian counterpart to the asserted 681 patent, as well as the prior art that Nomadix is

asserting in both cases, Guest should be allowed to engage Dr. Reiher to serve as an expert with respect to the 681 patent in Delaware.  In light of all of the above, it would appear that Nomadix's only motivation in objecting to Dr. Reiher's access to the Nomadix code as part of the Delaware action would be to prejudice Guest Tek's ability to efficiently and cost-effectively litigate its case in Delaware.

Please let us know by this Friday whether Nomadix will consent to Dr. Rieher's access to the source code so that Guest Tek, if necessary, can contact the Court and request a hearing to resolve the matter.

Regards,
Chuck

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, May 19, 2020 7:07 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)


[External Email: Use caution when clicking on links or opening attachments.]

Charles,

Since Guest Tek has already identified Mr. Gauthier and Dr. Dordal to review source code, Guest Tek cannot share Nomadix's source code with Dr. Reiher without Nomadix's consent or the Court's permission. Nomadix does not consent at this time. If you can explain why Guest Tek needs Dr. Reiher to review as well, we would be happy to reconsider.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama


**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Friday, May 15, 2020 2:15 PM
**To:** Andrea.Cheek <Andrea.Cheek@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>
**Subject:** Guest Tek v. Nomadix (Delaware)

Counsel:

Pursuant to Section 2.5 of the Protective Order in this case (D.I. 35), please find attached the CV of Dr. Peter Reiher, as well as a signed copy of Exhibit A to the Protective Order.  In addition to Francois Gauthier and

Peter Dordal, whom we have previously identified to you, Guest Tek intends to have Dr. Reiher review HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY material pursuant to the Protective Order.

Dr. Reiher is employed as an Adjunct Professor at UCLA.  His address is:

Peter Reiher
2195 Stradella Road
Los Angeles, CA 90077

Dr. Reiher's engagements for the past three years are as follows:

- *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, Canadian Federal Court Action No. T-448-17
- *Sharp v. Bercerra*, Case No. 2:18-cv-02317, E.D. Calif
- *Gill v. C.R. Laurence Co., Inc*, Case No. BC611501, Sup. Ct. Calif, Los Angeles

Regards,

**Charles Carson**
Counsel

BakerHostetler

Washington Square
1050 Connecticut Ave, N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1771

ccarson@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT 9

**Andrea.Cheek**

| | |
|---|---|
| **From:** | Mark.Lezama |
| **Sent:** | Thursday, June 11, 2020 3:54 AM |
| **To:** | Carson, Charles C. |
| **Cc:** | Samuels, Andrew; jying@mnat.com; Swope, Michael; Lesovitz, Jeffrey; Guest-TekDE; Nomadix.Guest-Tek; Andrea.Cheek; Dorsney, Kenneth L. |
| **Subject:** | RE: Guest Tek v. Nomadix (Delaware) |

Chuck,

We disagree with your assessment that Guest Tek has identified meaningful, specific examples of documents not produced, your characterization that Nomadix has refused to address Guest Tek's points, and the implicit premise that your demand was designed to productively advance the discovery discussion and narrow issues.

As I have noted, the parties need to find a more productive way to discuss these issues. To that end, and consistent with my last e-mail, we expect to write further today with some information that we think will meaningfully advance the discussion on specific requests for production. We are waiting on some input from the client that I hope to receive by the end of the day. Guest Tek is of course free to contact the Court and represent that it believes the parties are at an impasse. But in our view both the parties and the Court would be better served if Guest Tek waited to hear what Nomadix has to say.

**Mark Lezama**
Partner
mark.lezama@knobbe.com
**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Tuesday, June 9, 2020 8:15 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

As reflected in our written correspondence regarding Nomadix's document production, we have identified over 30 specific examples of documents that Nomadix has failed to produce. To date, Nomadix has refused to address any of these specific examples, either to identify by bates number where the documents have been produced (either in the Delaware or California actions) or to assert that no such documents exist. Your vague indication that Nomadix will provide "some more targeted comments next week" – which, based on past experience, no doubt means we can expect an incomplete and inadequate partial response late this Friday evening – is insufficient. If Nomadix intends to address these issues individually and with specificity, we request that it do so in full no later than COB tomorrow. If we don't

have a detailed document-specific response that includes citations to specific bates ranges or other targeted document citations by then, we will have our local counsel reach out to coordinate a call to the Court on Thursday.

Regards,
Chuck

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Friday, June 5, 2020 9:20 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

Thanks for confirming that Guest Tek will supplement its infringement contentions by June 30 with discussion of specific references to source code. Nomadix's consent to Dr. Reiher reviewing source code was premised on receiving supplementation in June that addresses Nomadix's concerns with Guest Tek's contentions, including with detailed discussion of specific citations to the source code. We therefore take your e-mail to mean that Guest Tek will address all the concerns Nomadix raised in Andrea's May 12 letter, including: eliminating internal inconsistencies; replacing ambiguous contentions with unambiguous, specific contentions; supporting Guest Tek's assertions with detailed discussion of, and pinpoint citations to, source code so that Guest Tek's contentions do not rest on conclusory assertions; producing the testing Guest Tek is relying on and explaining exactly how it supports its contentions; and identifying the specific acts, persons, and context for each theory of infringement. If we misunderstand Guest Tek's intentions, please let us know right away. Nomadix would raise these issues with the Court immediately but for its understanding that Guest Tek's supplementation will resolve these issues.

We disagree with the assertions in your e-mail. In particular, it is not clear to us that the parties are at an impasse on Nomadix's document production or that the parties' discussions have revealed sufficiently specific disagreements to make a motion a productive exercise. Guest Tek just recently agreed to Nomadix's offer to use documents produced in the California litigation in this case, and that production includes documents Guest Tek seeks in this case. Moreover, for many requests Guest Tek acknowledges that Nomadix has produced responsive documents and does not identify any basis for believing additional responsive documents exist, yet Guest Tek suggests Nomadix's production is incomplete. While we recognize that we have made this observation before and Guest Tek has disagreed, it does not seem to us that the parties are at an impasse so much as they need to find a way to discuss these issues more productively. To that end, we intend to provide some more targeted comments next week on issues Guest Tek has raised.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

**Knobbe** Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

2

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Thursday, June 4, 2020 3:53 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

Thank you for your letter dated June 2, 2020, responding in part to our letter dated May 13 and later follow-up emails, all of which echoed concerns we've now raised for months regarding Nomadix's document production.

First, thank you for agreeing to allow Dr. Reiher access to the Nomadix source code designated under the protective order.  Guest Tek will supplement its infringement contentions by June 30 to provide specific references to the Nomadix source code and discussion of same.  We note, however, that Guest Tek's supplementation of its infringement contentions and the development of its case more generally is hampered by Nomadix's continued refusal to produce documents in this case, which we have described with specificity to you as further addressed below.

As for more recent versions of the source code, Guest Tek will supplement its paragraph 4(a) disclosures as you suggest and then coordinate with Nomadix the logistics of adding the more recent versions of the code to the laptop.  We anticipate doing that immediately after Guest Tek's June 30 supplementation.

Regarding Nomadix's document production, the parties appear to be at an impasse.  Contrary to your assertion that Guest Tek has not identified specific documents it believes are missing from Nomadix's production, this information was in fact provided to you in our four-page May 13 letter, our subsequent May 21 email, in prior correspondence dating back to 2019, and verbally during the parties' multiple meet and confers.  These are all documents Nomadix agreed in its RFP responses to produce and has never asserted do not exist.  Their absence from Nomadix's production and your refusal to address them with specificity in the parties' discovery correspondence, including your most recent June 2 letter, suggest that Nomadix has not searched for and collected the documents.  While you continue to assert vaguely that Nomadix's production is "relevant and responsive" and numbers in the "thousands" of documents, you have yet to identify by bates number any of the specific documents we've identified as missing.  Given the specificity we've already provided and your insistence that Nomadix has met its discovery obligations and that its production is complete, we believe this issue is now ripe for the Court's resolution.  Please let us know when your Delaware counsel is available to reach out to chambers to schedule a discovery conference.

Regards,
Chuck

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, June 2, 2020 10:59 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

I'm attaching a letter responding to your e-mails below, as well as regarding Dr. Reiher.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Thursday, May 28, 2020 1:08 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

As you are aware, our ability to review the Nomadix source code in our Seattle office has been severely constrained over the course of the last three months in light of the restrictions associated with the COVID-19 pandemic, which closed our Seattle office. While the office remains closed, we were able to briefly review the code this week and have confirmed that in fact versions 8.7 through 8.11 were provided to us. We do not, however, have versions 8.12 or 8.13 and request that those versions of the code be provided to us no later than June 5 as requested below.

Thank you,
Chuck

---

**From:** Carson, Charles C.
**Sent:** Thursday, May 21, 2020 5:13 PM
**To:** 'Mark.Lezama' <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Lesovitz, Jeffrey <JLesovitz@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

We have similarly yet to hear from Nomadix on the serious discovery issues Guest Tek has identified, not only in the last two weeks but dating back months.

As Guest Tek has repeatedly brought to your attention, Nomadix's discovery responses and document productions in this case demonstrate a failure by Nomadix to meet its discovery and disclosure obligations. For example, we have on

multiple occasions raised the fact that the vast majority of Nomadix's documents—i.e., nearly the entirety of the 200,000 page production last year—appear to have been recycled from an old case and, as such, appear to relate to Nomadix gateway models from years ago that are not accused in this case.  Further, because Nomadix failed to provide metadata for these documents that could be used to date them, it has taken Guest Tek months to wade through this voluminous production in an effort to confirm its apparent non-responsiveness to Guest Tek's requests.  Even Nomadix's most recent Feb 2020 production consists almost exclusively of documents dated more than a decade ago.

In terms of technical documents addressing the accused functionality in the particular gateway models at issue, the only Nomadix production that appears to have any relevance is its initial "core technical" production served prior to Guest Tek's document requests.  That production consisted of source code and 374 documents.  Even there, however, nearly 100 of the documents are duplicates (or very near duplicates), and many documents again relate to older Nomadix boxes that are not accused.  To provide a more concrete example of the deficiencies in Nomadix's production (and as described to you in our May 13 letter to which you have not responded), it appears Nomadix has produced only a handful of internal documents that relate to the core accused functionality with respect to the bandwidth patents in this case—i.e., documents addressing class-based queueing, weighted fair queueing and the shared unused features of the Nomadix product.  In addition, Nomadix has failed to supplement its core technical production to account for the additional functionality accused as part of the subsequently added '599 and '681 patent claims.  Finally, notwithstanding Guest Tek's paragraph 4(a) disclosures, which specifically identified versions 8.7, 8.8, 8.9, 8.10, and 8.11 of the code, Nomadix has produced only the version 8.8 code and has further failed to supplement its production to include the more recent versions 8.12 and 8.13 of the code.

Given the above, Guest Tek finds it inappropriate for Nomadix to have sat on Guest Tek's infringement contentions for eight months and now suddenly demand immediate supplementation.  Guest Tek intends to supplement its contentions in due course, but will not do so without the benefit of the discovery to which it is entitled and that Nomadix has long ago agreed to produce but has thus far failed to do so.  We request that Nomadix fully address the deficiencies summarized above, in Guest Tek's May 13 letter, and in Guest Tek's prior correspondence no later than June 5.

Regarding the schedule, we are consulting with our client regarding Nomadix's requested two-month extension and will get back to you.

Regards,
Chuck

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Wednesday, May 20, 2020 7:32 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

We have yet to hear from Guest Tek on any of the serious discovery issues Nomadix has written on in the last two weeks. Among several others, these issues include Guest Tek's starkly deficient infringement contentions and whether Guest Tek will be waiving privilege in connection with the inequitable-conduct claims. With fact discovery closing in two months, these issues need to be resolved immediately. Moreover, the parties need to start scheduling depositions beginning in June and running through July. The parties agreed that all depositions of party witnesses would take place in the United States, yet Guest Tek represented to the California court that, in light of travel restrictions on its witnesses due to the coronavirus, the June trial in that case needed to be postponed to August. Unless Guest Tek is prepared to change positions on travel of its witnesses and is also prepared to immediately address the deficiencies and other

discovery issues Nomadix has raised, it seems that Guest Tek's positions require extending the case schedule by another two months. Please let us know Guest Tek's position.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, May 19, 2020 6:57 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Chuck,

While we understand your arguments, we don't agree that they are germane or meritorious; in particular, your suggestion about Nomadix's motivation is unproductive.

As we consider your comments and discuss with our client, we are still waiting for Guest Tek to confirm that, by May 25, it will supplement its infringement contentions to address the concerns Nomadix has raised. Please respond on that front, which will help advance the discussion on Dr. Reiher.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Tuesday, May 19, 2020 5:27 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

Mark,

Thank you for your email.  When the parties negotiated the protective order, there was a single family of asserted patents in the case.  Now there are three.  In addition, the purpose of the protective order provision limiting the disclosure of source code to two experts without prior consent would not be frustrated here given that Dr. Reiher already has access to the same Nomadix code through the Canadian litigation.  Further, given Dr. Reiher's familiarity with the source code and the Canadian counterpart to the asserted 681 patent, as well as the prior art that Nomadix is asserting in both cases, Guest should be allowed to engage Dr. Reiher to serve as an expert with respect to the 681 patent in Delaware.  In light of all of the above, it would appear that Nomadix's only motivation in objecting to Dr. Reiher's access to the Nomadix code as part of the Delaware action would be to prejudice Guest Tek's ability to efficiently and cost-effectively litigate its case in Delaware.

Please let us know by this Friday whether Nomadix will consent to Dr. Rieher's access to the source code so that Guest Tek, if necessary, can contact the Court and request a hearing to resolve the matter.

Regards,
Chuck

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, May 19, 2020 7:07 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek@knobbe.com>; Andrea.Cheek <Andrea.Cheek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware)

[External Email: Use caution when clicking on links or opening attachments.]

Charles,

Since Guest Tek has already identified Mr. Gauthier and Dr. Dordal to review source code, Guest Tek cannot share Nomadix's source code with Dr. Reiher without Nomadix's consent or the Court's permission. Nomadix does not consent at this time. If you can explain why Guest Tek needs Dr. Reiher to review as well, we would be happy to reconsider.

Best regards,

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Friday, May 15, 2020 2:15 PM
**To:** Andrea.Cheek <Andrea.Cheek@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Cc:** Samuels, Andrew <asamuels@bakerlaw.com>; jying@mnat.com; Swope, Michael <MSwope@bakerlaw.com>; Rocci,

Steven <SRocci@bakerlaw.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>
**Subject:** Guest Tek v. Nomadix (Delaware)

Counsel:

Pursuant to Section 2.5 of the Protective Order in this case (D.I. 35), please find attached the CV of Dr. Peter Reiher, as well as a signed copy of Exhibit A to the Protective Order.  In addition to Francois Gauthier and Peter Dordal, whom we have previously identified to you, Guest Tek intends to have Dr. Reiher review HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY material pursuant to the Protective Order.

Dr. Reiher is employed as an Adjunct Professor at UCLA.  His address is:

Peter Reiher
2195 Stradella Road
Los Angeles, CA 90077

Dr. Reiher's engagements for the past three years are as follows:

- *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, Canadian Federal Court Action No. T-448-17
- *Sharp v. Bercerra*, Case No. 2:18-cv-02317, E.D. Calif
- *Gill v. C.R. Laurence Co., Inc*, Case No. BC611501, Sup. Ct. Calif, Los Angeles

Regards,

**Charles Carson**
Counsel

BakerHostetler
Washington Square
1050 Connecticut Ave, N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1771

ccarson@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore,

we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

# EXHIBIT 10

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
**T** (949) 760-0404

Mark Lezama
mark.lezama@knobbe.com

June 12, 2020

VIA E-MAIL

Charles C. Carson
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Re:     *Guest Tek Interactive Entertainment Ltd. v. Nomadix Inc.*,
        Civil Action No. 18-1394-RGA

Dear Charles:

I'm writing to continue the parties' discussion of the issues raised in your May 13 letter and subsequent e-mails regarding Nomadix's document production. As we have noted previously, Nomadix disagrees with many assertions in your correspondence.

I'll start with some high-level remarks. First, it is incongruous that Guest Tek has raised so many putative concerns with Nomadix's document production when Nomadix has produced roughly 15 times as many documents as Guest Tek. It is likewise incongruous that Guest Tek seeks more documents from Nomadix even as it complains that Nomadix has produced too many documents.

Guest Tek tries to avoid the inconsistency in its positions by asserting that Nomadix's production has not been responsive to Guest Tek's requests. That is demonstrably false. Many documents you assert are non-responsive are responsive to at least RFPs 2, 9, 14, 24, 26, 30, 31, 33, 47, 50–54, and 56–63. For example, Nomadix's production of approximately 80,000 pages of individual purchase invoices was specifically responsive to Guest Tek's RFP 31, which sought "[a]ll documents and things that refer or relate to, or embody, the sale by Nomadix of any Accused Product, including . . . invoices . . . ." Guest Tek's continued complaints regarding the volume of Nomadix's production, which is directly responsive to Guest Tek's broad document requests, are unwarranted.

Especially because they are unfounded, Guest Tek's complaints about the volume of Nomadix's production and its responsiveness are in tension with its demand that Nomadix represent that no more documents exist in any of the numerous broad, sweeping categories of documents Guest Tek has identified. Nomadix has conducted diligent searches in response to Guest Tek's requests and has already produced hundreds of thousands of pages of responsive documents. Nomadix did not withhold any nonprivileged documents it found in its searches. But to make the unqualified representation Guest Tek has asked for—that there is not a single additional responsive document in Nomadix's possession in the categories Guest Tek has identified—would require not just further searching but further broad open-ended searching not proportional to the needs of the case that would sweep in numerous documents of debatable relevance. Producing even more documents found in such disproportionate searching would then invite further allegations from Guest Tek of a document dump. The Federal Rules do not require Nomadix to conduct discovery in this manner. To help Nomadix conduct more targeted searching, Nomadix has asked Guest Tek to focus on specific documents it has a verifiable basis for believing exist and are not produced, but Guest Tek has not done so.

Despite Guest Tek's lack of cooperation, and despite the already substantial production Nomadix has made, Nomadix has been conducting additional searches consistent with the parties' ongoing obligations to supplement discovery. Nomadix has identified additional documents to produce and expects to identify a few more in the next week as it concludes this round of searches. We expect to produce these documents by the first week of July.

# Knobbe Martens

The production will include documents falling under some of the "Financial" and "Technical" categories identified in your May 13 letter.

Additionally, Guest Tek recently agreed to Nomadix's proposal from four months ago that documents produced in the California litigation be deemed usable in this case as well. Yet in your letter Guest Tek plainly does not consider the numerous documents Nomadix produced in the California litigation that are also responsive to Guest Tek's requests for production in this case.

Below, I comment more specifically on particular RFPs.

### "Financial" Documents

In your May 13 letter, Guest Tek asks for numerous categories of documents that Guest Tek did not request in its requests for production. Nomadix does not agree to search for such documents absent a proper Rule 34 request. Non-exhaustive examples of the broadening of requests for production in your letter include:

- "Third-party information related to the market for the products at issue including trade publications, articles in trade journals, trade association studies, market studies, etc."; Guest Tek cites RFP 41 as purportedly requesting these documents, but RFP 41 merely seeks "market forecasts or market analyses made by or for Nomadix";

- "strategic plans" and "competitive analyses," which are not requested in the cited RFPs (Nos. 41 and 48);

- "price lists," which are not requested in the cited RFPs (Nos. 9, 16, 33); and

- "documents reflecting product costs (e.g., COGS) including, but not limited to, information outlining production/development costs, material costs, labor costs, fixed costs, and variable costs" and "cost variances (e.g., price, quantity, labor)," which are not covered by the cited RFPs (Nos. 36, 37, 42).

To the extent the RFPs you cite in your letter do encompass the other categories of documents you list, and to the extent responsive documents have not already been produced in the California litigation, Nomadix's next production (again, expected by the first week in July) will address the responsive documents located after a reasonable, proportional search consistent with any objections Nomadix has stated.

### "Technical" Documents

- **Source Code**. Guest Tek seeks additional, newer versions of source code that have not yet been accused of infringement. The parties have agreed on a path forward in other correspondence.

- **RFPs 2, 4, 6, 61, 62, 69, 70, 71**. Guest Tek generally acknowledges Nomadix has produced responsive documents. In some cases, Guest Tek seeks documents relating to products or versions not yet accused of infringement; when Guest Tek updates its list of accused products, Nomadix will revisit these document requests. To the extent Guest Tek seeks additional types of documents, it should review the production in the California case, which includes, for example, design and development documents, documents referencing Guest Tek and OVI, and manuals for Nomadix products. To the extent your letter indicates Guest Tek seeks additional documents, conducting proportional searches for additional relevant documents will depend on Guest Tek's infringement theories. Nomadix has identified numerous deficiencies in Guest Tek's contentions, and Guest Tek has agreed to address those concerns by June 30. Nomadix will therefore revisit its production relating to these RFPs after it has a chance to review Guest Tek's supplemental infringement contentions and has an understanding of what exactly in Nomadix's products Guest Tek is accusing of infringement.

- **RFPs 26, 28**. In your May 13 letter, Guest Tek seeks "documents provided to or received from third parties that relate to potential changes to the operation, design, production or function of the accused products or any other correspondence with third parties addressing any required technical features, specifications, or features or the accused products." Your reference to "third parties" generally is broader

# Knobbe Martens

than RFPs 26 and 28, which are limited to specific types of third parties like manufacturers and suppliers. Nomadix has conducted a reasonable and proportional search for the documents you identify that fall within the scope of RFPs 26 and 28 and has not located any additional such documents.

Sincerely,

Mark Lezama

# EXHIBIT 11

GuestTek - Join GuestTek



# Why Work at GuestTek?

More than a job, build your career

# Why Work at GuestTek?

*Always Growing.*

As the Global Market leader in our industry, it is not surprising that we have more than 800 employees across the world. In the past year we have more than doubled in size and we will continue to grow, providing our current employees with ample room to grow and develop their careers. It also gives us the opportunity to hire talented individuals like yourself to our team!

*More than a Job, Build your Career.*

Growth and development are an integral part of the GuestTek culture, and continuous learning is one of the keys to our success. GuestTek employees have the opportunity to select educational and training activities which will contribute to their career growth and personal development.

*Work and Celebrate as a Team.*

At GuestTek we believe that opportunities for socializing between colleagues is fundamental to the success of a company. Our staff lounge features a gaming system and pool table for friendly matches and our quarterly pool tournaments. On Wednesdays, we provide bagels and muffins to our hard-working staff. Every month we have events like Pizza Thursday and Social Friday. In addition, we have all sorts of interdepartmental activities such as our annual Ski/Snowboard day trip, Bowling, Laser Tag & Paint ball. And let's not forget the fantastic annual events like our Holiday Celebrations. Our Global Culture team is constantly working to cultivate a cohesive culture in GuestTek offices around the world.

*You will also discover the seemingly endless career possibilities waiting for you at GuestTek in:*

- → Call Center Support Services
- → Client Relations
- → Deployments
- → Finance
- → Human Resources
- → Information Technology
- → Marketing
- → Network Engineering

Careers - Join GuestTek

 Product Management

 Research & Development

 Sales

GET IN TOUCH

#600, 777 - 8 Ave SW
Calgary, Alberta Canada T2P
3R5
E: sales.info@guest-tek.com
T: +1.403.509.1010

  

RECENT POSTS

Network Specialist
August 20, 2020

Lead Installer
June 24, 2020

An Update to Our Clients
Regarding COVID-19
March 18, 2020

ISO CERTIFIED



Copyright © 2018 Guest-tek Interactive
Entertainment Ltd.. All rights reserved.

Privacy Policy