# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jennifer Ying**
(302) 351-9243
(302) 225-2570 FAX
jying@mnat.com

Original Filing Date: September 21, 2020
Redacted Filing Date: September 29, 2020

**BY CM/ECF**

The Honorable Richard G. Andrews                    REDACTED -- PUBLIC VERSION
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, Delaware 19801

      Re:    *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*
            C.A. No. 18-1394 (RGA)

Dear Judge Andrews:

    Plaintiff Guest Tek respectfully submits this letter to request clarification of the Court's instructions to Guest Tek during the September 3, 2020 discovery conference (D.I. 118 at 21:10-12) for it to "promptly" take a Rule 30(b)(6) deposition on Nomadix's financial information. The parties met and conferred via email and verbally on September 18, 2020, but have been unable to reach agreement, thus necessitating this request.

    Defendant Nomadix disagrees with Guest Tek's premise that the Court ordered it to take any deposition at the September 3 hearing. Since Guest Tek nonetheless insisted on submitting this letter without the parties having previously briefed the issue and followed normal procedures, Nomadix has provided its response at the end of this document.

**Guest Tek's Position**

    During the discovery conference, the Court addressed Guest Tek's request to compel Nomadix to produce financial information about its accused products. D.I. 118 at 9:12-21:18. In doing so, the Court noted that "I find it hard to believe that a business that . . . has revenues . . . in the [REDACTED] [only has] one page of . . . financial analysis." *Id*. at 18:23-19:2. It then instructed Guest Tek to "do a 30(b)(6) deposition" and "find out if there are any other documents" in Nomadix's possession. *Id*. at 19:5-7. The Court also instructed Guest Tek to "find out whether [Nomadix's] underlying data system, how easily manipulable it is," and "if it turns out that . . . [Nomadix] can produce th[e requested financial information], . . . [the Court is] going to order them to produce it." *Id*. at 21:3-8. Notably, as to the deposition, the Court instructed Guest Tek to "do it promptly." *Id*. at 21:10-12.

The Honorable Richard G. Andrews
September 21, 2020
Page 2

Following the Court's instructions, Guest promptly served a limited, five-topic 30(b)(6) deposition notice on September 9 that was narrowly tailored to the information that the Court identified during the hearing (e.g., whether Nomadix has other financial documents or can obtain the requested financial data from its data system). D.I. 121, Schedule A, at 2. Guest Tek intends to use the information obtained during the deposition to prepare and serve a final Rule 30(b)(6) notice on all remaining financial and technical topics. Guest Tek understood the Court's instructions to contemplate this order of deposition—that is, Guest Tek would "promptly" take a deposition on what financial information Nomadix has, and then once Guest Tek has all of the requested financial information, Guest Tek would take a comprehensive deposition on the substance of that information and any other remaining topics.

Nomadix, however, has refused to comply with Guest Tek's first deposition notice. According to Nomadix, it is only required to designate witnesses in response to a single, comprehensive 30(b)(6) notice that included all topics on which Guest Tek would seek testimony in the case. *See* Ex. A (emails between parties' counsel discussing Nomadix's refusal to designate a witness in response to Guest Tek's first 30(b)(6) notice). In other words, Nomadix apparently believes that the Court's instructions meant that Guest Tek must promptly serve a single, comprehensive 30(b)(6) notice on all financial, technical, and other topics on which Guest Tek intends to depose Nomadix.[1] But that is inconsistent with the Court's instructions, and would be extremely prejudicial to Guest Tek.

For example, fact discovery is not over until mid-November, and Nomadix has not fully responded to Guest Tek's discovery requests or completed its document production.[2] Guest Tek should not be required to notice or conduct a comprehensive 30(b)(6) deposition before discovery is complete, and Guest Tek does not believe that the Court intended it to do so. Moreover, Guest Tek needs the testimony it obtains in response to its first 30(b)(6) notice to prepare deposition topics regarding the substance of Nomadix's financial data. Guest Tek should not have to prepare a full set of deposition topics regarding Nomadix's financial data before having a complete picture of what data Nomadix actually has.

For these reasons, Guest Tek respectfully requests clarification of the Court's instructions during the discovery conference, *i.e.,* whether the Court contemplated that Guest Tek promptly take a limited deposition on what financial information Nomadix has, followed by a subsequent deposition before fact discovery closes on the substance of that information and any other remaining 30(b)(6) topics.

---

[1] To accommodate Nomadix, Guest Tek even proposed conducting the narrow deposition under the first 30(b)(6) notice by video conference and limiting it to a specific amount of time (e.g., no more than two hours). But Nomadix rejected that proposal without providing any reason.

[2] Indeed, during the parties' September 18th meet and confer, Nomadix's counsel indicated that Nomadix had not fully completed its document production and was still searching for additional documents in response to Guest Tek's discovery requests.

The Honorable Richard G. Andrews
September 21, 2020
Page 3

**<u>Nomadix's Position</u>**

Guest Tek seeks to take a first Rule 30(b)(6) deposition of Nomadix on a wide variety of topics, including, but not limited to: Nomadix's financial and accounting systems; information obtainable from those systems with respect to unit sales, revenues, costs/expenses, and profit associated with the Accused Products; and any reports or presentations to management, investors, or shareholders with revenue, cost/expenses, or profit information associated with the Accused Products; and Nomadix's responses to certain requests for production. After this supposedly "limited" deposition, Guest Tek plans to serve an additional 30(b)(6) notice with an even more comprehensive list of topics.

The Court should reject Guest Tek's attempt to withhold its full list of topics for the deposition of Nomadix. Contrary to Guest Tek's accusation, Nomadix has not refused to comply with Guest Tek's first deposition notice. Nomadix merely asks that Guest Tek provide its full list of topics for the deposition of Nomadix, so that Nomadix can identify an appropriate designee or designees and prepare them for a deposition once rather than multiple times. The person who Nomadix chooses to designate for the financial topics in Guest Tek's current 30(b)(6) notice may also be an appropriate designee for other topics, such as market characteristics and sales channels, that Guest Tek is almost certain to include in the second 30(b)(6) notice that it plans to serve after the 30(b)(6) deposition it presently wishes to take. That person should not have to prepare as a corporate representative for two different depositions.

The Federal Rules prohibit the serial 30(b)(6) depositions that Guest Tek seeks to take. Under Rule 30(a)(2)(A)(ii), a party must obtain the permission of the court or opposing party to depose a deponent twice. That Federal Rule applies equally to depositions of a corporation under Rule 30(b)(6). *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 234 (E.D. Pa. 2008); *accord In re Lincoln Nat'l COI Litig.*, No. 16-CV-6605-GJP, 2019 WL 7582770, at *2 (E.D. Pa. July 15, 2019), *opinion adopted*, No. 16-CV-06605-GJP, 2019 WL 3940912 (E.D. Pa. Aug. 21, 2019). As the court in *State Farm* noted, corporations are prejudiced when subjected to serial depositions:

> Taking serial depositions of a single corporation may be as costly and burdensome, if not more so, as serial depositions of an individual. In both cases, each new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony. In addition, allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last.

254 F.R.D. at 235.

At the hearing on September 3, the Court did not grant Guest Tek leave to take multiple depositions of Nomadix. That issue was not before the Court, as Guest Tek had not even noticed any depositions at that point. Instead, in the context of Guest Tek's motion to compel documents,


The Honorable Richard G. Andrews
September 21, 2020
Page 4

the Court brainstormed other avenues of getting that discovery. (D.I. 118 at 9:6-22:4.) During that discussion, both the Court and Guest Tek's counsel indicated that the Court's reference to taking a 30(b)(6) deposition was a suggestion. (D.I. 118 at 19:4-6 (the Court stating, "because there's limits to what I can do is I was going to suggest, you know, do a 30(b)(6) deposition and find out if there are any other documents"); *id*. at 20: 1-2 (counsel for Guest Tek responding, "I take your suggestion that there be a 30(b)(6) deposition").) Though Guest Tek now frames that suggestion as an instruction of the Court, Guest Tek did not propose including that suggestion in the parties' proposed order memorializing the Court's rulings at the September 3 hearing (Ex. 1), and conceded it was a "separate issue" (Ex. 2). Moreover, the Court never suggested that the 30(b)(6) deposition be just the first of multiple 30(b)(6) depositions.

The Federal Rules prohibit the "wait-and-see" approach to Nomadix's deposition that Guest Tek proposes. Guest Tek states that it intends to use the information obtained during its proposed deposition to then prepare and serve a "final" Rule 30(b)(6) notice on all remaining financial and technical topics. In *State Farm*, the court granted a protective order preventing additional 30(b)(6) depositions on issues the deposing party chose not to notice previously, reasoning:

> [T]he Federal Rules do not contemplate the "wait-and-see" approach to discovery taken by [parties]. Such an idiosyncratic approach would permit [parties], without having demonstrated any good cause for doing so, to avoid drafting a comprehensive notice of deposition and instead conduct depositions seriatim, thereby shifting costs to the opposing side, which would be forced to expend resources preparing for several Rule 30(b)(6) depositions, instead of one.

254 F.R.D. at 235–36 (granting motion for a protective order). This Court should reject Guest Tek's similar attempt to avoid drafting a comprehensive notice of deposition and shift costs to Nomadix.

Guest Tek's claims of prejudice fail to justify its refusal to provide a full list of 30(b)(6) deposition topics. Although Guest Tek complains that discovery is not yet complete, fact discovery was set to close tomorrow, September 22, 2020 (D.I. 99), until the Court extended that deadline at the hearing on September 3 (D.I. 108). Guest Tek further complains that Nomadix has not completed document production and speculates that Nomadix has not fully responded to discovery requests. Contrary to Guest Tek's suggestion, while Nomadix may produce additional documents, Nomadix did not state it was actively searching for additional documents. In any event, Guest Tek has not completed its document production or fully responded to Nomadix's discovery requests, but that did not stop Nomadix from providing a comprehensive list of 30(b)(6) deposition topics, which it served on August 31 (D.I. 113); since then Guest Tek has made two document productions and responded to two sets of interrogatories (D.I. 125, 126), and Nomadix expects additional supplementation. There is simply no reason that, at this final stage of fact discovery, Guest Tek should be unable to serve a comprehensive set of 30(b)(6) deposition topics.

The Honorable Richard G. Andrews
September 21, 2020
Page 5

      Accordingly, the Court should require Guest Tek to provide all topics for its deposition of Nomadix, so that Nomadix can identify an appropriate designee or designees for all topics. However, if the Court is inclined to permit Guest Tek to take a first deposition of Nomadix before disclosing its full list of topics, then the Court should permit Nomadix the same benefit and grant Nomadix leave to take a first deposition of Guest Tek regarding its documents, systems, reports, and responses to requests for production, before the more comprehensive 30(b)(6) deposition Nomadix has already noticed.

<center>*   *   *</center>

      Counsel is available should the Court have any questions.

      Respectfully,

      */s/ Jennifer Ying*

      Jennifer Ying (#5550)

JY/bac

cc:    All Counsel of Record