TAB 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| Guest Tek Interactive Entertainment Ltd. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 18-1394 (RGA) |
| Nomadix, Inc. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Single Digits, Inc. 4 Bedford Farms Dr., Ste 210, Bedford, NH 03110
c/o registered agent: Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Morris, Nichols, Arsht & Tunnell LLP 1201 N. Market St., 16th Fl Wilmington, DE 19801 | Date and Time: 10/26/2020 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/12/2020

| CLERK OF COURT | | |
|---|---|---|
| | OR | /s/ Jennifer Ying |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Guest Tek Interactive Entertainment, Ltd. , who issues or requests this subpoena, are:

Jennifer Ying, Morris, Nichols Arsht & Tunnel LLP, 1201 N. Market St., 16 Fl., Wilmington, DE 19801; 302-351-9243; jying@mnat.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  18-1394 (RGA)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

## EXHIBIT A

## DEFINITIONS

1.      "Nomadix" means Nomadix, Inc., including but not limited to all its past or present agents, officers, directors, principals, employees, representatives, counsel, partners, predecessors, affiliates, subsidiaries, divisions, parents or related entities, and shall be construed liberally throughout these requests to refer to the business of Nomadix, Inc.

2.      "Guest Tek" mean Guest Tek Interactive Entertainment Ltd.

3.      "This Action" means the civil action titled Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc., Civil Action No. 18-1394 (RGA), pending in the United States District Court for the District of Delaware.

4.      "Accused Products" includes any Nomadix Access Gateway ("AG"), including, but not limited to, the Nomadix Access Gateway 2400 (the "AG 2400"), the Nomadix Access Gateway 2500 (the "AG 2500"), the Nomadix Access Gateway 5600 (the "AG 5600"), the Nomadix Access Gateway 5800 (the "AG 5800"), the Nomadix Access Gateway 5900 (the "AG 5900"), and the Nomadix Edge Gateway 6000 (the "EG 6000"), which has had installed thereon, or presently has installed thereon, and/or has been running or is running, at least any of Version 8.7, Version 8.8, Version 8.9, Version 8.10, Version 8.11, Version 8.12, Version 8.13, and/or Version 8.14 of the Nomadix Service Engine ("NSE") Software, and any other later version of the NSE Software that includes the same or similar functionality.

5.      "Asserted Patents" means U.S. Patent Nos. 8,255,681, 9,154,435, and 9,871,738.

6.      "Person" means any natural person or any business, legal or governmental entity or association, firm, trading exchange, or other entity of whatever kind, nature, or description.

7.      "And" includes "or" and vice versa.

8.      The singular includes the plural and vice versa.

9.      "Relating," "relating to," and "related to" means in whole or in part affecting, concerning, constituting, containing, embodying, reflecting, involving, describing, analyzing, identifying, mentioning, stating, dealing with, comprising, or in any way pertaining to that subject, and shall be interpreted so as to encompass the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(l).

10.     "Document" or "documents" is used in the broadest possible sense, and includes: (a) any and all printed, written, taped, recorded, graphic, computerized printout, electronically stored, or other tangible matter of materials, from whatever source, however produced or reproduced or capable of being produced, whether in draft form or otherwise, whether sent or received or neither, including all writings, confirmations, wire transfers, correspondence, electronic mail communications, letters, papers, notebooks, statements, representations, affidavits, opinions, transcripts, summaries and

recordings of telephone and other conversations or of interviews or of conferences, video and audio tapes and records of any kind, telegrams, telexes, facsimiles, cables, contracts, proposals, agreements, minutes, notations, typed or handwritten notes, memoranda, analyses, projections, studies, evaluations, work papers, books, records, reports, diaries, journals, questionnaires, financial records, books of account, checks, check stubs, lists, logs, ledgers, spreadsheets, statistical records, brochures, sales and marketing materials, pamphlets, advertisements, circulars, press releases, calendars, graphs, charts, organization charts, sketches, diagrams, maps, drawings, photographs, microfilms, telephone logs, messages, films, summaries, digests, financial statements, computer-readable data compilations, and all other information or data records or compilations from which information or data records or compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, including all underlying, supporting, or preparatory material and all information on computer drives or diskettes; (b) any and all originals, drafts, and copies that differ in any material respect from the original, including, without limitation, all marginal comments that appear on such documents; and (c) all attachments, enclosures, or documents affixed to or referenced in such documents.

11.     "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

12.     "Single Digits", You", "Your" and "Yourself" mean Single Digits, Inc., including but not limited to all of its past or present agents, officers, directors, principals, employees, representatives, counsel, partners, predecessors, affiliates, subsidiaries, divisions, parents or related entities, and shall be construed liberally throughout these requests to refer to the business of Single Digits, Inc.

13.     Electronically Stored Information ("ESI") includes without limitation:

a.      information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail; internal or external web sites;

b.      output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages or online bulletin boards, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside, regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment;

c.      activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, a personal digital assistant (Palm Pilot, Blackberry, Treo or similar device) and file folder tabs, or containers, and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

## INSTRUCTIONS

1.      These Requests are to be regarded as continuing in nature, so that further and more complete and supplemental responses must be served immediately if You obtain further, more complete, or new information or documents prior to the final disposition of this matter.

2.      Unless otherwise specified, these Requests require the production of all responsive documents and things in Your possession, custody or control, or any and all Persons acting on Your behalf.

3.      All documents and things produced in the response to these Requests shall either (a) be organized and labeled to correspond with the number of the Request to which the documents are responsive, or (b) be produced as they are kept in the usual course of business and shall be presented in the file folder, envelope, or other container in which the documents are maintained.

4.      Documents in electronic format may be produced in electronic format on computer disk(s) in the original electronic file format(s) of the documents.

5.      All documents and things which cannot be legibly copied must be produced in their original form.

6.      If no documents or things responsive to a particular document request exist or are within Your possession, custody or control, You must state so in Your response to these Requests.

7.      All documents and things shall be produced in such fashion as to identify the individual in whose possession they were found and the position and business address of such person.  Documents and things found among common files that are not associated with a particular individual shall be produced in such fashion as to identify in as much detail as possible the department, branch or office in which they were found.

8.      All documents and things requested herein shall be produced in their entirety without deletion, redaction, or excisions, except as qualified by Instruction 9, regardless of whether You consider the entire document or thing responsive.  If You have redacted any portion of the document or thing, stamp the word "REDACTED" beside the redacted information on each page of the redacted document or thing.

9.      If You claim attorney-client privilege, work-product protection, or any other privilege or protection over any document, communication, or item of information, You are instructed to serve together with Your responses hereto a separate privilege log or other list that provides the following information for each documents, communication, or item of information over which You claim a privilege or protection:

> a.      The author or originator, the recipient, and all indicated or known recipients of the document, communication, or item of information, providing for each such person his or her title, if any, and an identification stating whether he or she is an attorney;

3

b.      The date of the document, communication, or item of information;

c.      The nature and basis of all privileges or protections claimed;

d.      A brief summary of the subject matter of the document, communication, or item of information, sufficient to allow for an evaluation of the basis for the claim of privilege or protection.

10.     If You object to any Request on other grounds, You are instructed to produce documents in response to the Request as narrowed to conform to Your objection within the period allowed for a response and to state in Your response (a) how You narrowed the Request, and (b) the reason why You object to the Request.

11.     All documents produced should be numbered sequentially with a unique number on each page and with a prefix identifying the party producing the document.

12.     With respect to ESI:

a.      All electronic mail and spreadsheets responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

b.      All other documents responsive to these requests that are maintained in the usual course of business in electronic format shall be produced in properly unitized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

c.      All documents responsive to these requests shall be produced with the metadata normally contained within such documents, and the necessary Concordance load files. If such metadata is not available, each document shall be accompanied by a listing of all file properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the document.

d.      Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide

4

detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

13.     If a document or thing that once existed has subsequently been lost, destroyed or is otherwise unavailable, provide sufficient information to identify the document, describe its contents, explain how and when it was lost or destroyed, and identify the person who last possessed the document or thing.

14.     To the extent that you believe that any information sought by the following requests is confidential, you may designate the information in accordance with the Protective Order entered in this Action, a copy of which is attached as Exhibit 1.

## REQUEST NO. 1

All documents and things, including but not limited to emails and other correspondences, relating to, addressed to or from, or mentioning: (a) the Accused Products; (b) the Asserted Patents; (c) Nomadix; (d) Guest Tek; and/or (e) This Action.

## REQUEST NO. 2

All agreements, licenses, or other written contracts between You and Nomadix.

## REQUEST NO. 3

All documents and things describing, comprising, referring to, or relating to any testing of any of the Accused Products that You or anyone else performed for or on behalf of Yourself, Nomadix, any customer or end-user of Nomadix, Marriott, and/or any other hotel establishment.

## REQUEST NO. 4

All documents and things describing, comprising, referring to, or relating to any statement of work, purchase order, contract, or other agreement relating to any of the Accused Products and to which Single Digits was a party.

## REQUEST NO. 5

All documents and things describing, comprising, referring to, or relating to purchasing or offering to purchase, selling or offering to sell, licensing or offering to license, ownership of, installing, using, practicing, or configuring any of the Accused Products.

**REQUEST NO. 6**

All documents and things describing, comprising, referring to, or relating to any training related to any of the Accused Products either provided by Nomadix to Single Digits or provided by Single Digits to any third-party.

**REQUEST NO. 7**

Documents sufficient to identify all customers, including hotels and other hospitality clients, of Single Digits that have purchased, leased, licensed, and/or used any of the Accused Products.

**REQUEST NO. 8**

All agreements, licenses, or other written contracts between You and a third-party that relate to any of the Accused Products.

**REQUEST NO. 9**

All documents comprising, describing, referring to, or relating to any research, design, development, coding, testing, implementation, or marketing of any the Accused Products.

**REQUEST NO. 10**

All documents comprising, describing, referring to, or relating to the operating status, device configuration, and/or settings of any Accused Products installed and/or maintained by Single Digits.

**REQUEST NO. 11**

All documents comprising, describing, referring to, or relating to the network configuration, including all components thereof, for any Accused Products installed and/or maintained by Single Digits.

**REQUEST NO. 12**

All documents comprising, describing, referring to, or relating to the set-up, installation, enablement, use, operation, maintenance, support, and troubleshooting of the Accused Products.

**REQUEST NO. 13**

All documents comprising, describing, referring to, or relating to the enablement and/or use by You, your customers or end-users, or any other Person of the Class Based Queueing ("CBQ"), Share Unused (Bandwidth), Distribution of Unused Bandwidth, VLAN, VLAN ID, VLAN tagging, and/or Proxy Arp for Device features or functionality of the Accused Products.

**REQUEST NO. 14**

All documents comprising, describing, referring to, or relating to demand for and feedback regarding the Class Based Queueing ("CBQ"), Share Unused (Bandwidth), Distribution of Unused Bandwidth, VLAN, VLAN ID, VLAN tagging, and/or Proxy Arp for Device features or functionality of the Accused Products.

**REQUEST NO. 15**

All communications with Nomadix, distributors, customers, end-users, and/or any other Person regarding the Class Based Queueing ("CBQ"), Share Unused (Bandwidth), Distribution of Unused Bandwidth, VLAN, VLAN ID, VLAN tagging, and/or Proxy Arp for Device features and functionality of the Accused Products.

**REQUEST NO. 16**

All documents comprising, describing, referring to, or relating to a "Summary of Configuration Settings" for all Accused Products installed and/or maintained by Single Digits.

**REQUEST NO. 17**

All documents comprising, describing, referring to, or relating to Single Digit's awareness of, participation in, communications regarding, efforts to meet or comply with, and possession of

any documents relating to any hotel standards for high speed internet access services including but not limited to, for example, Marriott International, Inc.'s Global Property Network Standards and Hilton Worldwide's Global Guest Internet Access Standards.

**REQUEST NO. 18**

All documents comprising, describing, referring to, or relating to testimonials, complaints, reviews, feedback, and/or surveys regarding the Accused Products received by You from Nomadix, customers, end-users or other Persons.

**REQUEST NO. 19**

All documents comprising, describing, referring to, or relating to any efforts to modify or improve any of the Accused Products, whether by Nomadix, You, or other Persons.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GUEST TEK INTERACTIVE                  )
ENTERTAINMENT LTD.,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )   C.A. No. 18-1394 (RGA)
                                       )
NOMADIX, INC.,                         )
                                       )
            Defendant.                 )

## [PROPOSED] PROTECTIVE ORDER

        In order to expedite the flow of discovery materials, facilitate the prompt resolution of

disputes over confidentiality of discovery materials, adequately protect information the parties

are entitled to keep confidential, ensure that only materials the parties are entitled to keep

confidential are subject to such treatment, and ensure that the parties are permitted reasonably

necessary uses of such materials in preparation for and in the conduct of trial, the parties have

agreed to be bound by the terms of this Protective Order in this action.  Accordingly, pursuant to

Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**1.      DESIGNATION OF PROTECTED MATERIAL**

        1.1     This Protective Order shall govern all documents and other products of discovery

obtained by the parties from one another, and from third parties, all information copied or

derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including

documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure,

answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits,

declarations, expert reports, and other such material and information as may be produced during

the course of this litigation.

1.2     In connection with discovery proceedings in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" (collectively referred to as "Protected Material").

(a)     A party may designate as "CONFIDENTIAL" any information, document, or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(7) used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b)     A party may designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of current products; technical, business, and research information regarding future products; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

(c)     A party may designate material as "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" if and only if: (1) it is, or it contains, non-public source code; or (2) it is, or it contains, public source code used in a producing party's

product (whether commercially released or developmental) and such use of such public source code in the producing party's product is (a) not publicly known or (b) a trade secret. The term "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material" shall refer to any material designated "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY," to any copies thereof, and to the information contained in such material or such copies, including summaries of such information.

1.3     The following information shall not be designated or protected under this Protective Order:

(a)     Information that is in the public domain at the time of disclosure, including patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements;

(b)     Information that at any time is made public through no act of a non-designating party;

(c)     Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(d)     Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.4     Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each

page of the document, paper or thing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE –
RESTRICTED ACCESS ONLY", as appropriate, and indicating the identity of the producing
party (e.g., through the use of an identifying prefix to the document identification (Bates)
number). With respect to materials produced in native electronic format, the producing party
may designate the materials as Protected Material by specifying the designation on or in a slip
sheet, electronic container, physical tag, or something similar in a manner designed to give clear
notice of the designation.

1.5     In the event a party may make available certain of its files for inspection by
another party, which files may contain non-confidential material as well as material that may be
subject to protection under this Protective Order, with the intent that following such inspection
the inspecting party will designate certain of the inspected documents to be copied and furnished
to it, such files need not be marked with either confidentiality designation in advance, but shall
all be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials.
Only those persons identified in paragraph 2.2 below as permitted to view HIGHLY
CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY materials may be present at any such
inspection.  When the producing party copies the documents to furnish to the inspecting party,
the producing party shall mark Protected Material with the appropriate confidentiality
designation to the extent warranted under paragraph 1.2.

1.6     Whenever a deposition involves a disclosure of Protected Material, the following
procedures shall apply:

(a)     Any party may designate any portion or all of a deposition as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or

4

"HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the appropriate confidentiality designation on each page of the transcript that contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(b) Any party may also designate any portion or all of a deposition as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" by notifying the other parties separately in writing within thirty days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. Absent written agreement of the parties, all information disclosed at a deposition and all information contained in deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

## 2. ACCESS TO AND USE OF PROTECTED MATERIAL

2.1 Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used by the receiving party solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed by the receiving party only as provided in the following paragraphs.

2.2    Information which, in this action, has been designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY may be disclosed only to:

(a)    The outside attorneys of record and their employees who are engaged in assisting in this action, but excluding any persons participating in the prosecution of any present or future patent application (including post-grant proceedings, such as reexamination or reissue, relating to any present or future patent in which modification of the patent (or related application) is sought, such as by amending or adding claims) that is a counterpart to or related to the patents-in-suit ("participating" in such prosecution includes, e.g., preparing or reviewing patent applications, reviewing office actions, preparing or reviewing responses to office actions, and engaging in any discussion or other communication regarding the scope or validity of any claims in such patent applications or in the patents that are the subject of such reexamination or reissue); provided that this exclusion does not apply to persons whose involvement with the prosecution of such patents or patent applications is limited to administrative oversight for billing or project assignment purposes;

(b)    Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, patent experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but (1) only subject to the provisions of paragraph 2.5 below and (2) excluding any persons participating in the prosecution of any present or future patent application (including post-grant proceedings, such as reexamination or reissue, relating to any present or future patent in which modification of the patent (or related application) is sought, such as by amending or adding claims) that is a counterpart to or related to the patents-in-suit ("participating" in such prosecution includes, e.g., preparing or reviewing patent applications,

6

reviewing office actions, preparing or reviewing responses to office actions, and engaging in any discussion or other communication regarding the scope or validity of any claims in such patent applications or in the patents that are the subject of such reexamination or reissue); provided that this exclusion does not apply to persons whose involvement with the prosecution of such patents or patent applications is limited to administrative oversight for billing or project assignment purposes; for the sake of clarity: "independent consultants or experts" excludes all employees, directors, and officers of the receiving party, whether current or former;

(c)     The Court and its personnel;

(d)     Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(e)     Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel;

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information;

(g)     the producing party, including any person affiliated with the producing party for purposes of this litigation (such as experts and designees under Federal Rule of Civil Procedure 30(b)(6)); and

(h)     any other person agreed to by the producing party in writing.

2.3     Information which, in this action, has been designated as CONFIDENTIAL may be disclosed only to:

(a)     The persons identified in paragraphs 2.2(a)-(h) above; and

(b)     Any party or employee of a party to whom disclosure is reasonably necessary for this litigant and litigation who has signed the "Agreement to Be Bound by

7

Protective Order" in Exhibit A.

2.4     Information which, in this action, has been designated as HIGHLY
CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY may be disclosed only
to the persons identified in paragraphs 2.2(a)–(h) above, and in addition to the remaining
provisions of this Protective Order (including but not limited to Sections 2.5 and 2.6), is further
subject to the provisions of Section 3 below.

2.5     Protected Material shall be disclosed to consultants and experts only upon the
following terms:

(a)     Prior to any disclosure, the consultant or expert shall be identified in
writing to the other parties' counsel by name, address, and corporate, business or other
professional affiliation or employment, together with a copy of the expert's *curriculum vitae* and
a list of the expert's litigation or consulting engagements for the past three years;

(b)     Unless another party notifies the proposing party of any objection and that
objection is received within five business days after notification (by fax, by email, or by
overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected
Material pursuant to the terms and conditions of this Protective Order;

(c)     In the event of a timely objection, which shall be made in good faith and
on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to
the consultant or expert until the objection has been resolved between the parties or ruled upon
by the Court;

(d)     The parties shall meet and confer in good faith to resolve the dispute
without calling upon the intervention of the Court.  Should the parties be unable to resolve the
dispute, the parties shall raise the dispute in accordance with the Court's discovery dispute

procedures as set forth in the Scheduling Order.  The objecting party bears the burden of showing why the proposing party should be precluded from disclosing Protected Material to the consultant or expert.  The proposing party may not disclose Protected Material to the consultant or expert until resolution of the dispute, either by agreement of the parties or by resolution of the Court; and

        (e)    No party shall use its right to object to a proposed consultant or expert to interfere with the ability of another party to prepare for trial through the use of consultants and experts.

        2.6    Prior to receiving any Protected Material, any persons described in sections (b), (d), or (e) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A.  A copy of the signed Agreement shall be served on the producing party as well as maintained by counsel for the party providing such access.

        2.7    If the Receiving Party wishes to utilize Protected Material designated by the producing party as an exhibit in the deposition of a third party or otherwise wishes to disclose such Protected Material to the third-party deponent at the deposition, and if such disclosure is not authorized by another section of this Protective Order, the Receiving Party shall notify the Producing Party in writing of that request at least ten (10) days in advance of the scheduled deposition.  Should the Producing Party not consent to the proposed use, the Producing Party must provide its objection in writing within three (3) business days of the Receiving Party's request.  Should the parties be unable to reach agreement, they shall follow the Court's discovery dispute procedure as outlined in the Scheduling Order or order of the Court.

2.8     Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any hearing or at trial.  However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party and provide that party with an opportunity to object and/or to ask the Court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.).

2.9     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.

2.10    All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

## 3.     ADDITIONAL RESTRICTIONS ON HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY MATERIAL

3.1     To the extent that any receiving party is permitted to electronically maintain HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, such receiving party shall maintain such HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s), or other media.  The receiving party shall restrict access to the password(s) or decryption key(s) used to unlock the encrypted media and shall store such password(s) or decryption key(s) securely.  Upon request, the receiving party shall provide the producing party

with a list of the persons with access to such password(s) or decryption key(s) so long as, in the 12 months preceding such request, the producing party has made no request for such a list that the receiving party complied with. The receiving party must use one of the following: (1) an encryption scheme and password/decryption key that the producing party used or (2) an encryption scheme and tool that the producing party approves of in writing and a randomized password/decryption key that is at least 20 characters long.

3.2     Regardless of the encryption tool used, the receiving party must keep the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material in an encrypted and inaccessible state whenever possible. For example, if an encrypted virtual drive (or volume) is used, then the receiving party shall maintain the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material only in the encrypted virtual drive, such that, to the greatest extent possible, the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material is decrypted only in random-access memory (RAM); additionally, the receiving party shall mount and unlock the encrypted virtual drive containing the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material only as needed to review the code; when a review session is over, the drive shall be dismounted.

3.3     Regardless of how a producing party produces HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, the receiving party shall store and conduct any review of any HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material in a locked room at the offices of its outside attorneys of record and only in such a locked room. The receiving party shall restrict access to the key(s) used to unlock any such room and shall store such key(s) securely; upon request, the receiving party shall

provide the producing party with a list of the persons who have had access to such key(s) so long as, in the 12 months preceding such request, the producing party has made no request for such a list that the receiving party complied with.  The receiving party shall mark each and every entrance to the locked room with an "Access Restricted" notice.  The receiving party shall maintain a log of all persons entering any such room to view HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material and shall provide a copy of the log to the producing party upon request.

3.4    Regardless of how a producing party produces HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, the receiving party may electronically access such HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material only from a computer that is not connected to the Internet or to a network, that is password-protected, and that is kept in a locked room as described in paragraph 3.2 of this order.  The receiving party shall securely store the password(s) used to protect any such computer and shall restrict access to such password(s) to the same individuals who have access to the password(s) or decryption key(s) used to unlock encrypted media.

3.5    Upon request of the receiving party, the producing party shall print for the receiving party limited portions of previously produced HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material as reasonably requested to facilitate the receiving party's furtherance of its claims and defenses.  The producing party shall provide the requested printouts such that they are received by the receiving party within the later of four calendar days or three business days of such a request.  The printouts shall be either in paper form or in electronic (e.g., pdf or similarly usable) form.  Notwithstanding this Protective Order, each of the receiving and producing parties is free to confer with the other party to seek

modification of this provision in the event that the process proves unsatisfactory to that party. In the event that the parties cannot reach agreement, either party may seek resolution through the Court using the Court's discovery dispute resolution procedures as set forth in the Scheduling Order.

3.6     Nothing in this Protective Order prevents the parties from including HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material in court filings in this action made under seal or from preparing exhibits including HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material to be used in expert reports or at depositions, hearings, trial, mediation, or other proceedings in this action.

3.7     Except as permitted in writing by the producing party, the receiving party shall not electronically transmit any of the producing party's HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material in any way from the offices of its outside attorneys of record.     The receiving party may make electronic copies of HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material only to the extent reasonably necessary to facilitate the receiving party's furtherance of its claims and defenses in this action (and only if in making and maintaining such copies the receiving party continues to comply with all other provisions of this Protective Order).     Non-exhaustive examples of permissible reasons for making electronic copies include making copies for back-up purposes or so that a receiving party may electronically annotate a copy of the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material.

3.8     A receiving party may transmit or transport HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material only as follows:

        (a)     if physically lodged or filed with the Court in this action, served upon any

13

party, or sent to any other person authorized under this order to receive HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material must be sent in a sealed container via an established overnight, freight, delivery, or messenger service; or

(b)     if the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material is physically transported for any other purpose, then the receiving party must retain physical custody and control of the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material at all times and must store it in a locked, secure place. A receiving party must notify the producing party immediately upon learning that the transported HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material did not reach its intended destination.

(c)     For clarity: With respect to subparagraphs (a) and (b), the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material must be transported on encrypted media.

3.9     Notwithstanding paragraphs 3.1 through 3.8 above, and to the extent authorized to receive HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, a receiving party's outside attorneys of record may store transcripts, recordings, and exhibits (including those associated with depositions, trial, or other proceedings featuring testimony) designated "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" on non-encrypted media and may electronically access them from a computer that is connected to the Internet or a network, provided that such exhibits include only limited excerpts of HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, and provided that access to such transcripts, recordings, and exhibits is restricted to a

limited number of people or users within such outside attorneys' firm who are authorized under this Protective Order to review HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, where such restriction is implemented by password or by privileges set by an administrator. Nothing in this order precludes a receiving party from storing on non-encrypted media and accessing from a computer that is connected to the Internet or a network any document whose portions designated "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" have been redacted or otherwise removed.

3.10    The producing party may produce HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material on a computer (the "Review Computer") with security features designed to aid the receiving party's compliance with this Protective Order.  If the producing party elects this option, the receiving party must keep and review the HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material only on the Review Computer, must not export any HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material from the Review Computer, and must not attempt to change the Review Computer's configuration or otherwise attempt to circumvent the Review Computer's security features.  The receiving party must return the Review Computer to the producing party no later than thirty-five days after termination of this action.  In the event that the producing party provides such a Review Computer, the parties will work together as needed to load appropriate source-code-review software on the computer.

3.11    Securely storing passwords and keys (including physical keys to locked doors) requires, among other security measures, storing them in locations separate from the device or room they are used with.

3.12    If the receiving party wishes to have more than three persons in paragraph 2.2(a)

15

or more than two persons in paragraph 2.2(b) review HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material, the receiving party must first (1) notify the producing party, (2) identify in the notice the persons who have already reviewed HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY Material of the producing party and the new proposed reviewers, and (3) obtain the producing party's consent or the Court's permission.

## 4.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

4.1    Any party believing that particular information has been improperly marked, i.e., that it is not in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged.  Within ten business days of receipt of such writing, the designating party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith.

4.2    The parties shall meet and confer in good faith to resolve any such dispute without calling upon the intervention of the Court.  If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court in accordance with the discovery dispute procedures set forth in the Scheduling Order.  The party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public

knowledge.

4.3　　Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

4.4　　Protected material shall be filed under seal pursuant to the Local Rules of the United States District Court for the District of Delaware.

## 5.　　TERMINATION OF LITIGATION

5.1　　The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties.　Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected Material of any other party.　Each party's outside litigation counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, documents, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

## 6.　　THIRD PARTY DISCOVERY

6.1　　In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing.　Upon service of such notice, such third party may designate documents and information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" in the manner set forth in this Protective Order, and such third

party's designated information shall be protected in the same manner as that of the parties to this action.

### 7.    INADVERTENT DISCLOSURE

7.1    If a party inadvertently discloses any document or thing containing information that it deems "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation.  The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material.  Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order.  Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 4.

7.2    The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information.  If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned.  The

receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

## 8. OTHER PROCEEDINGS

8.1     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

8.2     If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other

litigation that some or all the material covered by the Third Party Request is subject to this Protective Order. The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

8.3     The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

8.4     With respect to materials that a party to this action (Plaintiff or Defendant) receives as part of a different litigation ("Other Litigation"), the party's disclosure and use of such materials in compliance with the orders, rules, law, and other authorities governing the Other Litigation shall not constitute a violation of this Protective Order even if those materials are designated as Protected Material in this action. This Section 8.4 does not prohibit or otherwise impede a party from seeking, whether in this action or the Other Litigation, further protections for any materials produced in both cases.

8.5     Materials produced in this action under the terms of this Protective Order shall be clearly designated as such, by BATES label or other designation on the face of the document, so as to avoid any confusion as to the origination of the material. A person shall be subject to the terms of this Protective Order only upon receiving Protected Materials that are designated and marked as being produced under the terms of this Protective Order in this action.

### 9.     MISCELLANEOUS PROVISIONS

9.1     The United States District Court for the District of Delaware is responsible for the

interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record or which were disclosed in court without an objection and a request to clear the court room from the producing party, except that if the accuracy of such information is confirmed only by designated confidential materials, then the information shall not be considered to be a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.

9.2     This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

9.3     Treatment by counsel or the parties of information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

9.4     No party shall be obligated to challenge the propriety of any designation, and

21

failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver

of the right to challenge a confidentiality designation at any later time.

/s/ Jennifer Ying                                    /s/ Kenneth L. Dorsney
_____        _____
Jack B. Blumenfeld (#1014)                Kenneth L. Dorsney (#3726)
Jennifer Ying (#5550)                     MORRIS JAMES LLP
MORRIS, NICHOLS, ARSHT & TUNNELL LLP      500 Delaware Avenue, Suite 1500
1201 North Market Street                  Wilmington, DE 19801
P.O. Box 1347                             (302) 888-6800
Wilmington, DE 19899                      kdorsney@morrisjames.com
(302) 658-9200
jblumenfeld@mnat.com                      Attorneys for Defendant Nomadix, Inc.
jying@mnat.com

Attorneys for Plaintiff
Guest Tek Interactive Entertainment Ltd.


February 13, 2019


SO ORDERED this __14__ day of __February__, 2019.


United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-1394 (RGA) |
| NOMADIX, INC., | ) ) | |
| Defendant. | ) | |

## EXHIBIT A:  AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____, hereby acknowledge that I received a copy of the Protective Order in this action.  I read and understood the Protective Order and agree to be bound by its provisions.  I agree not to copy or use any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE – RESTRICTED ACCESS ONLY" information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware in connection with any proceedings concerning enforcement of the Protective Order.

Date: _____     _____
Signature