TAB 2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Guest Tek Interactive Entertainment Ltd. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-1394 (RGA) |
| Nomadix, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Single Digits, Inc. 4 Bedford Farms Dr., Ste 210, Bedford, NH 03110
c/o registered agent: Corporation Services Company, 251 Little Falls Dr., Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Exhibit B

| Place: Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market St., 16th Fl<br>Wilmington, DE 19801<br>or via remote deposition means such as video conferencing | Date and Time:<br>11/05/2020 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and audiotape and/or videotape; LiveNote

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/12/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Jennifer Ying |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Guest Tek Interactive Entertainment, Ltd. , who issues or requests this subpoena, are:

Jennifer Ying, Morris, Nichols Arsht & Tunnel LLP, 1201 N. Market St., 16 Fl., Wilmington, DE 19801; 302-351-9243; jying@mnat.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 18-1394 (RGA)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

                                                                                   _____
*Server's signature*

                                                                                   _____
*Printed name and title*

                                                                                    _____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

## EXHIBIT B

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(B), the deposition will be recorded by stenographic, audio, video, and/or real-time transcription (e.g., LiveNote) means. If an in-person deposition is impractical, the deposition may be conducted through the use of remote audio-video conference technology, such that the parties participating in the deposition will join from separate locations and be granted remote, virtual access via the Internet and/or telephone. The deposition will be taken for the purposes of discovery, for use at trial in this action, and for any purposes permitted under the Federal Rules of Civil Procedure.

Guest Tek requests that Single Digits, Inc. provide written notice, at least five (5) business days in advance of the deposition, of: (1) the name(s) of each designee who has consented to testify on behalf of Single Digits, Inc.; (2) the job title of each such person; and (3) the topic(s) on which each such person will testify.

### DEFINITIONS

1. "Nomadix" means Nomadix, Inc., including but not limited to all its past or present agents, officers, directors, principals, employees, representatives, counsel, partners, predecessors, affiliates, subsidiaries, divisions, parents or related entities, and shall be construed liberally throughout these requests to refer to the business of Nomadix, Inc.

2. "Guest Tek" mean Guest Tek Interactive Entertainment Ltd.

3. "This Action" means the civil action titled Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc., Civil Action No. 18-1394 (RGA), pending in the United States District Court for the District of Delaware.

4. "Accused Products" includes any Nomadix Access Gateway ("AG"), including, but not limited to, the Nomadix Access Gateway 2400 (the "AG 2400"), the Nomadix Access Gateway 2500 (the "AG 2500"), the Nomadix Access Gateway 5600 (the "AG 5600"), the Nomadix Access Gateway 5800 (the "AG 5800"), the Nomadix Access Gateway 5900 (the "AG 5900"), and the Nomadix Edge Gateway 6000 (the "EG 6000"), which has had installed thereon, or presently has installed thereon, and/or has been running or is running, at least any of Version 8.7, Version 8.8, Version 8.9, Version 8.10, Version 8.11, Version 8.12, Version 8.13, and/or Version 8.14 of the Nomadix Service Engine ("NSE") Software, and any other later version of the NSE Software that includes the same or similar functionality.

5. "Asserted Patents" means U.S. Patent Nos. 8,255,681, 9,154,435, and 9,871,738.

6. "Person" means any natural person or any business, legal or governmental entity or association, firm, trading exchange, or other entity of whatever kind, nature, or description.

7. "And" includes "or" and vice versa.

8. The singular includes the plural and vice versa.

9.   "Relating," "relating to," and "related to" means in whole or in part affecting, concerning, constituting, containing, embodying, reflecting, involving, describing, analyzing, identifying, mentioning, stating, dealing with, comprising, or in any way pertaining to that subject, and shall be interpreted so as to encompass the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(l).

10.   "Document" or "documents" is used in the broadest possible sense, and includes: (a) any and all printed, written, taped, recorded, graphic, computerized printout, electronically stored, or other tangible matter of materials, from whatever source, however produced or reproduced or capable of being produced, whether in draft form or otherwise, whether sent or received or neither, including all writings, confirmations, wire transfers, correspondence, electronic mail communications, letters, papers, notebooks, statements, representations, affidavits, opinions, transcripts, summaries and recordings of telephone and other conversations or of interviews or of conferences, video and audio tapes and records of any kind, telegrams, telexes, facsimiles, cables, contracts, proposals, agreements, minutes, notations, typed or handwritten notes, memoranda, analyses, projections, studies, evaluations, work papers, books, records, reports, diaries, journals, questionnaires, financial records, books of account, checks, check stubs, lists, logs, ledgers, spreadsheets, statistical records, brochures, sales and marketing materials, pamphlets, advertisements, circulars, press releases, calendars, graphs, charts, organization charts, sketches, diagrams, maps, drawings, photographs, microfilms, telephone logs, messages, films, summaries, digests, financial statements, computer-readable data compilations, and all other information or data records or compilations from which information or data records or compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, including all underlying, supporting, or preparatory material and all information on computer drives or diskettes; (b) any and all originals, drafts, and copies that differ in any material respect from the original, including, without limitation, all marginal comments that appear on such documents; and (c) all attachments, enclosures, or documents affixed to or referenced in such documents.

11.   "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

12.   "Single Digits", You", "Your" and "Yourself" mean Single Digits, Inc., including but not limited to all of its past or present agents, officers, directors, principals, employees, representatives, counsel, partners, predecessors, affiliates, subsidiaries, divisions, parents or related entities, and shall be construed liberally throughout these requests to refer to the business of Single Digits, Inc.

13.   Electronically Stored Information ("ESI") includes without limitation:

    a.   information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail; internal or external web sites;

    b.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages or online bulletin boards, operating systems, source code, PRF files, PRC files, batch files, ASCII

    files, and all miscellaneous media on which they reside, regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment;

  c. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, a personal digital assistant (Palm Pilot, Blackberry, Treo or similar device) and file folder tabs, or containers, and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

## DEPOSITION TOPICS

1. Communications relating to, addressed to or from, or mentioning: (a) the Accused Products; (b) the Asserted Patents; (c) Nomadix; (d) Guest Tek; and/or (e) This Action.

2. Agreements, licenses, or other written contracts between You and Nomadix.

3. Testing of any of the Accused Products that You or anyone else performed for or on behalf of Yourself, Nomadix, any customer or end-user of Nomadix, Marriott, and/or any other hotel establishment.

4. Statements of work, purchase orders, contracts, or other agreements relating to any of the Accused Products and to which Single Digits was a party.

5. Purchasing or offering to purchase, selling or offering to sell, licensing or offering to license, ownership of, installing, using, practicing, or configuring any of the Accused Products.

6. Training related to any of the Accused Products either provided by Nomadix to Single Digits or provided by Single Digits to any third-party.

7. The identification of all customers, including hotels and other hospitality clients, of Single Digits that have purchased, leased, licensed, and/or used any of the Accused Products.

8. Agreements, licenses, or other written contracts between You and a third-party that relate to any of the Accused Products.

9. Research, design, development, coding, testing, implementation, or marketing of any the Accused Products.

10. The operating status, device configuration, and/or settings of any Accused Products installed and/or maintained by Single Digits.

11. The network configuration, including all components thereof, for any Accused Products installed and/or maintained by Single Digits.

12. The set-up, installation, enablement, use, operation, maintenance, support, and troubleshooting of the Accused Products.

13. The enablement and/or use by You, your customers or end-users, or any other Person of the Class Based Queueing ("CBQ"), Share Unused (Bandwidth), Distribution of Unused Bandwidth, VLAN, VLAN ID, VLAN tagging, and/or Proxy Arp for Device features or functionality of the Accused Products.

14. Customer or end-user demand for and feedback regarding the Class Based Queueing ("CBQ"), Share Unused (Bandwidth), Distribution of Unused Bandwidth, VLAN, VLAN ID, VLAN tagging, and/or Proxy Arp for Device features or functionality of the Accused Products.

15. Communications with Nomadix, distributors, customers, end-users, and/or any other Person regarding the Class Based Queueing ("CBQ"), Share Unused (Bandwidth), Distribution of Unused Bandwidth, VLAN, VLAN ID, VLAN tagging, and/or Proxy Arp for Device features and functionality of the Accused Products.

16. The "Summary of Configuration Settings" for all Accused Products installed and/or maintained by Single Digits.

17. Single Digit's awareness of, participation in, communications regarding, efforts to meet or comply with, and possession of any documents relating to any hotel standards for high speed internet access services including but not limited to, for example, Marriott International, Inc.'s Global Property Network Standards and Hilton Worldwide's Global Guest Internet Access Standards.

18. Testimonials, complaints, reviews, feedback, and/or surveys regarding the Accused Products received by You from Nomadix, customers, end-users, or other Persons.

19. Efforts to modify or improve any of the Accused Products, whether by Nomadix, You, or other Persons.

20. Your knowledge of the Asserted Patents or This Action, and any correspondence or communications with Nomadix or any other Persons regarding the Asserted Patents or This Action.