# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

**VIA CM/ECF**

The Honorable Richard G. Andrews                    December 16, 2020
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:    *Guest Tek Interactive Entertainment Ltd. v. Nomadix, Inc.*, No. 18-1394-RGA

Dear Judge Andrews:

Guest Tek is trying to preserve its ability to testify at trial on numerous topics without designating a 30(b)(6) witness on those topics. The Court should either compel Guest Tek to designate a witness to testify regarding Nomadix's 30(b)(6) topics 5, 7-12, and 14, *see* Fed. R. Civ. P. 37(a)(3)(B), or prohibit Guest Tek from providing a witness to testify on its behalf at trial on those topics and from providing such information to a Guest Tek expert, *see* Fed. R. Civ. P. 37(d)(3), 37(b)(2)(A)(ii).

## I.    GUEST TEK HAS REFUSED TO DESIGNATE A REPRESENTATIVE ON SEVERAL 30(B)(6) TOPICS

A party served with a 30(b)(6) deposition notice must designate one or more witnesses to testify on its behalf on the noticed topics. Fed. R. Civ. P. 30(b)(6). Absent a protective order, objections do not excuse a party from this obligation. Fed. R. Civ. P. 37(d)(2). "A corporate deponent cannot simply make 'objections and then provide a witness that will testify only within the scope of its objections.'" *Rembrandt Diagnostics, LP v. Innovacon, Inc.*, No. 16-CV-0698 CAB (NLS), 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018) (quoting *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014)). Nor can it "refuse to comply with the [30(b)(6)] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in opposition to the motion to compel." *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007).

Nomadix served a notice to take Guest Tek's 30(b)(6) deposition regarding 46 topics on August 31, 2020. (D.I. 113.) On October 6, Guest Tek served a response to Nomadix's notice stating that, for 22 topics, it would designate one or more unnamed witnesses to testify on its behalf. (Ex. 1.) For the remaining 24 topics, Guest Tek stated that, in "view of [its] objections," it would not designate a witness. (*Id.*)

Guest Tek never moved for a protective order. During the parties' meet-and-confer on October 29, Guest Tek did not indicate it would move for a protective order, did not mention any plans to withhold testimony on any topics, and did not even seek to discuss its objections to Nomadix's 30(b)(6) topics. Guest Tek then waited until just three days left in fact discovery to disclose its assignment of 30(b)(6) topics. (Ex. 2 (Nov. 10 email from Carson).)  Guest Tek further disclosed that day that it would not provide one of its designees—its Chairman, Arnon Levy—for deposition during the fact discovery period. Thus, Nomadix learned just three days before the close of fact discovery that Guest Tek would not provide testimony on 32 of Nomadix's 46 topics during the fact discovery period.

Nomadix immediately rejected Guest Tek's attempt to unilaterally strike several of Nomadix's topics. Nomadix reminded Guest Tek that, absent a protective order, it must prepare



and designate a witness on all topics regardless of its objections. (Ex. 2 (Nov. 10 email from Gillett).) But Guest Tek refused to change its position, and three days later, the fact discovery period closed without Guest Tek having testified regarding at least 32 of Nomadix's 46 topics.

The Court and Nomadix provided Guest Tek an additional opportunity to appear for its 30(b)(6) deposition after fact discovery. On December 1, the Court permitted the 30(b)(6) deposition of Arnon Levy to occur after fact discovery. (D.I. 193 at 1-2.) Nomadix thereafter asked Guest Tek to confer regarding Nomadix's 30(b)(6) topics and stated it would allow Guest Tek to provide testimony through Mr. Levy on Nomadix's noticed topics and therefore avoid preclusion. (Ex. 3 (Dec. 2 & 4 emails from Gillett).) After conferring, Guest Tek took Nomadix up on its offer to provide testimony through Mr. Levy on some outstanding topics, but Guest Tek continued to refuse to provide testimony on several other topics, including topics 5, 7-12, and 14 addressed in this letter. Accordingly, Mr. Levy's deposition proceeded on December 11 with Guest Tek still refusing to designate and prepare a witness on topics 5, 7-12, or 14.

## II.     THE COURT SHOULD COMPEL GUEST TEK TO TESTIFY ON 30(B)(6) TOPICS 5, 7-12, AND 14 OR PRECLUDE GUEST TEK AT TRIAL

### A.         Topics 8, 10, and 11 (Facts Related to Infringement)

Nomadix seeks deposition discovery of facts Guest Tek may testify about at trial related to its infringement claim. This includes investigations and other facts related to alleged infringement by Nomadix (topic 8), instances of alleged infringement by Nomadix or others (topic 10), and Nomadix's alleged willful infringement and supposed intent that others infringe (topic 11). (App'x A.) Trial testimony on these topics could include, for example, the story and timeline of Guest Tek's supposed discovery that Nomadix or others allegedly infringe, as well as any notice to Nomadix about the asserted patents and about alleged infringement.

Guest Tek attempts to mischaracterize Nomadix's topics 8, 10, and 11 as seeking contentions, and seeks a double standard whereby such topics would be permitted for Guest Tek but not for Nomadix. These topics seek facts; those facts do not become contentions merely because they relate to an issue in the case, as they must to be relevant. Moreover, to the extent the disputed topics fit Guest Tek's definition of contention topics, Guest Tek has sanctioned the use of such topics in this case through its 30(b)(6) deposition of Nomadix. For example, Guest Tek propounded and was provided testimony on its topic 32 regarding "Any non-infringing alternatives to the Accused Products." (D.I. 145 at 6.)

Guest Tek rejected multiple attempts by Nomadix to resolve this issue without judicial intervention. During the parties' conference on December 4, Guest Tek rejected Nomadix's proposals to narrow topics 8 and 11 as shown in the first paragraph of Appendix B to this letter. (*See* Ex. 3 (Dec. 8 email from Gillett).) After the conference, Nomadix proposed stipulations by which it would withdraw each of topics 8, 10, and 11. (*Id.*) Nomadix also proposed additional narrowing topics 8 and 11 as shown in the second paragraph of Appendix B to this letter. (*Id.*) Guest Tek rejected each of these proposals. (Ex. 3 (Dec. 8 email from Carson).)

### B.         Topics 5, 7, and 14 (The Invention and its Value Over Prior Art)

Nomadix also seeks to depose Guest Tek about whatever facts it may testify about at trial that would put its alleged inventions in the context of the state of the art. This includes discussing the examples of the Asserted Patents (topic 5); the first public use, sale, or offer for sale of

The Honorable Richard G. Andrews
December 16, 2020, Page 3



products embodying subject matter in the Asserted Patents (topic 7); and prior art (topic 14). (App'x A.) Trial testimony on these topics could include, for example, discussion of the examples in the patents, the story of how Guest Tek's allegedly patent-practicing product came to market, and any advancements over the prior art. Nomadix also seeks testimony on these topics for use in its case, including regarding Guest Tek's allegedly patent-practicing products.

Guest Tek's objections to Nomadix's topics 5, 7, and 14 fail. (Ex. 3 (Dec. 6 email from Carson).) Guest Tek objects that topic 5 is duplicative of topic 4, but that is false (D.I. 113 at 6 (topics 4 and 5)). Guest Tek's attempts to justify its refusal to testify on topic 7 similarly fail: first, Guest Tek is not entitled to withhold testimony on a topic by claiming that an interrogatory response provides information regarding a portion of the topic; second, Guest Tek's claim that the topic is duplicative of topic 2 is false (D.I. 113 at 6-7 (topics 2 and 7)); and third, Guest Tek's claim that pre-2011 information is irrelevant ignores the state of the art and does not address the propriety of post-2011 information. Finally, Guest Tek's attempt to mischaracterize topic 14 as seeking contentions fails for the same reasons addressed in section II.A above.

### C.         Topic 12 (Nomadix Products)

Topic 12 regards Nomadix's accused and unaccused products. (App'x A.) Guest Tek objects that this topic is overbroad and irrelevant, noting its inclusion of unaccused products. (Ex. 3 (Dec. 6, 8 emails from Carson).) But Guest Tek has put Nomadix's unaccused products at issue. Indeed, several of Guest Tek's 30(b)(6) topics regard unaccused products, including topics 31 (discussing gateways preceding the Accused Products); 40-41 (Nomadix's sales and marketing of unaccused non-gateways NITO and Alloc8); and 7, 9-10, 13, 19, 22, 38, 46, and 58 (portions extending to non-accused products and/or features). (D.I. 145 at 3-9.) For example, Guest Tek has alleged under *Georgia-Pacific* factor 5 that the patented inventions drive sales of Nomadix's non-patented products. (Ex. 5 at 23 ¶ 5, 24, 29 ¶ 5, 31.) Unaccused products are also relevant to invalidity, as Nomadix has identified such products as prior art, including the Universal Subscriber Gateway noted in the topic. Further, Nomadix's older, unaccused gateways are relevant to Nomadix's defense that Guest Tek agreed not to sue Nomadix on features Nomadix had developed by the time of the parties' settlement of earlier litigation.

### D.         Topic 9 (Use of the Accused Features by End Users)

Topic 9 regards use by hotels, network operators, or end users of accused features. (App'x A.) Rather than designate a witness for topic 9 in advance of deposition, Guest Tek purports to retroactively designate the 30(b)(1) deposition testimony of Zoey Sachdeva as the testimony of Guest Tek on this topic. (Ex. 3 (Dec. 6 email from Carson).)

To resolve the parties' dispute on this topic, Nomadix would be willing to accept Guest Tek's post hoc designation if the following safeguards are implemented to reduce prejudice to Nomadix. First, since Nomadix was not on notice to thoroughly examine Ms. Sachdeva regarding topic 9, Guest Tek would need to be precluded from presenting testimony on that topic beyond the facts Ms. Sachdeva mentioned in her deposition. Second, since Nomadix's deposition of Ms. Sachdeva sought information known only to her, Guest Tek would need to be precluded from presenting trial testimony regarding topic 9 from anyone other than Ms. Sachdeva.

Absent those safeguards, the Court should either compel Guest Tek to testify regarding topic 9 or preclude it from presenting evidence on that topic at trial.

The Honorable Richard G. Andrews
December 16, 2020, Page 4



Respectfully submitted,


*/s/ Kenneth L. Dorsney*


Kenneth L. Dorsney (#3726)

cc: All counsel of record (via CM/ECF and electronic mail)

The Honorable Richard G. Andrews
December 16, 2020, Page 5



## Appendix A

### Disputed Topics (D.I. 113 at 6-7)

5. The subject matter, including any testing, described in the examples of the Asserted Patents.

. . .

7. The first public use, first public sale, or first offer for sale of OVI, any Patented Instrumentality, or any product embodying any subject matter disclosed and/or claimed in the Asserted Patents, both in the United States and world-wide.

8. Investigations, tests, studies, surveys, interviews, reviews, analyses and documents related to, and all facts supporting any contention that Nomadix infringes the Asserted Claims of the Asserted Patents.

9. Use by hotels, other network operators, or end users of any of the following features in connection with the accused Nomadix products: Class-Based Queueing, Weighted Fair Queueing, Share Unused Bandwidth (or Distribute Unused Bandwidth), proxy ARP, VLAN support.

10. Any infringement by any person or entity of any of the Asserted Patents, any awareness by Guest Tek of such infringement, and any belief that such infringement has occurred—including the basis for such infringement, awareness, or belief, the identities of the persons knowledgeable about such basis, the identities of the alleged infringers, the dates of the alleged infringement, and all other facts relating to such alleged infringement, awareness, or belief.

11. Guest Tek's factual basis for alleging willful infringement or that Nomadix intends others to infringe the Asserted Patents.

12. All Nomadix products (including products not accused of infringement, including the Universal Subscriber Gateway (USG)), including Guest Tek's knowledge of the same.

. . .

14. Prior art to any of the Asserted Patents, including any prior art search, analysis of the validity of any of the Asserted Claims in any of the Asserted Patents, and analysis of the scope and content of prior art to any of the Asserted Patents.

The Honorable Richard G. Andrews
December 16, 2020, Page 6



## Appendix B

Nomadix's Proposed Narrowing of Topics 8 and 11

Proposed Narrowing During the Parties' December 4 Conference:

8. Formation of Guest Tek's belief that Nomadix infringes the Asserted Claims of the Asserted Patents, including any Investigations, tests, studies, surveys, interviews, reviews, analyses and documents ~~related to~~, and all facts supporting ~~any contention that Nomadix infringes the Asserted Claims of the Asserted Patents~~.

11. Formation of Guest Tek's belief regarding ~~Guest Tek's factual basis for alleging~~ willful infringement or that Nomadix intends others to infringe the Asserted Patents.


Proposed Narrowing in Correspondence on December 8 (Ex. 3 (Dec. 8 email from Gillett)):

8. All non-privileged facts regarding any Investigations, tests, studies, surveys, interviews, reviews, or analyses by or on behalf of Guest Tek regarding the Accused Products ~~and documents related to, and all facts supporting any contention that Nomadix infringes the Asserted Claims of the Asserted Patents~~.

11. ~~Guest Tek's factual basis for alleging willful infringement or that Nomadix intends others to infringe the Asserted Patents.~~ Any information or belief by Guest Tek that Nomadix knew of the Asserted Patents before this lawsuit began, knew of any allegation that the Accused Products infringe the Asserted Patents, was aware of any infringement of the Asserted Patents, or has intended that others infringe the Asserted Patents.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 18-1394-RGA |
| NOMADIX, INC., | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING MOTION**

Having considered Defendant Nomadix, Inc.'s December 16 letter brief and the arguments made therein, and any opposition thereto, the Court hereby orders that:

1) Guest Tek SHALL designate a person to testify on its behalf regarding Nomadix's 30(b)(6) topics 5, 7-12, and 14, and that person SHALL testify about information known or reasonably available to Guest Tek on each such topic. To the extent Guest Tek does not so designate or the designated person does not so testify, Guest Tek SHALL be precluded from providing a lay witness affiliated with Guest Tek to testify at trial or provide information to a Guest Tek expert.

SO ORDERED this _____ day of _____, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUEST TEK INTERACTIVE | ) | |
| ENTERTAINMENT LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1394 (RGA) |
| | ) | |
| NOMADIX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF GUEST TEK INTERACTIVE ENTERTAINMENT LTD.'S
OBJECTIONS AND RESPONSES TO DEFENDANT NOMADIX, INC.'S
<u>NOTICE OF DEPOSITION OF GUEST TEK</u>**

Plaintiff Guest Tek Interactive Entertainment Ltd. ("Guest Tek") provides the following

objections and responses to Nomadix Inc.'s ("Nomadix") August 31, 2020 Notice of Deposition

of Guest Tek pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice").  These objections are made

without waiver of Guest Tek's right to interpose additional objections subsequently, or during the

noticed deposition.

**GENERAL OBJECTIONS APPLICABLE TO EACH TOPIC OF EXAMINATION**

1.      Guest Tek objects to the proposed date, time, and location of the noticed deposition.

Guest Tek will provide its Rule 30(b)(6) designee(s), subject to its objections, at a mutually

agreeable date, place, and time, and the deposition shall last no longer than the time provided under

the Federal Rules of Civil Procedure and the Court's scheduling order.

2.      Guest Tek objects to the Notice of Deposition and each and every Topic to the

extent they seek to impose any obligations beyond those set forth in the Federal Rules of Civil

Procedure (the "Federal Rules"), in the Local Rules of the United States District Court for the

District of Delaware (the "Local Rules"), or in the Court's rules and procedures.

- 1 -

3.      Guest Tek objects to the definitions of "instrumentality," "Patented Instrumentality," and "Guest Tek Instrumentality," as vague, ambiguous, unduly burdensome, calling for a legal conclusion, and not proportional to the needs of the case, including to the extent they recite the terms "practices or embodies, or satisfies" the limitations of, any claim of the Asserted Patents or "that can be used to practice, or to satisfy" the limitations of, any claim of the Asserted Patents.  Guest Tek further objects to these definitions to the extent they purport to shift the burden of proof from Nomadix to Guest Tek regarding Nomadix's § 287 defenses.

4.      Guest Tek objects to the definition of "Guest Tek Technology" as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case, including to the extent it encompasses "any invention or other technology disclosed in any Asserted Patent or Related Patent Document, and any feature, component, or other technology used or included in any Guest Tek Instrumentality."

5.      Guest Tek objects to the definition of "Related Patent Documents" as unduly burdensome and not proportional to the needs of the case, including to the extent it encompasses or relates to patents and other patent documents that are not asserted in or otherwise relevant to the lawsuit.

6.      Guest Tek objects to the definition of "Technology Transfers" as seeking information not within Guest Tek's possession, custody, or control, including to the extent it would encompass certain transfers for which Guest Tek was not a party.  Guest Tek also objects to the definition as vague, ambiguous, and unduly burdensome, including because it recites "Guest Tek Technology" and "concerning any Guest Tek Technology."

7.      Guest Tek objects to the Topics to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, common

interest privilege or any other applicable privilege or immunity.  Guest Tek further objects to the Topics to the extent they seek information subject to third-party confidentiality obligations.

8.     Guest Tek objects to the Topics to the extent that they call for a witness to testify as to a legal conclusion or to provide contentions.  Contention 30(b)(6) topics are not permitted in this District.  *See, e.g.*, *Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005); *McKesson Info. Solutions LLC v. The TriZetto Group, Inc.,* C.A. No. 04-1258-SLR, Tr. at 21 (D. Del. Aug. 2, 2005); *Axiohm IPS, Inc. v. Epson Am., Inc.,* C.A. No. 00-420-SLR, Tr. at 4 (D. Del. Mar. 28, 2001).

9.     Guest Tek objects to each Topic to the extent it seeks disclosure of expert opinions prior to the deadlines set forth in the Scheduling Order.  Guest Tek further objects to the Notice, including the definitions and instructions contained therein, to the extent it seeks information that may be or properly is the subject of expert testimony.

10.    Guest Tek objects to the Topics to the extent they seek information that is not relevant to the subject matter of this litigation or are not proportional to the needs of the case, including information relating to patents no longer being asserted in the case or products not accused of infringement in this case.

11.    Guest Tek objects to the Topics to the extent that they are overbroad, unduly burdensome and seek information not proportional to the needs of the case of any claim or defense in this action.

12.    Guest Tek further objects to the Topics to the extent that the answer to any topic may be derived or ascertained from publicly available documents or documents and things produced by the parties, where the burden of deriving or ascertaining the responsive information from those documents in substantially the same for Nomadix as it is for Guest Tek.

13.     Guest Tek objects to the Topics to the extent that they seek information not known to Guest Tek or not within Guest Tek's possession, custody, or control, or to the extent any information sought is already within the possession, custody or control of Nomadix.

14.     Guest Tek's willingness to designate a witness to testify regarding a Topic does not constitute an admission that it has information pertaining to the particular Topic.

15.     Guest Tek objects to each Topic to the extent it assumes facts not in evidence. Guest Tek's willingness to produce a witness to testify on any such Topic shall not be construed as a concession or agreement with any implication or conclusion, factual or otherwise, that may be drawn from that Topic.

## SPECIFIC OBJECTIONS AND RESPONSES TO TOPICS

**Topic 1.** Guest Tek Instrumentalities, including the name and model number of all Guest Tek Instrumentalities, the features and operation of all Guest Tek Instrumentalities, benefits of all Guest Tek Instrumentalities, demand for all Guest Tek Instrumentalities, dates during which each Guest Tek Instrumentality was offered for sale, sales volume of all Guest Tek Instrumentalities, and revenue, profits, and costs associated with all Guest Tek Instrumentalities.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague and ambiguous particularly in its use of the undefined terms "features and operation," "benefits," "demand," and "associated with all Guest Tek Instrumentalities." Guest Tek objects to this Topic as vague and unduly burdensome to the extent it seeks information regarding "all Guest Tek Instrumentalities." Guest Tek further objects to this Topics to the extent it seeks information regarding "dates," "sales volume," and "revenue, profits, and costs associated with all Guest Tek Instrumentalities" as not relevant to any claim or defense in this case, particularly as Guest Tek is not pursuing a lost profits damages claim.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date

regarding any non-objectionable portions of this Topic regarding the features, operation, benefits, and pricing of Guest Tek's products, to the extent such information is known or reasonably available to Guest Tek.

**Topic 2.** Research and development of the technology marketed under the OneView or OneView Internet (OVI) tradenames, including the bandwidth-related and VLAN-related features of OVI, and further including when such features were developed and released.

      **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, unduly burdensome, vague, and ambiguous particularly in its use of the undefined terms "technology marketed under the OneView or OneView Internet (OVI) tradenames," "bandwidth-related," and "VLAN-related features." Guest Tek objects to this Topic as not being limited in temporal scope. Guest Tek objects to this Topic to the extent it seeks information that is not within the possession, custody, or control of Guest Tek. Guest Tek further objects to this Topic as overly broad and unduly burdensome to the extent it seeks information not relevant to any claim or defense of any party in this action, nor proportional to the needs of the case.

      Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portions of this Topic regarding the research and development of the bandwidth and VLAN features of the OVI instrumentalities to which the asserted patent claim(s) are directed, to the extent such information is known or reasonably available to Guest Tek.

**Topic 3.** The conception and reduction to practice of the inventions claimed in the Asserted Patents, including identification of the dates of, the persons involved in, the circumstances surrounding and the documents relating to the conception, first reduction to practice, and reasonable diligence in the first reduction to practice of the subject matter claimed.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague and ambiguous particularly in its use of the undefined term "the circumstances surrounding and the documents relating to."  Guest Tek also objects to the Topic because it seeks information about subject matter that may not be within the possession, custody, and control of Guest Tek, including regarding the '681 patent, for which Guest Tek was not the original assignee.  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portions of this Topic regarding the conception and reduction to practice of the inventions claimed in the asserted patents, to the extent such information is known or reasonably available to Guest Tek.

**Topic 4.** Research and development efforts that resulted in the subject matter claimed in the Asserted Patents, and the contribution of each inventor named in the Asserted Patents to the subject matter claimed, including the facts which led to the decision to include the persons listed on the face of the Asserted Patents as inventors.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague and ambiguous particularly in its use of the undefined term "that resulted in the subject matter claimed."  Guest Tek also objects to this Topic to the extent disclosure of the facts leading to the decision to include the persons listed on the face of the Asserted Patents as inventors would be subject to the attorney-client privilege.  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity.  Guest Tek also objects to the Topic because it seeks information about subject matter that may not be within

the possession, custody, and control of Guest Tek, including regarding the '681 patent, for which Guest Tek was not the original assignee.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portions of this Topic regarding the research, development, and contributions of the named inventor(s) of the asserted patents, to the extent such information is known or reasonably available to Guest Tek..

**Topic 5.** The subject matter, including any testing, described in the examples of the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic because it seeks information about subject matter that may not be within the possession, custody, and control of Guest Tek.  Guest Tek further objects to this Topic to the extent it is duplicative of other topics, including Topic 4.  Guest Tek incorporates all objections identified with respect to those duplicative topics.  It also objects to this Topic as vague, ambiguous, overbroad, irrelevant, and not proportional to the needs of the case, including to the extent that it requests testimony on the "subject matter, including any testing, described in the examples" of the Asserted Patents.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 6.** The preparation, filing, and prosecution of the applications that matured into the Asserted Patents, including but not limited to: (i) any rejection of claims during the prosecution; (ii) any responses or amendments submitted by or on behalf of the inventors; (iii) any declarations submitted by or on behalf of the inventors; (iv) any interviews with the U.S.P.T.O.; (v) any information disclosure statements submitted during prosecution and any decisions regarding

whether to disclose prior art or other information to the U.S.P.T.O.; (vi) the identity of the persons, committees or groups involved in the decision(s) to prepare, file, or prosecute the applications leading to the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as requesting testimony on subject matter subject to the attorney-client privilege, or on subject matter that is available in the public prosecution files of the Asserted Patents.  Guest Tek objects to this Topic as seeking information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity.  Guest Tek also objects to the Topic because it seeks information about subject matter that may not be within the possession, custody, and control of Guest Tek, including regarding the '681 patent.  Guest Tek further objects to this Topic as requesting testimony that is irrelevant and not proportional to the needs of the case, including to the extent that it requests testimony related to claim construction or prior art that Nomadix has not identified in its contentions, or the identity of persons, committees, or groups involved in the decision to prepare, file, or prosecute the Asserted Patents.  In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 7.** The first public use, first public sale, or first offer for sale of OVI, any Patented Instrumentality, or any product embodying any subject matter disclosed and/or claimed in the Asserted Patents, both in the United States and world-wide.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as requesting testimony that is vague, ambiguous, and calls for a legal conclusion, including to the extent that it recites "first public use, first public sale, or first offer," and "product embodying any subject matter disclosed and/or claimed."  Guest Tek also objects to this Topic because it appears to request information on alleged prior art that Nomadix has not identified in its invalidity contentions and is therefore irrelevant to any issue in the case.  *See* Sept.

3, 2020 Hearing Tr. at 48:20-23.  In view of this objection and Guest Tek's General Objections,

Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 8.** Investigations, tests, studies, surveys, interviews, reviews, analyses and documents related to, and all facts supporting any contention that Nomadix infringes the Asserted Claims of the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek

objects to this Topic as requesting testimony on subject matter subject to the attorney-client

privilege and work-product doctrine.  Guest Tek objects to this Topic as seeking information

protected by the attorney-client privilege, the work-product doctrine, the common-interest

privilege, or any other applicable privilege or immunity.  Guest Tek objects to this Topic as an

improper contention topic not permitted in this District.  Guest Tek further objects to this Topic as

requesting testimony that may be the subject of expert discovery.  In view of these objections and

Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this

Topic.

**Topic 9.** Use by hotels, other network operators, or end users of any of the following features in connection with the accused Nomadix products: Class-Based Queueing, Weighted Fair Queueing, Share Unused Bandwidth (or Distribute Unused Bandwidth), proxy ARP, VLAN support.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek

objects to this Topic as requesting testimony on subject matter subject to the attorney-client

privilege and work-product doctrine and/or information that is not within its possession, custody,

or control, particularly as it seeks information regarding the use of Nomadix's products by third

parties.  Guest Tek further objects to this Topic as seeking information that is more likely to be in

Nomadix's possession, or that is as equally available to Nomadix as Guest Tek.  Guest Tek objects

to this Topic as seeking information more appropriately obtained through other discovery

mechanisms, such as third-party discovery.  Guest Tek further objects to this Topic as requesting

- 9 -

testimony that may be the subject of expert discovery.  In view of these objections and Guest Tek's

General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 10.** Any infringement by any person or entity of any of the Asserted Patents, any awareness by Guest Tek of such infringement, and any belief that such infringement has occurred—including the basis for such infringement, awareness, or belief, the identities of the persons knowledgeable about such basis, the identities of the alleged infringers, the dates of the alleged infringement, and all other facts relating to such alleged infringement, awareness, or belief.

>   **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as irrelevant, requesting testimony that calls for a legal conclusion, on subject matter subject to the attorney-client privilege and work-product doctrine and/or information that is unknown to Guest Tek or not within its possession, custody, or control.  Guest Tek objects to this Topic as an improper contention topic not permitted in this District.  In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 11.** Guest Tek's factual basis for alleging willful infringement or that Nomadix intends others to infringe the Asserted Patents.

>   **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as requesting testimony that calls for a legal conclusion, on subject matter subject to the attorney-client privilege and work-product doctrine and/or information that is unknown to Guest Tek or not within its possession, custody, or control.  Guest Tek objects to this Topic as an improper contention topic not permitted in this District.  In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 12.** All Nomadix products (including products not accused of infringement, including the Universal Subscriber Gateway (USG)), including Guest Tek's knowledge of the same.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as requesting testimony that calls for a legal conclusion, on subject matter subject to the attorney-client privilege and work-product doctrine, and/or subject matter that is unknown to Guest Tek or not within its possession, custody, or control, or that is equally available to Nomadix as Guest Tek. Guest Tek also objects to this Topic as vague, ambiguous, overbroad, and irrelevant, including to the extent it requests testimony on "all Nomadix products (including products not accused of infringement[)]" and that are not at issue in the case. Guest Tek objects to this Topic because it does not identify the testimony sought with reasonable particularity. In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 13**. All correspondence between the parties.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and irrelevant, including to the extent it requests testimony on "all correspondence" between the parties without identification of the specific correspondences being referenced. Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic. However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 14.** Prior art to any of the Asserted Patents, including any prior art search, analysis of the validity of any of the Asserted Claims in any of the Asserted Patents, and analysis of the scope and content of prior art to any of the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as requesting testimony that calls for a legal conclusion, testimony on subject matter subject to the attorney-client privilege and work-product doctrine, information that is publicly available, information that is not within Guest Tek's possession, custody, or control, and subject matter that will be the subject of expert discovery.  In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 15.** The knowledge of David Ong and any others at Guest Tek regarding the Linux tc utility, hierarchical token bucket filter or HTB, and/or Martin Devera, prior to the filing of the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case including to the extent it recites "any others."  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity.  Guest Tek objects to this Topic to the extent it assumes facts not in evidence.  Further, Nomadix separately served a notice for deposition of David Ong.  To the extent that David Ong appears for a personal deposition, Guest Tek will not designate an additional witness to testify regarding this Topic.

**Topic 16.** The knowledge of David Ong and any others at Guest Tek regarding the manual ("man") pages for the Linux tc utility, including but not limited to the portions documenting the "class change" command, and any reasons why such man pages were not disclosed to the U.S.P.T.O. during prosecution of the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case including to the extent it recites "any others."  Guest Tek further objects to this Topic as calling for attorney-client privileged information, including to the extent it requests "reasons" why information was supposedly not disclosed to the USPTO during prosecution.  Guest Tek objects

to this Topic to the extent it purports to shift the burden of proving inequitable conduct from

Nomadix.  Guest Tek objects to this Topic to the extent it assumes facts not in evidence.  In

addition, Nomadix separately served a notice for deposition of David Ong.  To the extent that

David Ong appears for a personal deposition, Guest Tek will not designate an additional witness

to testify regarding this Topic.

**Topic 17.** The knowledge of Guest Tek regarding U.S. Patent Publication No. 2005/0175014 ("Patrick publication"), including but not limited to any reasons why the Patrick publication was not disclosed to the U.S.P.T.O. during prosecution of the Asserted Patents.

      **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek

objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case

including to the extent it recites the "knowledge of Guest Tek" regarding the identified publication.

Guest Tek further objects to this Topic as calling for attorney-client privileged information,

including to the extent it requests "reasons" why information was supposedly not disclosed to the

USPTO during prosecution.  Guest Tek objects to this Topic to the extent it purports to shift the

burden of proving inequitable conduct from Nomadix.  Guest Tek objects to this Topic to the

extent it assumes facts not in evidence.

      Subject to and without waiver of its General and Specific objections, Guest Tek will

designate one or more witnesses to testify at a mutually agreeable location, time, and date

regarding whether Guest Tek was or was not aware of the Patrick publication before or during

prosecution of the asserted patents, to the extent such information is known or reasonably available

to Guest Tek.

**Topic 18.** Any market or consumer needs that were satisfied by Guest Tek's introduction of any Guest Tek Patented Instrumentality.

      **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek

objects to this Topic as vague and ambiguous, particularly as to its inclusion of the undefined term

"market or consumer needs that were satisfied by Guest Tek's introduction."  Guest Tek further objects to this Topic is overbroad in that it seeks testimony about "any" of those undefined "market or consumer needs," regardless of relevance.  Guest Tek objects to this Topic to the extent it seeks information not within the possession, custody, or control of Guest Tek.  Guest Tek objects to this Topic to the extent it seeks information regarding products or patents not at issue in this case.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 19.** The factual bases for any allegation that any Guest Tek Patented Instrumentality, including but not limited to OneView Internet, has been commercially successful.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, and calling for a legal conclusion, particularly as to its inclusion of the undefined term "commercially successful."  Guest Tek objects to this Topic as seeking information that is more properly the subject of other discovery means, such as interrogatories.  Guest Tek objects to this Topic as an improper contention topic not permitted in this District.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic regarding the sales of Guest Tek OneView Internet, to the extent such information is known or reasonably available to Guest Tek.

**Topic 20.** Guest Tek's strategies, policies, and practices for marketing the Guest Tek Instrumentalities from 2012 to the present; how Guest Tek markets and has marketed its Guest Tek Instrumentalities, including all employees and third parties involved, all types of marketing used, and all channels used, and the respective capacities and incremental and fixed costs associated with the employees, third parties, types of marketing, and channels used.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, unduly burdensome, vague, and ambiguous, including to the extent it recites "marketing" in general and "capacities and incremental and fixed costs associated with the employees, third parties, types of marketing, and channels used," and requires identification of all employees and third parties involved. Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations. Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, including to the extent that Guest Tek is not seeking lost profit damages.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic regarding a general overview of the marketing strategies for Guest Tek OneView Internet, to the extent such information is known or reasonable available to Guest Tek.

**Topic 21.** Guest Tek's manufacturing and marketing capacity for each Guest Tek Instrumentality, including any limitations on such capacity and any and all costs associated with exceeding Guest Tek's present levels of marketing and/or manufacturing.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as neither relevant nor proportional to the needs of the case. Guest Tek further objects to this to the extent it is duplicative of other listed Topics, including but not limited to Topic 20. Guest Tek incorporates all objections identified with respect to those duplicative topics. Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable

- 15 -

privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek

objects to this Topic to the extent it seeks information not relevant to any claim or defense,

including on the grounds that Guest Tek is not seeking lost profit damages.  In view of these

objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify

regarding this Topic.

**Topic 22.** All sales and offers for sale made by Guest Tek or Guest Tek's licensees of Guest Tek
Instrumentalities from 2012 to the present, including how Guest Tek tracks or accounts for those
sales or offers for sale.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek

objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case,

including to the extent that it encompasses products that neither party alleges satisfy one or more

of the asserted claims.  Guest Tek objects to this Topic to the extent it seeks information protected

by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any

other applicable privilege or immunity, or is otherwise subject to third-party confidentiality

obligations.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any

claim or defense, including on the grounds that Guest Tek is not seeking lost profit damages.

Subject to and without waiver of its General and Specific objections, Guest Tek will

designate one or more witnesses to testify at a mutually agreeable location, time, and date

regarding any non-objectionable portion of this Topic, to the extent such information is known or

reasonably accessible to Guest Tek.

**Topic 23.** Guest Tek's financial reporting and accounting policies and practices for the Guest Tek
Instrumentalities for the period from 2012 to the present, including:

a. financial reporting policies and practices;
b. financial or sales forecasting capabilities and practices;

c. financial or sales projections made for any Guest Tek Instrumentality; and

- 16 -

d. unit sales, revenues, costs, and profit and loss information for each of the Guest Tek Instrumentalities from the date of commercial introduction of each productor service, including but not limited to all annual reports, profit allocations, profit and loss statements, revenue, and cost items considered in calculating such profits and losses (including but not limited to Guest Tek's overhead and variable costs).

**Response:**  In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case, including to the extent that it encompasses products that neither party alleges satisfy one or more of the asserted claims.  Guest Tek also objects to this Topic because it encompasses information that Guest Tek may not collate or track in the ordinary course of its business and/or that is not within its possession.  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, including on the grounds that Guest Tek is not seeking lost profit damages, or has otherwise been deemed not relevant by the Court at the September 3, 2020 discovery conference.  *See* Sept. 3, 2020 Hearing Tr. at 51:18-52:3.  Guest Tek further objects to this Topic to the extent it seeks information duplicative of other topics.  Guest Tek incorporates all objections identified with respect to those duplicative topics.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 24.** Guest Tek's pricing and pricing policies for each of the Guest Tek Instrumentalities from 2012 to the present, including Guest Tek's methods of determining and setting prices, discounts, and price changes, and the reasons for such prices, discounts, and price changes.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case, including to the extent that it encompasses products that neither party alleges satisfy one or more of the asserted claims and information that is unrelated to any issue in the case.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, including on the grounds that Guest Tek is not seeking lost profit damages, or has otherwise been deemed not relevant by the Court at the September 3, 2020 discovery conference.  *See* Sept. 3, 2020 Hearing Tr. at 51:18-52:3.  Guest Tek also objects to this Topic because it is duplicative of other listed Topics, including but not limited to Topics 19, 20, and 23.  Guest Tek incorporates all objections identified with respect to those duplicative topics.  In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.

**Topic 25.** The number of units of each Guest Tek Patented Instrumentality sold since 2012, on a monthly basis.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case, including to the extent that it encompasses products that neither party alleges satisfy one or more of the asserted claims and information that is unrelated to any issue in the case.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, including on the grounds that Guest Tek is not seeking lost profit damages, or has otherwise been deemed not relevant by the Court at the September 3, 2020 discovery conference.  *See* Sept. 3, 2020 Hearing Tr. at 51:18-52:3.  Guest Tek also objects to this Topic because it is duplicative of other listed Topics, including but not limited to Topics 19, 20, and 23.  Guest Tek incorporates all objections identified with respect to those duplicative topics.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 26.** For each Asserted Patent, the number of units of each Guest Tek Patented Instrumentality sold since that patent issued that were marked with that patent's number and the number of units that were not so marked.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case, including to the extent that it encompasses products that neither party alleges satisfy one or more of the asserted claims and information that is unrelated to any issue in the case. Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, or is otherwise unlikely to lead to the discovery of admissible evidence. Guest Tek also objects to this Topic as calling for a legal conclusion as to the term "marked." Guest Tek objects to this Topic to the extent it purports to shift Nomadix's burden of proving a § 287 defense onto Guest Tek. Guest Tek objects to this Topic to the extent it assumes facts not in evidence.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 27.** All labels, or virtual marking, relating to patents used with each Guest Tek Patented Instrumentality sold since 2012, including identification of such labels or virtual marking, the content of such labels or virtual marking, when each label or virtual marking was used, and any failure by Guest Tek or its licensees to mark any Guest Tek Patented Instrumentality.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case,

including to the extent that it encompasses products that neither party alleges satisfy one or more of the asserted claims and information that is unrelated to any issue in the case.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, or is otherwise unlikely to lead to the discovery of admissible evidence.  Guest Tek also objects to this Topic as calling for a legal conclusion as to the terms "mark" and "marking."  Guest Tek objects to this Topic to the extent it purports to shift Nomadix's burden of proving a § 287 defense onto Guest Tek.  Guest Tek objects to this Topic to the extent it assumes facts not in evidence.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 28.** All licenses of the Asserted Patents, including the identities of the licensees, the agreements or other license documents, the related negotiations, and the dates of the licenses.

**Response:**  In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek objects to this Topic to the extent it seeks information regarding patents no longer being asserted in this case.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 29.** The monthly sales volume of each product licensed under any Asserted Patent, from 2012 to the present.

**Response:**  In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as overbroad, and neither relevant nor proportional to the needs of the case, including to the extent that it encompasses products that neither party alleges satisfy one or more of the asserted claims and information that is unrelated to any issue in the case.  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, or is otherwise unlikely to lead to the discovery of admissible evidence, particularly as Guest Tek is not seeking lost profit damages.  Guest Tek objects to this Topic to the extent it seeks information not within its possession, custody, or control.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 30.** All evidence Guest Tek intends to rely upon to establish its, and its licensees', patent marking of each product Guest Tek contends practices one or more of the Asserted Patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic to the extent it is duplicative of other Topics, including Topics 26 and 27. Guest Tek incorporates all objections identified with respect to those duplicative topics.  Guest Tek also objects to this Topic as calling for a legal conclusion as to the term "marking."  Guest Tek further objects to the Topic to the extent it would prematurely and improperly require Guest Tek to identify "all evidence Guest Tek intends to rely upon."  Guest Tek objects to this Topic to the extent it purports to shift Nomadix's burden of proving a § 287 defense onto Guest Tek.  Guest

Tek objects to this Topic to the extent it assumes facts not in evidence.  Guest Tek objects to this Topic to the extent it purports to ask the witness to testify regarding Guest Tek's contentions, as such topic is an improper contention topic not permitted in this District.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 31.** All Technology Transfers concerning any Guest Tek Technology or any Asserted Patent, including without limitation any agreement concerning any royalty or other payments made to Guest Tek or any other person or entity under any such agreement.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, and/or overbroad, including as to its use of the phrase "concerning any Guest Tek Technology or any Asserted Patent."  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek also objects to this Topic as duplicative of other Topics, including but not limited to Topic 28 (Guest Tek incorporates all objections identified with respect to those duplicative topics), and because it may require testimony regarding numerous agreements involving Guest Tek and all facts related to those agreements.  As such, the Topic is unduly burdensome and seeks testimony that is not relevant to the subject matter of this litigation, not proportional to the needs of the case, and not proportional to the needs of the case.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and

confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 32.** All proposals or offers to license one or more of the Asserted Patents made by Guest Tek or any other person or entity, or any potential or prospective agreement concerning one or more of the Asserted Patents, including:

> a. the terms, nature and scope of any such proposal, offer, or potential or prospective agreement;
>
> b. the documents memorializing or concerning any such proposal, offer, or potential or prospective agreement, including any related drafts, memoranda, or correspondence;
>
> c. the reasons and motivations, financial or otherwise, for proposing or offering any such proposal or license, or contemplating entering into any such potential or prospective agreement;
>
> d. the royalties, royalty rates or other payments requested or proposed by Guest Tek or any other person or entity in connection with any such proposal or offer to license one or more of the Asserted Patents or any such potential or prospective agreement concerning one or more of the Asserted Patents;
>
> e. how the amount of any such requested or proposed consideration, royalties or other payments were arrived at or calculated; and communications between Guest Tek or any other person or entity about any such proposal or offer to license one or more of the Asserted Patents, or any such potential or prospective agreement concerning one or more of the Asserted Patents;
>
> f. any methodology employed by Guest Tek in determining payment terms offered by Guest Tek, including but not limited to lump-sum, running royalty, per-unit royalty, and annual royalty payment terms.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic to the extent it is duplicative of other Topics, including Topic 28.  Guest Tek incorporates all objections identified with respect to those duplicative topics.  Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek objects to this Topic to the extent it seeks information not within the possession, custody, or control of Guest Tek.  Guest

Tek objects to this Topic as failing to identify with particularity the "documents" and "communications" on which testimony is sought.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic, to the extent such information is known or reasonably available to Guest Tek.

**Topic 33.** All Technology Transfers under which Guest Tek has received any rights concerning any patent purported to cover any Guest Tek Instrumentality, including without limitation any agreement concerning any royalty or other payments made by Guest Tek to any other person or entity under any such Technology Transfer.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, and/or overbroad, including as to its use of the phrase "All Technology Transfers under which Guest Tek has received rights concerning any patent purported to cover any Guest Tek Instrumentality." Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations. Guest Tek objects to this Topic to the extent it seeks information not within the possession, custody, or control of Guest Tek. Guest Tek also objects to this Topic because it seeks testimony not relevant to the subject matter of this litigation, not proportional to the needs of the case, and not proportional to the needs of the case. Guest Tek also objects to this Topic as duplicative of other Topics, including but not limited to Topic 28 and 31.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic. However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 34.** Guest Tek's customs, practices and policies (whether formal or informal) for negotiating and entering into licenses, including whether and under what conditions Guest Tek has and/or will license others to use the alleged invention(s) of the Asserted Patents and whether and under what conditions Guest Tek has or will license in patents or technology from third parties.

     **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic because it is vague, ambiguous, and seeks Guest Tek's speculation and otherwise irrelevant testimony, including to the extent it recites the undefined terms "customs," "practices," and "policies," "formal or informal," and "under what conditions Guest Tek has and/or will license others to use the alleged invention(s)." Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations. Guest Tek also objects to this Topic as duplicate of other Topics, including Topics 28 and 32. Guest Tek incorporates all objections identified with respect to those duplicative topics.

     Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic to the extent Guest Tek understands the Topic, and such information is known or reasonably availability to Guest Tek.

**Topic 35.** The industry customs, practices and policies (whether formal or informal) for negotiating and entering into licenses relating to the subject matter of the Asserted Patents, including how Guest Tek became aware of such customs, practices and policies.

     **Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it recites "industry customs, practices and policies (whether formal or informal)." Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other

applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations. Guest Tek objects to this Topic to the extent it seeks information not within the possession, custody, or control of Guest Tek.  Guest Tek also objects to this Topic because it calls for expert testimony.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 36.** Responses to requests for proposals, proposals, quotations, or bids for the Guest Tek Instrumentalities.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it recites responses, proposals, etc. "for the Guest Tek Instrumentalities." Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity, or is otherwise subject to third-party confidentiality obligations.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense in this case, particularly as Guest Tek is not seeking lost profit damages.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topics 37.** The markets in which Guest Tek and/or Nomadix compete and/or have competed between 2012 and the present, including identification of all competitors in those markets and the products and/or services that compete.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it recites "markets," "competitors," and "products and/or services that compete." Guest Tek objects to this Topic to the extent it seeks information regarding "all competitors" as vague, overbroad, and unduly burdensome. Guest Tek objects to this Topic to the extent it seeks information already within Nomadix's possession, custody, or control. Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense in this case, particularly as Guest Tek is not seeking lost profit damages. Guest Tek also objects to this Topic because it calls for expert testimony.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic. However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 38.** Any and all circumstances from 2012 to the present in which Guest Tek competed with Nomadix or a Nomadix distributor or reseller for any sale or contract.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding whether Guest Tek "competed" with "Nomadix" or a Nomadix distributor or reseller. Guest Tek also objects to this Topic to the extent it calls for information unknown to Guest Tek or not within its possession, custody, or control, or otherwise already within Nomadix's possession, custody, or control. Guest Tek objects to this Topic to the extent the terms "competed with," "Nomadix distributor or reseller," "any sale or contract" are undefined, vague, and ambiguous. Guest Tek objects to this Topic to the extent it

seeks information not relevant to any claim or defense, particularly as Guest Tek is not seeking lost profit damages.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections..

**Topic 39.** The suppliers or products competitive with each Guest Tek Instrumentality, from 2012 to present.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding "suppliers" or products competitive" with each Guest Tek Instrumentality from 2012 to present.  Guest Tek also objects to this Topic to the extent it calls for information unknown to Guest Tek or not within its possession, custody, or control.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, particularly as Guest Tek is not seeking lost profit damages.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 40.** The market share (within and outside the United States separately) of each Guest Tek Instrumentality, on a monthly, quarterly, and annual basis, from 2012 to the present.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding the undefined term "market," regarding

"market share outside the U.S.", and regarding market share since 2012.  Guest Tek also objects to this Topic to the extent it calls for information unknown to Guest Tek or not within its possession, custody, or control.  Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense, particularly as Guest Tek is not seeking lost profit damages.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 41.** The features and/or functionalities of the Guest Tek Instrumentalities that are and/or have been considered important, valuable, or desirable by Guest Tek's customers and/or potential customers, and the factual bases for Guest Tek's understanding that its customers and/or potential customers find such features and/or functionalities important, valuable, or desirable.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding the undefined terms "important," "valuable," and "desirable."  Guest Tek also objects to this Topic to the extent it calls for information unknown to Guest Tek or not within its possession, custody, or control.  Guest Tek objects to this Topic to the extent it seeks information more readily obtained through other discovery means, such as third-party discovery.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic to the extent Guest Tek understands the Topic, and such information is known or reasonably availability to Guest Tek.

**Topic 42.** Any valuations of any Asserted Patents, whether alone or in conjunction with other patents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding the undefined term "valuation." Guest Tek also objects to this Topic to the extent it calls for testimony that is subject to the attorney-client privilege, work product, or other applicable privilege or confidentiality obligations. Guest Tek objects to this Topic to the extent it seeks expert testimony in advance of the deadlines set forth in the Scheduling Order.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic to the extent Guest Tek understands the Topic, and such information is known or reasonably availability to Guest Tek.

**Topic 43.** The value of the alleged inventions of the Asserted Patents to Guest Tek as a generator of sales of Guest Tek Instrumentalities, if any, and the nature and amounts of any such sales.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding the undefined terms "value," "alleged inventions," and "generator of sales." Guest Tek also objects to this Topic to the extent it calls for testimony that is subject to the attorney-client privilege, work product, or other applicable privilege or confidentiality obligations. Guest Tek objects to this Topic to the extent it seeks expert testimony in advance of the deadlines set forth in the Scheduling Order.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic to the extent Guest Tek understands the Topic, and such information is known or reasonably availability to Guest Tek.

**Topic 44.** Guest Tek's responses to interrogatories and other discovery requests.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic to the extent it calls for testimony that is subject to the attorney-client privilege, work product, or other applicable privilege or confidentiality obligations. Guest Tek also incorporates the individual objections from its responses to interrogatories and other discovery requests. Guest Tek objects to this Topic to the extent it seeks information not relevant to any claim or defense of any party, or regarding patents no longer being asserted in this case or products that have not been accused of infringement.

Subject to and without waiver of its General and Specific objections, Guest Tek will designate one or more witnesses to testify at a mutually agreeable location, time, and date regarding any non-objectionable portion of this Topic to the extent Guest Tek understands the Topic, and such information is known or reasonably availability to Guest Tek.

**Topic 45.** The nature, existence and location of all documents relating to the subject matter of each of the foregoing topics, and Guest Tek's efforts to preserve, search for, collect and produce those documents.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding the terms "nature," "relating to," and "subject matter." It also objects to the Topic as unduly burdensome and vague because it requests testimony on "all documents." Guest Tek objects to this Topic as seeking information not relevant to any claim or defense in this case. Guest Tek objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

**Topic 46.** The identities of persons with knowledge regarding the subject matter of each of the foregoing topics.

**Response:** In addition to its General Objections, which are incorporated herein, Guest Tek objects to this Topic as vague, ambiguous, overbroad, and not proportional to the needs of the case, including to the extent it requests testimony regarding the terms "identities," "regarding," and "subject matter."  It also objects to the Topic as overbroad, unduly burdensome, and irrelevant because it appears to request testimony on every person who may have knowledge regarding the identified topics.  Guest Tek objects to this Topic to the extent it seeks information not within its possession, custody, or control, or within the possession, custody, or control of Nomadix or other third parties.  Guest Tek objects to this Topic to the extent it seeks information that is more appropriately obtained through other discovery means, such as Rule 26 disclosures or other written discovery.

In view of these objections and Guest Tek's General Objections, Guest Tek will not designate a witness to testify regarding this Topic.  However, if Nomadix is willing to meet and confer with Guest Tek to narrow and clarify this Topic, Guest Tek will consider designating one or more witnesses to testify regarding this Topic subject to its objections.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Michael J. Swope
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104
(206) 332-1380

Charles C. Carson
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC  20036
(202) 861-1500

Jeffrey W. Lesovitz
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Andrew E. Samuels
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215
(614) 228-1541

October 6, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2020, copies of the foregoing were caused to be

served upon the following in the manner indicated:

Kenneth L. Dorsney, Esquire                           *VIA ELECTRONIC MAIL*
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
*Attorneys for Defendant*

Douglas G. Muehlhauser, Esquire                       *VIA ELECTRONIC MAIL*
Mark Lezama, Esquire
Justin J. Gillett, Esquire
KNOBBES, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 9 2614
*Attorneys for Defendant*

Andrea L. Cheek, Esquire                              *VIA ELECTRONIC MAIL*
KNOBBES, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, DC 20006
*Attorneys for Defendant*


/s/ Jennifer Ying
_____
Jennifer Ying (#5550)

EXHIBIT 2

| | |
|---|---|
| **From:** | Samuels, Andrew |
| **To:** | Mark.Lezama; Justin.Gillett; Carson, Charles C. |
| **Cc:** | jying@mnat.com; Guest-TekDE; Nomadix.Guest-Tek; Dorsney, Kenneth L.; @IP Para; Tigan, Jeremy A. |
| **Subject:** | RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition |
| **Date:** | Tuesday, November 10, 2020 1:53:38 PM |

Mark,

Please use this conference line:


   +1 312 626 6799 US (Chicago)

   +1 929 205 6099 US (New York)

   +1 669 900 6833 US (San Jose)

  Meeting ID: 953 2433 6014

  Password: 7128109364

Regards,
Andrew

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Tuesday, November 10, 2020 4:48 PM
**To:** Samuels, Andrew <asamuels@bakerlaw.com>; Justin Gillett <Justin.Gillett@knobbe.com>;
Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para
<MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Andrew, I can talk at 5:00. What number should I call?

Incidentally, there was nothing inaccurate about Justin's e-mail.

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Samuels, Andrew <asamuels@bakerlaw.com>
**Sent:** Tuesday, November 10, 2020 12:36 PM

**To:** Justin.Gillett <Justin.Gillett@knobbe.com>; Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para
<MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

As Nomadix knows, Chuck is currently defending Ms. Sachdeva's deposition. He cannot now respond
to yet another inaccurate multi-paragraph email about issues on which Guest Tek has repeatedly
requested a telephonic meet-and-confer. Guest Tek is available at 5:00 p.m. eastern today to meet
and confer. Please confirm that Nomadix will meet and confer at 5:00 p.m. eastern today. If
Nomadix is not available to meet and confer at that time, then please confirm that Nomadix will
meet and confer at 6:00 p.m. eastern today.

Regards,
Andrew

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Tuesday, November 10, 2020 2:30 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para
<MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

Again, we disagree. You repeat many assertions that we've already addressed, and it won't be
productive for me to repeat our responses. I will address three points though.

First, you assert that Nomadix has refused to confer on the issues you raise. That is false. While we
believe the parties have sufficiently conferred via e-mail and a phone call is unlikely to be productive
in this situation, you have not asked for a call that we refused to appear for. The true sequence of
events appears below in this e-mail thread. The evening of November 4 (November 5 Eastern time),
*Nomadix* proposed a phone call on November 5 to address Guest Tek's failure to make its witnesses
available. You responded that you were instead available on November 6 at 4:30 Eastern and that
you would provide proposed dates in advance of the call. At 4:16 Eastern on November 6, you sent a
lengthy e-mail that concluded with: "If you would like to discuss any of the above by phone, we are
available this afternoon at 4:30pm.  Please let us know if you would like to have a call, and we will
circulate a dial-in." As I noted in an e-mail (outside of the thread below), Nomadix made itself
available at 4:30 p.m. that day. We expect that you will not misrepresent to the Court that Nomadix
has refused to confer. If you would like to have a phone call, please let us know.

Second, your accusations of gamesmanship, prejudice, and unfairness are unfounded. Apart from

being unproductive, it is surprising that you would make these accusations when Guest Tek's actions have been more prejudicial to Nomadix than any Nomadix action has been to Guest Tek. On October 29, Guest Tek initially represented it would appear for its 30(b)(6) deposition within the discovery period through Mr. Ong and Mr. Aviv. That same day, Nomadix noticed the deposition of Mr. Levy. On November 2 and again on November 4, Nomadix asked Guest Tek to identify which 30(b)(6) topics Mr. Ong and Mr. Aviv would handle. You did not respond. Eight days after Nomadix noticed Mr. Levy's deposition, on November 6, Guest Tek stated for the first time that Mr. Levy would be a 30(b)(6) representative. Still, Guest Tek did not identify the allocation of topics. Now, on November 10, two days before Mr. Ong and Mr. Aviv's depositions, you have informed us that Mr. Ong and Mr. Aviv will prepare on only 14 of 46 topics, or less than one-third of the topics. In contrast, Nomadix made Ms. Leeds and Messrs. Olshansky, Cook, and Ambrosio available on the date Guest Tek requested, November 13. Your suggestion that Nomadix has offered to make them available only on that day is misleading; that is the day Guest Tek *requested*. Guest Tek thus intended that all four of these individuals would be deposed on the same day and that Nomadix's 30(b)(6) deposition would be completed the same day. Nothing has changed that materially prejudices Guest Tek. On the other hand, Guest Tek disclosed its allocation of topics on shorter notice and has for the first time today revealed it will not provide any representative within the discovery period on more than two-thirds of Nomadix's 30(b)(6) topics.

Third, on a related note, Guest Tek is not entitled to unilaterally choose not to prepare on all 30(b)(6) topics, and its apparent plan to have Mr. Ong and Mr. Aviv prepare on less than one-third of the topics constitutes a failure to appear for a 30(b)(6) deposition. We have offered to withdraw Nomadix's topic 45 if Guest Tek withdraws topics 60 and 61, which we will take you to accept if neither Mr. Ong nor Mr. Aviv is designated for topic 45. Nomadix has not agreed to withdraw any other topics, and, absent a protective order indicating otherwise, it is Guest Tek's responsibility to prepare on all topics not withdrawn regardless of Guest Tek's purported objections. I think the parties share concerns about the breadth of some of the other side's topics; as I indicated yesterday, we are trusting Guest Tek to focus on facts directly relevant to the case and believe problems are unlikely to arise if Guest Tek does so. We are nonetheless happy to confer to clarify some ground rules that will apply equally to both parties, as ultimately the parties must adhere to the same standards. But Guest Tek cannot simply shrug off its responsibility to prepare on any given topic.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Tuesday, November 10, 2020 6:45 AM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

Informing Guest Tek for the first time that Nomadix intends to designate four individuals as 30(b)(6) witnesses and to only make those witness available all on the same day and providing Guest Tek only three days notice of that designation and availability is entirely unreasonable and prejudicial to Guest Tek.  Further, it contradicts Nomadix's prior representation during the parties' meet and confer on Oct 29 that it intended to only designate two individuals as 30(b)(6) witnesses.

Similarly, serving objections that attempt to limit the scope of Guest Tek's 30(b)(6) deposition three days prior is also entirely unreasonable and prejudicial to Guest Tek.  Guest Tek served its 30(b)(6) notice over a month ago and raised Nomadix's failure to serve objections during the parties' Oct 29 meet and confer nearly two weeks ago.  Nomadix represented that it would serve its objections last week, but failed to do so.

As we informed you last Friday and again yesterday, Guest Tek will not be deposing Nomadix's 30(b)(6) designees this week in light of the resulting prejudice to Guest Tek due to Nomadix's repeated delay and gamesmanship as recounted above and in our prior correspondence.

Thus, the remaining deposition schedule this week consists of Ms. Sachdeva today, Nov 10, and Mr. Ong and Mr. Aviv on Thursday, Nov 12.  Mr. Ong is the designee for Nomadix 30(b)(6) topics 1 (OVI features/operation), 2, 3, 4, 15, 16.  Mr. Aviv is the designee for Nomadix 30(b)(6) topics 1 (OVI financials), 19, 20 (costs), 22, 23, 25, 26, 29, and 43.  As we previously informed you, Mr. Levy will address the remaining topics for which Guest Tek has agreed to provide a witness and is available the week of Nov 16.

As we stated yesterday, Guest Tek will seek an extension of fact discovery until Dec 4 for purposes of conducting depositions that have already been timely noticed (including the deposition of Mr. Hulse; we have asked for available dates after Nov 13) and including those noticed by third-party subpoena.  It would appear that a motivating factor in Nomadix's unreasonable refusal to extend fact discovery is an attempt to foreclose Guest Tek's ability to complete its third-party discovery including third-party depositions.  The Court, however, ruled on Nov 4 that the third-party discovery could go forward.  The only reason the third-party discovery has not been completed is because of the delay resulting from Nomadix's attempt to quash the discovery, which the Court rejected.

While we remain available to meet and confer over these issues, we note that you have refused to do so, and we intend to call the Court this afternoon at 3pm ET to raise the dispute.  Please let us know if Nomadix wants to join in that call.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Monday, November 9, 2020 11:54 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>

**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

In short, we disagree completely. Nomadix is taking the November 13 deadline for fact discovery seriously and is preparing to complete discovery by then. Guest Tek's rationales for extending the deadline are meritless, and if it continues to ignore the deadline, it will do so at its peril.

Nomadix does not have any production of further configuration information planned. We do not know what you are referring to. Neither the Court's order nor anything we said at the hearing suggested such a production.

After rescheduling Ms. Leeds's deposition for November 13, Guest Tek requested to depose three more Nomadix witnesses on November 13 (Olshansky, Cook, and Ambrosio) and further proposed that 30(b)(6) designees sit for only one seven-hour deposition collectively in their 30(b)(6) and individual capacities. Nomadix agreed to both proposals. Your position that Guest Tek now cannot take the depositions it noticed for November 13 because it had not received objections for those depositions makes no sense. No rule requires objections to 30(b)(6) depositions. Even if objections needed to be in writing and given in advance, they could not expand the scope of the topics, so it is pointless to pretend that the absence of objections has somehow prevented you from preparing for Friday. We have made clear that Leeds, Olshansky, Cook, and Ambrosio are all available on November 13 as Guest Tek requested. We understand that Guest Tek now chooses not to take any of those depositions on that day, knowing that Nomadix does not agree to extend the fact-discovery cutoff. If that is incorrect, please let us know by 10:00 a.m. Eastern tomorrow, November 10, so that the deponents know to keep that date open.

The parties do not have the power to stipulate to extend the time to complete discovery. Nomadix is opposed to Guest Tek's proposal. Guest Tek has had plenty of time to complete fact discovery within the deadline. The third-party discovery is no reason to extend the deadline yet again. Guest Tek did not seek this discovery until the last minute and chose to serve overbroad and burdensome requests.

Since you are keen on receiving objections that are not required, we have prepared the attached set of objections to Guest Tek's 30(b)(6) topics. The objections simply reflect that virtually every topic is worded in a way that, if read literally, would make it overbroad and not proportional to the needs of the case or would call for legal conclusions by a layperson. We expect that Guest Tek will not seek to waste time on pushing the limits of its broadly worded requests and will instead focus on facts directly relevant to the case. Nomadix will accordingly prepare its designees reasonably in light of the scope of the case. We note that Guest Tek objects to many topics in Nomadix's notice on grounds that apply equally to Guest Tek's notice; we also note Guest Tek states it will not produce a designee on certain topics, which is not permitted absent agreement of the parties or a court order. The parties need to adhere to the same rules, and we expect Guest Tek not to take inconsistent positions. To that end, we propose that Guest Tek withdraw topics 60 & 61 in exchange for Nomadix withdrawing topic 45, which are essentially the same in scope and for which Guest Tek does not wish to prepare.

Nomadix designates its witnesses on the following topics:

| Witness | Topics |
| --- | --- |
| Brian Ambriosio | 7, 10-11, 17, 27-28, 30, 32, 34, 38-41, 55-56 |
| Jeremy Cook | 9, 12-14, 18-19, 25, 31, 44-47, 50 |
| Vadim Olshansky | 1-6, 15, 33, 35-37, 42-43, 48, 51-54, 57-59 |
| Wendi Leeds | 8, 16, 20-24, 26, 29, 49, 62 |

Please identify which witness will handle each topic in Nomadix's notice. **Please do so by 10:00 a.m. Eastern tomorrow**.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Monday, November 9, 2020 5:43 AM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

For the reasons addressed in our email to you on Friday, and to the substance of which you have not responded, we believe it is entirely unreasonable and prejudicial to Guest Tek for Nomadix to insist on moving forward under the current fact discovery schedule.  We reiterate that Mr. Levy and Mr. Warrick are not available this week, and we have proposed alternative dates for them.  We will not be deposing Nomadix's Rule 30(b)(6) designees this week in light of Nomadix's continued failure to timely serve its objections.  Guest Tek's Rule 30(b)(6) deposition notice was served over a month ago, and we have repeatedly requested Nomadix's objections to no avail.  With respect to Mr. Hulse, Nomadix only added him to its initial disclosures late last week, one week prior to the close of fact discovery.  We understand from the California litigation that Nomadix has long been in contact with Mr. Hulse.  Nomadix unreasonably delayed in disclosing him as a witness in Delaware causing prejudice to Guest Tek.

In light of the above, and for the reasons more fully addressed in our prior correspondence, Guest Tek requests that the parties agree to an extension of fact discovery solely for purposes of conducting depositions that have already been timely noticed (including the deposition of Mr. Hulse; we have asked for available dates after Nov 13).  Such an extension is also necessary to accommodate the third-party subpoenas, the responses to which have been delayed as a result of Nomadix's unsupported and unreasonable reading of the Court's narrow Sep 3 order to somehow exclude such third-party discovery.  The Court rejected that reading on Nov 4 and ruled that the subpoenas were proper and could go forward.  We also understand that Nomadix will be

affirmatively producing more configuration data from its customers in light of the Court's order. Guest Tek will not depose Nomadix's Rule 30(b)(6) designees without that information in hand and with a reasonable amount of time to review it.

Given the above and in light of the Thanksgiving holiday, we propose an extension of fact discovery to Friday, Dec 4.  Please let us know Nomadix's position on the proposed extension today so that we may immediately seek relief from the Court if necessary.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Friday, November 6, 2020 10:57 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

We note that Guest Tek asked to start the deposition of Brett Molen at 11:00 a.m. Pacific. To accommodate that delayed start time, we need to begin the deposition at noon Pacific.

Thank you for providing dates for the depositions of Zoey Sachdeva, Eli Aviv, and David Ong. Nomadix plans to start those depositions at 9:00 a.m. Pacific on the dates Guest Tek has now provided; if Guest Tek requests a different start time for any of those depositions, then please let us know by Monday at noon Pacific.

Nomadix confirms that, as noted in our email on Wednesday, Brian Ambrosio and Jeremy Cook are available on Guest Tek's requested date of November 13.

Nomadix does not agree to delay depositions of Guest Tek witnesses until after the November 13 deadline to complete fact discovery. In response to Guest Tek's inquiry regarding Mr. Warrick, as Guest Tek's Chief Technology Officer, he likely has discoverable information. Nomadix has noticed the depositions of Arnon Levy and Mr. Warrick for November 10 and 12, respectively. As director and officer of the plaintiff, Nomadix expects Messrs. Levy and Warrick to appear for deposition on their noticed days. While Nomadix can be flexible within the fact discovery period, we take seriously the November 13 deadline set by the Court. If Guest Tek provides alternative dates for the depositions of Messrs. Levy and Warrick within the discovery period by Monday at noon Eastern, then Nomadix will consider them. As stated in my email on Wednesday, Nomadix will move to preclude from trial any witnesses whom Guest Tek does not produce for deposition by the fact-discovery cutoff of November 13.

The deposition of Mr. Levy has been noticed for Tuesday, and Guest Tek stated for the first time

today that Mr. Levy will be a 30(b)(6) designee. By Monday at noon Eastern, please disclose the 30(b)(6) topics for which Mr. Levy has been designated.

Nomadix will produce Vadim Olshansky and Wendi Leeds for depositions on November 13, as Guest Tek requested. Nomadix does not agree to delay those depositions until after the discovery period.

As noted in our email on Thursday, Mr. Hulse is available for deposition any day next week beginning at 10:00 a.m. his time or at another start time that is mutually acceptable. We expect that his remote deposition should not take long and, given his broad availability, there is no reason that his deposition cannot take place within the fact discovery period. If Guest Tek wishes to depose Mr. Hulse, then please let us know which date on or before November 13 Guest Tek prefers.

In view of our prior comments, we take it that Guest Tek will not be deposing Mr. Reeder.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Friday, November 6, 2020 1:16 PM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

This confirms that Zoey Sachdeva is available Nov 10 and Eli Aviv and David Ong are available on Nov 12.  Arnon Levy and Peter Warrick, both of whom Nomadix only recently noticed for deposition, are not available next week.  Mr. Levy has availability the week of Nov 16.  Guest Tek's Rule 30(b)(6) designees are Mr. Aiv, Mr. Ong, and Mr. Levy.

We note that Mr. Warrick is not listed on either parties' initial disclosures.  Nor is Mr. Warrick a 30(b)(6) designee.  Accordingly, we do not understand why Nomadix is seeking his deposition.  Please explain.

With respect to Mr. Hulse, given that Nomadix has added him to its disclosures one week prior to the close of fact discovery, we assume you will make him available for deposition sometime after Nov. 13.  We are not available to take his deposition next week.  Please provide dates later in November for Mr. Hulse or confirm that Nomadix will drop him from its disclosures and will not rely on him as an expert or fact witness at trial.

Finally, with respect to Guest Tek's Rule 30(b)(6) notice, which was served on October 7, 2020, it has now been over a week since our last meet and confer and we still don't have Nomadix's objections. In light of the resulting prejudice to Guest Tek's ability to prepare for the depositions, we do not

agree to the proposed Nov 13 date for the 30(b)(6) depositions.  Please provide dates later in November for Mr. Olshansky and Ms. Leeds.

If you would like to discuss any of the above by phone, we are available this afternoon at 4:30pm. Please let us know if you would like to have a call, and we will circulate a dial-in.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Thursday, November 5, 2020 4:54 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

As promised, today Nomadix served second supplemental disclosures that remove Fred Reeder. We believe this obviates the need for Guest Tek to depose Mr. Reeder; if Guest Tek disagrees, then please let us know.

Nomadix's second supplemental disclosures also identify David Hulse on information concerning prior art, including Linux. Those disclosures provide contact information for Mr. Hulse, but please do not contact Mr. Hulse directly because we represent him. Mr. Hulse lives in Greece. He is available for deposition during a weekday next week beginning at 10:00 a.m. Greece time. We may be able to work out a different mutually acceptable start time if Guest Tek agrees to a shorter deposition so it does not go into the night Greece time. Please let us know how Guest Tek would like to proceed.

Your email today did not respond to the latest email in this thread, so I'm pasting in that email, as indicated below.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Thursday, November 5, 2020 11:43 AM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

Thank you for your email and for providing dates for Nomadix's witnesses.  We are not available today at 4:30pm Eastern, but propose a call tomorrow at 4:30pm Eastern to discuss.  We will send you Guest Tek's remaining proposed dates in advance.  I can confirm Mr. Draper for tomorrow at 9:00am Pacific and Mr. Molen for Monday at 11:00am Pacific.

Regards,
Chuck

===BEGIN INSERTION===

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Wednesday, November 4, 2020 10:32 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

Based on attempting service at the address Guest Tek provided for Kenneth Barnes, it appears Mr. Barnes does not live there, nor does anyone else. In light of this and the other history on this issue, Guest Tek should be precluded from calling Mr. Barnes as a witness at trial in this case. Please let us know whether Guest Tek agrees that it will not call Mr. Barnes as a witness, rely on any testimony by Mr. Barnes, or otherwise use information from Mr. Barnes to support its claims or defenses in this case. If Guest Tek does not agree, then Nomadix intends to seek that relief from the Court.

Best regards,
Justin

===END INSERTION===

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Thursday, November 5, 2020 1:27 AM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

It was improper for Guest Tek to take tomorrow's deposition of Zoey Sachdeva off calendar as a bargaining chip, after having offered that date and after Nomadix was prepared to conduct the

deposition. The delays Guest Tek alleges in an attempt to justify its tit-for-tat action have nothing to do with tomorrow's deposition going forward. And delaying that deposition only aggravates the tight timeframe that Guest Tek complains about by further compressing depositions toward the November 13 deadline to complete fact discovery.

At the time of the parties' call last Thursday, October 29, Guest Tek had noticed only two depositions: a 30(b)(1) of Wendi Leeds and a 30(b)(6) of Nomadix. On the call, Nomadix confirmed Ms. Leeds was available on the noticed date of October 30, and again on November 13. Nomadix also stated that Ms. Leeds would be one of Nomadix's 30(b)(6) designees. The only scheduling issue outstanding was to get dates for Nomadix's other designee. Nomadix has since agreed to produce for deposition that other designee, Vadim Olshansky, on the date Guest Tek requested for his deposition.

Guest Tek's complaint that the parties do not have a complete list of proposed dates is due to Guest Tek's delay. Guest Tek waited until yesterday to issue four of its five notices for 30(b)(1) depositions. Despite Guest Tek's delay, Nomadix has already provided availability for one of those witnesses, and Nomadix addresses the other three witnesses herein. In contrast, Guest Tek has failed to provide availability for (1) Eli Aviv, whom Nomadix identified for deposition October 16; (2) Arnon Levy, whose deposition Nomadix noticed on October 29; or (3) Peter Warrick, whose deposition Nomadix noticed on November 2. In addition, Guest Tek has now rescinded the available date for Zoey Sachdeva, whom Nomadix identified for deposition October 16.

It is improper for Guest Tek to withhold the deposition of Ms. Sachdeva or any other witness. Nomadix's 30(b)(6) objections have no connection to scheduling the 30(b)(1) deposition of Ms. Sachdeva. Nor does Guest Tek's proposal that 30(b)(6) designees sit for only one deposition. By withholding Ms. Sachdeva, Guest Tek is prejudicing Nomadix's ability to get discovery that Nomadix timely noticed. If Guest Tek does not produce Ms. Sachdeva for deposition by the fact-discovery cutoff of November 13, then Nomadix will move to preclude Ms. Sachdeva from testifying at trial, along with any other witnesses whom Guest Tek does not produce by that date. Nomadix does not agree to extend fact depositions beyond the November 13 deadline to complete fact discovery.

Nomadix plans to depose Messrs. Draper, Molen, and Ong at 9:00 a.m. on the available dates that Guest Tek provided, which are November 6, 9, and 12, respectively. If Guest Tek now refuses to produce those witnesses on those dates, then please inform us immediately so Nomadix does not incur the cost it wasted for the deposition of Ms. Sachdeva.

After Guest Tek noticed its four additional 30(b)(1) depositions yesterday, Nomadix diligently sought availability for its witnesses. In those notices, Guest Tek requested that each witness sit for deposition on November 13. Nomadix previously informed Guest Tek that it will produce Vadim Olshansky on Guest Tek's requested date of November 13 and Guest Tek also opted to take Ms. Leeds' deposition on November 13. Subject to final confirmation, it looks like Brian Ambrosio and Jeremy Cook will also be available on Guest Tek's requested date of November 13. Nomadix will remove Fred Reeder from its initial disclosures; please confirm that this obviates Guest Tek's need to depose Mr. Reeder.

Nomadix agrees to Guest Tek's proposal that 30(b)(1) witnesses also designated for 30(b)(6) topics sit for one deposition not to exceed seven hours.

Nomadix is available to confer tomorrow at 1:30 p.m. Pacific time. Please be prepared during that call to schedule the depositions of Messrs. Aviv, Levy, and Warrick, and to reschedule the deposition of Ms. Sachdeva.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Wednesday, November 4, 2020 5:49 PM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

During the parties' meet and confer one week ago, we proposed tentative dates for the majority of our witnesses as part of what was intended to be a mutual exchange and a cooperative discussion to set the entire schedule for all witnesses that took into account both witness and attorney availability over a tight two-week timeframe.  You agreed to get back to us, and we heard nothing from you, despite our follow-up, until this afternoon.  Now we are almost a week away from the close of fact discovery, and we still do not have Nomadix's 30(b)(6) objections and do not have a complete list of proposed dates.  You've also never responded to our proposal that 30(b)(1) witnesses also designated for 30(b)(6) topics sit for one deposition not to exceed seven hours.

At this point, given Nomadix's delay in responding to the issues raised in the parties' meet and confer, Ms. Sachdeva is no longer available on Nov 5.  Please let us know when Nomadix will serve its 30(b)(6) objections and be prepared to discuss the deposition schedule in its entirety.  Simply promising to provide witness availability dates "within a reasonable time" is not sufficient.  When Nomadix is ready, we are prepared to discuss the schedule for all witnesses including Ms. Sachdeva.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Wednesday, November 4, 2020 6:39 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

Despite Nomadix's requests, Guest Tek still has still not provided a clear answer as to whether it will be producing Zoey Sachdeva for deposition tomorrow. Nomadix will proceed with the remote deposition of Ms. Sachdeva at 9:00 a.m. tomorrow. I am attaching an amended notice of Ms. Sachdeva's deposition reflecting the November 5 date that Guest Tek provided last week. If Guest Tek does not produce Ms. Sachdeva for deposition tomorrow at 9:00 a.m. Pacific, then Nomadix may seek costs.

Until yesterday, Guest Tek had noticed only one 30(b)(1) deposition, which was for Wendi Leeds. Almost one week ago, Nomadix informed Guest Tek that Ms. Leeds is available for deposition both in her personal capacity and under 30(b)(6) on November 13. Guest Tek waited until yesterday before issuing its only other 30(b)(1) notices of deposition. Vadim Olshansky, whose deposition was among those Guest Tek noticed yesterday, is available for deposition both in his personal capacity and under 30(b)(6) on the noticed date of November 13. Nomadix will provide witness availability for the remaining depositions within a reasonable time. Guest Tek's delay in noticing those depositions does not justify extending fact depositions beyond the November 13 deadline to complete fact discovery. Nomadix does not agree that Guest Tek may do so.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Wednesday, November 4, 2020 1:58 PM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jving@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin:

We have not received a response from Nomadix regarding the follow up on dates for Nomadix's witnesses, nor have we heard from Nomadix as to when we will receive its objections and responses to our 30(b)(6) notice.  Moreover, as we indicated in yesterday's email, it seems unlikely that the parties will be able to complete all of the noticed depositions before November 13, in view of this missing information from Nomadix.  Your attempts to schedule Nomadix's depositions without providing the information requested for Guest Tek's noticed depositions is unacceptable.

Please provide us with the availability of Nomadix's witnesses so that we can determine counsel and witness availability, and then the parties can discuss a schedule for the remaining depositions for both Nomadix and Guest Tek.

Regards,

Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Wednesday, November 4, 2020 12:20 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para
<MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

If Guest Tek does not intend to produce Zoey Sachdeva for deposition tomorrow, then we need to
know immediately so we can cancel the court reporter and deposition vendor. Please immediately
let us know whether Guest Tek intends to produce Ms. Sachdeva for deposition tomorrow at 9:00
a.m. Pacific. If we do not hear from Guest Tek on this issue by noon Pacific time today and Guest Tek
does not produce Ms. Sachdeva for deposition tomorrow at 9:00 a.m. Pacific, then Nomadix may
seek costs.

To avoid this issue going forward, please at least confirm whether Guest Tek will be producing its
witnesses at 9:00 a.m. on the dates Guest Tek provided on Thursday (including providing a date for
Mr. Aviv), which are:

> Zoey Sachdeva – Nov 5
> Nichol Draper – Nov 6
> Brett Molen – Nov 9
> David Ong – Nov 12
> Eli Aviv – week of Nov 9

As Nomadix also requested on Monday, please provide available dates and start times for the
depositions of Arnon Levy and Peter Warrick, and please identify which 30(b)(6) topics will be
handled by Mr. Ong and which will be handled by Mr. Aviv.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Tuesday, November 3, 2020 12:22 PM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para
<MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Justin,

Guest Tek provided the below tentative deposition dates to Nomadix nearly a week ago.  We had understood that Nomadix would promptly provide dates for its witnesses including the identity and availability of its 30(b)(6) designees, confirm Nomadix's agreement that any 30(b)(1) witnesses also designated for 30(b)(6) topics would sit for one deposition not to exceed seven hours, let us know whether any depositions could be doubled up and take place on the same day, and serve Nomadix's 30(b)(6) objections, so that the parties could confirm not only the below dates but the rest of the deposition schedule.  We did not hear back from you until late last night, nearly a week later.  And while you're now finally getting back to us on the dates we suggested, you've failed to provide any of the other information discussed by the parties and summarized above.

Since our conversation last week, Nomadix has now noticed the depositions of Arnon Levy and Peter Warrick and noticed a subpoena for the deposition testimony of Kenneth Barnes.  Today Guest Tek is serving notices of deposition for Vadim Olshansky, Jeremy Cook, Fred Reeder, and Brian Ambrosio.

We can confirm the deposition of Jan DeHoop for tomorrow, Nov 4, at 9:00am Pacific, and request that you let us know as soon as possible what platform will be used and provide the necessary access information.  Beyond that, we request again the above information and suggest that, with that in hand, the parties meet again to work out a reasonable schedule.  It is now clear that some of these depositions will have to take place after Nov. 13.

Please let us know when Nomadix will be providing the dates and other information discussed last Thursday.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Monday, November 2, 2020 11:04 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Counsel,

On Thursday, Guest Tek provided the following tentative witness availability for depositions beginning this coming Wednesday, November 4. By tomorrow at noon Eastern, please confirm those dates (including providing a date for Mr. Aviv) and, if the witness requests a start time other than 9:00 a.m. Pacific, please provide a start time between 9:00 a.m. and 11:00 a.m. Pacific.

   Jan DeHoop – Nov 4
   Zoey Sachdeva – Nov 5
   Nichol Draper – Nov 6

Brett Molen – Nov 9
David Ong – Nov 12
Eli Aviv – week of Nov 9

Please also provide available dates and start times for the depositions of Arnon Levy and Peter Warrick.

For the 30(b)(6) deposition of Guest Tek, please identify which topics will be handled by Mr. Ong and which will be handled by Mr. Aviv.

Best regards,
Justin

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Monday, November 2, 2020 7:57 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Counsel,

Please find attached a notice of deposition of Peter Warrick. We have noticed Mr. Warrick's deposition for November 12 but are willing to find a mutually convenient day. Please let us know Mr. Warrick's availability.

Best regards,
Justin

---

**From:** Justin.Gillett
**Sent:** Monday, November 2, 2020 7:50 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>
**Cc:** jying@mnat.com; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix, No. 18-1394-RGA (DE) | Notices of Deposition

Chuck,

On Friday, Guest Tek updated its disclosures to provide an address for Kenneth Barnes of 4800 Shadycreek Lane, Colleyville, Texas 76034. After attempting service on Mr. Barnes at that address, Nomadix's process server informed us that Guest Tek provided us a bad address. Please immediately provide the information Nomadix requested on Friday: (1) confirm whether the address you provided on Friday is the most current and accurate address Baker & Hostetler is aware of for Mr.

# EXHIBIT 3

| | |
|---|---|
| **From:** | Carson, Charles C. |
| **To:** | Justin.Gillett; Mark.Lezama; Guest-TekDE; Ying, Jennifer |
| **Cc:** | Nomadix.Guest-Tek; Kenneth L. Dorsney; @IP Para |
| **Subject:** | RE: Guest Tek v. Nomadix (Delaware) - Deposition Scheduling |
| **Date:** | Tuesday, December 8, 2020 2:56:50 PM |
| **Attachments:** | image003.jpg |
| | image007.png |
| | image010.jpg |
| | image012.jpg |

Justin,

First, and as we emphasized last week, Guest Tek served Nomadix with its Rule 30(b)(6) objections over two months ago on Oct 6 and invited a meet and confer.  Nomadix failed to follow up until last week, after two of Guest Tek's Rule 30(b)(6) witnesses had already testified, and after the Court's discovery conference on depositions.  Nomadix should have raised these issues long ago.

Further, the parties' nearly five hour meet and confer over these issues was last week and we had heard nothing from you since.  With the depositions now imminent, we don't appreciate the added fire drill caused by your waiting until now to offer "additional compromises" and your demand that the parties meet and confer again today.  We are unavailable on such short notice and believe this can be handled more efficiently in writing.

Finally, we disagree with your characterization of the parties' meet and confer last week, including your inaccurate references to purported topic narrowings offered by Nomadix on that call.  Indeed, we repeatedly asked you for your narrowing proposals on the call, but you had none.

Regarding the specific proposals in your email, Guest Tek responds as follows:

Topic 13 – Our Dec 6 email meant to refer to Guest Tek Topic 51 rather than Topic 53.  We understood Nomadix to offer to narrow its Topic 13 to be consistent with Guest Tek's Topic 51, which we think is reasonable and have accepted.  With that understanding, Guest will provide a witness for Topic 13.  Neither of your new alternative proposals are acceptable given that they would apply to communications with third parties (notwithstanding the fact that Nomadix Topic 13 and Guest Tek Topic 51 are limited to party communications) and would apply to all 30(b)(6) topics.

Topic 40 – While we continue to disagree as to the relevance of Guest Tek's market share outside the U.S., in an effort to reach compromise, we are willing to make Mr. Levy available to address this aspect of Topic 40, to the extent such information exists and is known or reasonably available to Guest Tek.

Topic 45 – Yes, we have agreed to withdraw Guest Tek's similar Topics 60 and 61.

Topic 46 – We understood Nomadix to have withdrawn Topic 46, which is unnecessary, unreasonable, and overbroad.

Topic 8, 11, and 14 – Guest Tek maintains it positions as stated in its Dec 6 email.  Topics 8, 11, and 14, as written, are improper in this district.  Moreover, your attempts to replace them with new

topics have changed their scope.  Further, we fail to see any parallels between these topics and the particular Guest Tek topics that you propose Guest Tek drop in exchange.

Topic 10 – To the extent you are now reading this topic to also cover infringement by Nomadix's accused products, then it is improper in the District of Delaware as it is a contention topic.

Topic 12 – We note again that you have refused to propose a narrowing of this clearly overbroad and irrelevant topic.  Moreover, your proposed withdrawal of this topic in exchange for Guest Tek's withdrawal (in whole or in part) of 12 unrelated and narrowly drawn topics is unacceptable.

To the extent Nomadix would like to respond in writing to the above or offer other proposals, we certainly will consider them.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Tuesday, December 8, 2020 1:49 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Ying, Jennifer <jying@mnat.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Kenneth L. Dorsney <kdorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware) - Deposition Scheduling

Chuck,

I write to discuss additional compromises regarding the parties' 30(b)(6) depositions. To that end, this email includes several proposals to which Nomadix would be amenable. Since 30(b)(6) depositions will occur this week, we need to know the scope of the parties' agreement on these issues by today. Please let us know when Guest Tek is available today to confer on these issues. Nomadix is generally available this afternoon.

Except as provided in this email, Nomadix does not accept Guest Tek's attempts to limit any topics and does not agree that Guest Tek may refuse to provide a witness for any topic. Absent agreement of the parties or a protective order, Nomadix is entitled to and insists on full testimony from Guest Tek on each topic.

Nomadix Topic 13 – Contrary to the assertion in Guest Tek's email, during our conference Nomadix did not reference Guest Tek's topic 53 on this issue and did not propose narrowing topic 13 as Guest Tek asserts. Instead, Nomadix identified a different Guest Tek topic, no. 51 which seeks communications between the parties, to highlight the inconsistency in Guest Tek's refusal to provide a designee for Nomadix topic 13. Since Guest Tek has still not agreed to testify regarding the full scope of Nomadix's topic 13, please let us know whether Guest Tek would be amenable to either of the following proposals.

     Proposal 1: The parties agree that (i) all 30(b)(6) topics and portions thereof relating to

correspondence or communications (with anyone) are withdrawn and (ii) neither party will present evidence of any oral communications from one party to another.

Proposal 2: The parties agree that (i) all 30(b)(6) topics and portions thereof relating to correspondence or communications (with anyone) are limited to no more than five documents per topic that the deposing party identifies by Bates number by Wednesday morning and (ii) neither party will present evidence of any oral communications from one party to another.

Nomadix Topic 40 – Nomadix will agree to Guest Tek's proposal to limit topic 40 to the U.S. market so long as Guest Tek agrees that the scope of its topics are likewise limited to Nomadix's end users in the U.S. Please let us know whether Guest Tek agrees.

Nomadix Topic 45 – During the conference, the parties agreed to withdraw Nomadix's topic 45 in exchange for withdrawing Guest Tek topics 60 & 61.

Nomadix Topic 46 – During the parties' conference, Guest Tek proposed that topic 46 be subsumed within each of Nomadix's other topics. Given that understanding, Nomadix agrees not to seek a separate designee for topic 46 as a standalone topic.

Nomadix Topic 8 – During the parties' conference, Guest Tek rejected Nomadix's proposal to narrow topic 8 and refused to offer any alternative narrowing. As an alternative to the narrowing Nomadix proposed during our conference, Nomadix would agree to narrow its topic 8 as follows: *All non-privileged facts regarding any investigations, tests, studies, surveys, interviews, reviews, or analyses by or on behalf of Guest Tek regarding the Accused Products.* This proposed narrowed topic is consistent with Guest Tek topic 54. Alternatively, Nomadix would be willing to withdraw this topic 8 if Guest Tek withdraws its topic 54. Please let us know whether Guest Tek is interested in the narrowed topic or exchanged withdrawals.

Nomadix Topic 11 – During the conference, Guest Tek also rejected Nomadix's proposal to narrow topic 11 and also refused to offer any alternative narrowing. As an alternative to the narrowing Nomadix proposed during our conference, Nomadix would agree to narrow its topic 11 as follows: *Any information or belief by Guest Tek that Nomadix knew of the Asserted Patents before this lawsuit began, knew of any allegation that the Accused Products infringe the Asserted Patents, was aware of any infringement of the Asserted Patents, or has intended that others infringe the Asserted Patents.* Alternatively, Nomadix would withdraw this topic 11 if Guest Tek agrees not to present at trial any facts regarding willfulness or the intent elements of indirect infringement beyond the specific (alleged) facts stated in Guest Tek's current response to Nomadix's interrogatory no. 10. Nomadix's interrogatory no. 10 seeks the basis for Guest Tek's contention that Nomadix infringes willfully and that Nomadix satisfies the intent element of indirect infringement. In its response to Nomadix's interrogatory no. 10, Guest Tek purports to incorporate unspecified testimony and suggests that Guest Tek's witnesses have relevant knowledge. If Guest Tek does not designate a witness for 30(b)(6) topic 11, then Guest Tek cannot discuss the topic at trial, including knowledge of the Asserted Patents or of infringement. Please let us know whether Guest Tek is interested in the narrowed topic or the stipulation outlined above.

Nomadix Topic 14 – Contrary to Guest Tek's assertion, this topic does not seek Guest Tek's contentions. Nomadix would consider withdrawing this topic 14 if Guest Tek withdraws its topics 31 and 58 (which regard prior generation products) and topic 32 (which, along with 58, is a contention topic under Guest Tek's interpretation). Please let us know whether Guest Tek is interested in this exchange of withdrawals.

Nomadix Topic 10 – This topic is not limited to infringement of third party products; it also includes alleged infringement by Nomadix. If Guest Tek stipulates it will not present any lay witness testimony regarding infringement by Nomadix or any third party, and Guest Tek will not have its experts rely on any information from Guest Tek about the same, then Nomadix will withdraw this topic. Otherwise, Guest Tek needs to provide full deposition testimony. Please let us know whether Guest Tek is interested in Nomadix's proposed stipulation.

Nomadix Topic 12 – Nomadix will agree to withdraw its topic 12 if Guest Tek agrees (i) it will not present any evidence from a fact witness about any unaccused Nomadix product, including the prior art that Nomadix has identified (including the Universal Subscriber Gateway and the products related to Guest Tek's covenant not to sue), and Guest Tek will not provide its experts with any such information; (ii) Guest Tek will not argue that any non-gateway products (e.g., NITO, Alloc8) are relevant to the case; and (iii) Guest Tek withdraws its 30(b)(6) topics and portions thereof seeking information regarding unaccused products, including topics 31 (discussing gateways preceding the Accused Products); 40-41 (Nomadix's sales and marketing of unaccused NITO and Alloc8); and 7, 9-10, 13, 19, 22, 38, 46, and 58 (portions extending to non-accused products and/or features). Please let us know whether Guest Tek is interested in so stipulating.

Nomadix Topic 21 – Nomadix will agree to withdraw its topic 21 if Guest Tek agrees it will not present evidence on this topic at trial, including for example, that Guest Tek, including through its expert, will not argue that Guest Tek had the ability to produce more products and that such ability would affect a royalty. Please let us know whether Guest Tek is interested in so stipulating.

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Sunday, December 6, 2020 3:57 PM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Ying, Jennifer <jying@mnat.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Kenneth L. Dorsney <kdorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware) - Deposition Scheduling

Justin,

This follows up on the parties' meet and confer on Friday, Dec 4.

Guest Tek is willing to provide a witness for the following additional topics as noted, subject to Guest

Tek's objections, and to the extent such information exists and is known or reasonably available to Guest Tek:

Topic No. 6 – As we stated during the meet and confer, we believe everything beyond what's provided on the face of the publicly available prosecution documents is privileged.  Notwithstanding, we will provide a witness with respect to the prosecution of the 435 and 738 asserted patents.

Topic No. 9 – Guest Tek designates Ms. Sachdeva's deposition testimony dated Nov 10, 2020 as its Rule 30(b)(6) testimony with respect to this topic.

Topic No. 13 – Subject to Nomadix's proposed narrowing of this topic to be identical to that of Guest Tek's 30(b)(6) topic no. 53, we will provide a witness for this topic.  Please confirm Nomadix's agreement on the narrowing.

Topic No. 24 – We will provide a witness with respect to Guest Tek's pricing and pricing policies for OVI.

Topic Nos. 31, 33, 35, and 37-39 – We will provide a witness with respect to these topics.

Topic No. 36 – We will provide a witness with respect to this topic as it relates to OVI.

Topic No. 40 – We will provide a witness with respect to the U.S. market only.

We further understand that Nomadix has withdrawn 30(b)(6) topics 45 and 46.

Taking into account the above, Guest Tek designates Mr. Levy for topics 6, 13, 17, 20, 24, 27, 28, 30-40, and 42-44.  Guest Tek designates Mr. Warrick for topics 18 and 41.

Regarding the remaining topics for which Guest has not agreed to provide a witness, we note the following in addition to the other points raised in Guest Tek's prior objections and in the meet and confer:

Topic No. 5 – With respect to the 435 and 738 patents, this topic is duplicative of topic no. 4, for which David Ong was Guest Tek's designee.  With respect to the 681 patent, Guest Tek has no information in its possession, custody, or control responsive to this topic.

Topic No. 7 – To the extent this topic seeks information regarding the 2011 launch of OVI, Guest Tek provided responsive information in its responses to Interrogatory No. 4 and this topic is duplicative of topic no. 2, for which David Ong was Guest Tek's designee.  To the extent this topic seeks information relating to Guest Tek products released prior to 2011, it is not relevant to any issue in this case.

Topic Nos. 8, 11, 14 – These topics seek the bases for Guest Tek's contentions in this case and, therefore, are improper in the District of Delaware.

Topic No. 10 – We understand this topic to relate to possible infringement of third-party products, rather than the Nomadix products accused in this case.  We offered to stipulate that Guest Tek has not filed any other infringement suits with respect to the asserted patents in this case.  Further, any analyses of infringement of other products performed by Guest Tek would be privileged.

Topic No. 12 – This topic, which seeks information regarding all Nomadix products (including those not accused of infringement), is overbroad and seeks information that is not relevant to this case. We note that Nomadix has refused to justify the breadth of this topic and has further refused to propose any narrowing of this topic.

Topic No. 21 – This topic seeks information that is relevant only to a lost profits damages theory, which Guest Tek is not asserting.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Friday, December 4, 2020 1:44 AM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Ying, Jennifer <jying@mnat.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Kenneth L. Dorsney <kdorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware) - Deposition Scheduling

Chuck,

Thank you for providing Guest Tek's availability at 4:30 p.m. Eastern tomorrow. Please bring a copy of both parties' 30(b)(6) deposition topics, as we plan to discuss Guest Tek's objections in the context of both parties' topics. Please use the following conference call information:

> 833-548-0276
> Conference ID: 670-268-1801#

On tomorrow's call, Nomadix will provide an opportunity for Guest Tek to reconsider its prior refusal to provide testimony on Nomadix's noticed topics, and therefore avoid the consequences including those under Rule 37(d). As it currently stands, Guest Tek has failed to appear for or even designate a witness to testify regarding numerous 30(b)(6) topics. In view of Guest Tek's deliberate decision not to appear on so many topics, Nomadix plans to move to preclude Guest Tek from introducing designated matters in evidence, including testimony on those topics. *See, e.g.*, Rules 37(d)(3) & 37(b)(2)(A)(ii). While Guest Tek cites its objections, failure to appear for a 30(b)(6) deposition is not excused on the ground that the discovery sought was objectionable absent a pending motion for a protective order under Rule 26(c). *See* Rule 37(d)(2).

Messrs. Ambrosio, Cook, and Olshansky are available as follows:

Mr. Ambrosio: Thursday, December 10
Mr. Cook: Friday, December 11
Mr. Olshansky: Thursday, December 17

Ms. Leeds is expected to become available in mid-January. In early January, we expect to have a better sense for her return. We have considered Guest Tek's suggestion that other designees take Ms. Leeds' topics. While we cannot assign all of Ms. Leeds' topics to other designees, we have re-assigned topics 8 and 16 from Ms. Leeds to Mr. Cook.

As we understand it, the impetus for Guest Tek seeking to depose Mr. Reeder is that Guest Tek has concerns about how it will present proof that Nomadix received the letters at issue from February 2018. Nomadix is amenable to a stipulation that streamlines proof at trial and streamlines discovery. For purposes of trial, Nomadix would be willing to stipulate that it received the documents bearing production numbers GSTK_DED_0093498–502 if Guest Tek withdraws its request to depose Mr. Reeder and withdraws 30(b)(6) topic 55. We think this is a fair compromise that will both simplify trial and reduce discovery.

Nomadix agrees to depose Mr. Levy on the December 11 date Guest Tek requests, but is not available to also depose Mr. Warrick on that date. Is Mr. Warrick available on December 15 or 16?

Best regards,
Justin

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Thursday, December 3, 2020 11:13 AM
**To:** Justin.Gillett <Justin.Gillett@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Ying, Jennifer <jying@mnat.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Kenneth L. Dorsney <kdorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware) - Deposition Scheduling

Justin,

Regarding Guest Tek's 30(b)(6) objections, we are not available to meet and confer today.  In addition, we find your email surprising as Nomadix has had Guest Tek's objections and responses in hand since October 6, but never sought to discuss the objections with Guest Tek earlier (including after having taken two 30(b)(6) depositions of Guest Tek's witnesses), and did not raise the issue with the Court earlier this week.  Nevertheless, we are available tomorrow at 4:30pm Eastern.

In the meantime, we believe the Court expected the parties to promptly exchange and agree to deposition dates for the witnesses discussed at the conference.  We provided dates to you yesterday morning for Guest Tek's witnesses and request again that Nomadix provide dates for its witnesses so that we can work together and agree to a reasonable schedule.

Regarding Mr. Reeder, thank you for confirming that your firm represents him.  Given Nomadix's

apparent unwillingness to stipulate that it received written notice of its infringement, we believe the deposition should go forward.  Please let us know when Mr. Reeder is available for deposition.

Regards,
Chuck

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Wednesday, December 2, 2020 7:47 PM
**To:** Carson, Charles C. <ccarson@bakerlaw.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Ying, Jennifer <jying@mnat.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Kenneth L. Dorsney <kdorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** RE: Guest Tek v. Nomadix (Delaware) - Deposition Scheduling

[External Email: Use caution when clicking on links or opening attachments.]

Chuck,

After designating Mr. Ong and Mr. Aviv for certain 30(b)(6) topics, Guest Tek designated Mr. Levy to address the remaining topics for which Guest Tek has agreed to provide a witness. But, without moving for a protective order, Guest Tek has not agreed to provide a witness for 22 of Nomadix's 46 topics. And even where Guest Tek has agreed to provide a witness, Guest Tek has suggested it would not prepare the witness on the full scope of each topic.

Nomadix requests that that the parties confer about Nomadix's topics for the 30(b)(6) deposition of Guest Tek. Given the timing in the Court's orders, that conference should occur tomorrow. Nomadix is available at 1:30 or 4:30 p.m. Eastern time tomorrow. Please let us know whether either of those times works for Guest Tek and, if not, please propose other times tomorrow.

We confirm that we will represent Mr. Reeder in connection with this matter. At the hearing yesterday, Guest Tek stated it wants to depose Mr. Reeder simply to confirm that Mr. Reeder received notice of alleged infringement before Guest Tek filed this suit. Mr. Reeder does not recall receiving notice of alleged infringement before Guest Tek filed this suit, including any letters from February 2018 referenced in the complaint. It seems to us that there is no reason to go forward with Mr. Reeder's deposition. Please let us know whether Guest Tek agrees.

We will consider your stated preferences about the timing of the depositions and we will get back to you with proposed dates on Nomadix's witnesses; we'll also consider your proposal on Mr. Levy and Mr. Warrick.

Best regards,
Justin

**Justin Gillett**

Partner
Justin.Gillett@knobbe.com
949-721-6322 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/justin-gillett

---

**From:** Carson, Charles C. <ccarson@bakerlaw.com>
**Sent:** Wednesday, December 2, 2020 8:51 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-TekDE <Guest-TekDE@bakerlaw.com>; Ying, Jennifer <jying@mnat.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Kenneth L. Dorsney <kdorsney@morrisjames.com>; @IP Para <MJIPPara@morrisjames.com>
**Subject:** Guest Tek v. Nomadix (Delaware) - Deposition Scheduling

Mark,

We wanted to follow up on the Court's instructions yesterday.

1. Regarding Guest Tek's witness depositions, Mr. Levy and Mr. Warrick are both available for deposition next Friday, Dec 11.
2. Please let us know today the availability of Messrs. Ambrosio, Olshansky, and Cook as 30(b)(6) designees.  If Mr. Ambrosio and Mr. Cook could be made available later the week of Dec 14, that would be our preference in terms of attorney schedules on our end.  We would expect Mr. Olshansky to be made available sometime next week, per the Court's instructions.
3. Please let us know today when in January Ms. Leeds will be available.
4. Per the Court's instruction, please let us know today the status of Mr. Reeder and his availability for deposition.  Please also advise whether Nomadix might be able to agree on a stipulation in lieu of deposition.

Regards,
Chuck

**Charles Carson**
Counsel

---

Washington Square
1050 Connecticut Ave, N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1771

ccarson@bakerlaw.com
bakerlaw.com

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and destroy all copies of the original
message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and destroy all copies of the original
message.


NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and destroy all copies of the original
message.

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD., | ) ) | |
| | ) | C.A. No. 18-1394 (RGA) |
| Plaintiff, | ) ) | |
| v. | ) ) | **CONTAINS INFORMATION DESIGNATED HIGHLY** |
| | ) | **CONFIDENTIAL – OUTSIDE** |
| NOMADIX, INC., | ) | **COUNSEL EYES ONLY** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF GUEST TEK INTERACTIVE ENTERTAINMENT LTD.'S THIRD SUPPLEMENTAL AND AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT NOMADIX, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1–8)**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Guest Tek Interactive

Entertainment Ltd. ("Guest Tek") provides the following supplemental and amended objections

and responses to Nomadix, Inc. ("Nomadix")'s First Set of Interrogatories (Nos. 1–8).

## PRELIMINARY STATEMENT

The following objections and responses are based on Guest Tek's current knowledge,

information, and reasonable belief. Guest Tek reserves the rights to modify, update, or supplement

any response and to assert additional objections as additional information becomes available to

Guest Tek, including additional information from Nomadix, and as otherwise necessary or

appropriate.

Guest Tek responds based on its interpretation and understanding of each interrogatory and

based on its review to date of the information received from Nomadix as of the date of these

objections and responses. Based on Guest Tek's ongoing review of the information received from

Nomadix, or if Nomadix later asserts an interpretation of any interrogatory or part thereof, or

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

A standard Linux/tc Machine does not provide a bandwidth limit for each of the plurality of the queues corresponding to the plurality of the first level guaranteed bandwidth zones that includes a guaranteed bandwidth rate.

There is nothing in a standard Linux/tc Machine that calculates a user load of the first-level zone by accumulating a plurality of user loads of a plurality of second-level zones.

Guest Tek's investigation is ongoing, and Guest Tek reserves the right to amend or supplement this response.

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Guest Tek further responds that responsive information can be obtained from the rough transcript of the November 12, 2020 deposition of David Ong, including at pages 41 through 42. Guest Tek incorporates by reference the deposition of David Ong and all exhibits thereto as if set forth in its entirety.

Guest Tek's investigation is ongoing, and Guest Tek reserves the right to amend or supplement this answer. Guest Tek further notes that additional information responsive to this interrogatory will be provided in accordance with the Court's schedule for the disclosure of expert reports.

**INTERROGATORY 7**

Explain in detail the basis for your claim for damages, including the theories and supporting facts and calculations for any claim for a reasonable royalty or lost profits and specifying the damages amount sought under each theory.

**RESPONSE:**

Guest Tek incorporates its General Objections as if set forth herein in their entirety.

Guest Tek further objects to this interrogatory as premature. Discovery is ongoing and Nomadix has not yet provided information regarding its sales and figures necessary for Guest Tek to provide its damages contentions.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

Subject to and without waiving its objections, Guest Tek incorporates by reference its Prayer for Relief (D.I. 1 at 42–43).

Guest Tek's investigation is ongoing, and Guest Tek reserves the rights to amend or supplement this answer.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of its General and Specific objections, Guest Tek states that it seeks damages adequate to fully compensate for Defendant's infringement, but in no event less than its lost profits and/or a reasonable royalty as applied to Defendant's infringing activity, plus interest, costs of suit, and attorneys' fees.

Guest Tek notes that it has been unable to locate any financial, sales, marketing, or other damages-related documents produced by Nomadix in response to Guest Tek's requests for production. Guest Tek further notes that additional information responsive to this interrogatory will be provided in accordance with the Court's schedule for the disclosure of expert reports.

Guest Tek's investigation is ongoing, and Guest Tek reserves the right to amend or supplement this response.

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Guest Tek states that it seeks damages adequate to fully compensate for Defendant's infringement, but in no event less than a reasonable royalty as applied to Defendant's infringing activity, plus interest, costs of suit, and attorneys' fees.

In calculating reasonable royalty damages, Guest-Tek's calculation will consider (1) an appropriate royalty base and (2) a reasonable royalty rate . As to a reasonable royalty rate, Guest-Tek's determination is based upon the construction of a hypothetical negotiation between a willing

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

licensee and a willing licensor at the time that infringement began.  Nomadix's infringement began at least as of January 2018 for the '681 patent; October 6, 2016 for the '435 patent; and January 16, 2018 for the '738 patent.  Therefore, the date of the hypothetical negotiation for a license to the patents would have taken on or around those respective dates, and would have occurred between Guest Tek and Nomadix.

Assuming liability, Guest Tek is entitled to recover damages starting on September 7, 2012 for the '435 and '738 patents, which is six years before the filing of the original complaint in this dispute; and is entitled to recover damages starting on August 12, 2013, which is six years before the filing of the amended complaint asserting that patent.

In determining a reasonable royalty, Guest Tek contends that various data points can be used.  For example, Guest Tek may apply various fact-based or quantitative approaches based on income, market, and cost.  It also intends to apply various *Georgia-Pacific* factors such as:

1. Comparable licenses.

2. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

3. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

4. The commercial relationship between the licensor and Nomadix, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

5.  The effect of selling the patented specialty in promoting sales of other products of the Nomadix; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

6.  The duration of the patent and the term of the license.

7.  The established profitability of the product made under the patent; its commercial success; and its current popularity.

8.  The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results; the nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

9.  The extent to which Nomadix has made use of the invention; and any evidence probative of the value of that use.

10. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

11. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

12. The opinion testimony of qualified experts.

13. The amount that a licensor (such as the patentee) and a licensee (such as Nomadix) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount that a prudent licensee—who desired, as a business proposition, to obtain a license to

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

For example, as to exemplary factor 1, this will take into consideration available license agreements and information including, but not limited to an existing license agreement between Guest Tek and Nomadix and various license agreements between Nomadix and third parties.  E.g., GSTK_DED_0002089, NMD0376264-66, and NMD0060213-60473.  As to factor 2, that will take into consideration Guest Tek's desire to maintain rights to the patented technology and any future opportunities to license the patented technology.   For instance, Guest Tek would have likely considered giving Nomadix a non-exclusive license only for a lump sum payment, or alternatively for ongoing royalties, at the time of the hypothetical negotiation.  As a further consideration under factor 3, the damages analysis will take into consideration Guest Tek's history of licensing the patented technology to other parties and its desire to maintain its own exclusive rights to the patented technology.  Guest Tek takes its intellectual property seriously, relies on it to market its products, and its practice is not to provide others, particularly its competitors, with licenses to its intellectual property to preserve its monopoly.

For factor 4, Guest Tek and Nomadix's.commercial relationship, as competitors in the U.S. and abroad, would also be a consideration for increasing any royalties.  The fact that the patented inventions also drive the sales of patented and related non-patented (technical support, service, licenses, parts/accessories, etc.) products, and has significant utility and benefits, would be considerations as well under factors 5 and 7-8.  E.g., Guest Tek's responses to interrogatories 13-15.  As to factor 6, the asserted patents have significant term remaining, which would require an

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

increased license term.  The analysis will take into consideration the remaining life of the patents at the time of the hypothetical negotiation and Guest Tek's ability to maintain its monopoly over and Nomadix's ability to capitalize from its use of the patented technology during that period.

The analysis will consider the degree of Nomadix's sales of its gateways and related software licenses upon introduction of the patented technology under factor 9.  The analysis will also, as to factor 10, consider any available industry licenses to the extent they exist and are informative to the parties at the hypothetical negotiation.  The Accused Products and Guest Tek's OVI are also profitable and commercially successful, which will be considered under factors 7 and 11.     E.g.,     GSTK_DED_0092504,     GSTK_DED_0093003;     NOMDX0636073-76; NOMDX0645694-98.  Guest Tek may rely on these considerations as well as other *Georgia Pacific* factors in its damages analysis.  Guest also intends to rely on the opinion of a qualified damages expert, and testimony from its and Nomadix's witnesses relevant to damages.

Further, the reasonable royalty will be based on, for example, either a lump sum, a royalty base reflected in revenues multiplied by a royalty rate, a royalty base reflected in units multiplied by an amount per unit, or a combination thereof.  According to Nomadix, the total revenue from 2012 to at least 2018 attributable to the accused products, for example, was purportedly: $33,966,206.  Nomadix's Dec. 19, 2019 Resp. to Interrogatory No. 10.  Guest Tek's analysis arrives at the final reasonable royalty amount by further apportioning either the royalty base or royalty rate to the footprint of the patented inventions.  The hypothetical negotiation between Guest Tek and Nomadix will consider each of the factors outlined above and their relative bargaining positions at the negotiation.  The existence of license agreements, the parties' competitive relationship, the profits derived from the patented technology (apart from other, non-patented features), the benefits of the patented technology, the ability and cost to design around the asserted

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

patents and offer a non-infringing alternative, and other factors will ultimately inform the negotiation between Guest Tek and Nomadix and the resulting royalty rate.

Documents that may be applicable to the damages analysis also include, for example, GSTK_DED_0002089; GSTK_DED_0093003; NMD0060213-604713; NMD00622558; NMD00622554; NMD0376264; NOMDX0286989-92; NOMDX0286989-92; NOMDX0636073-757; NOMDX0645694-98; NOMDX0645704 - NOMDX0646099; Nomadix's response to interrogatories, including, for example, interrogatory no. 10; and Guest Tek's responses to interrogatories 13-15.

In addition, the Court conducted a hearing on September 3, 2020 regarding Guest Tek's motion to compel Nomadix to produce relevant financial information. During the hearing, Nomadix's counsel represented to the Court that all such financial information had been produced, including information relevant to Nomadix's revenue, costs, and profits related to the Accused Products. The Court granted Guest Tek's motion in part, allowing Guest Tek to depose a Nomadix representative to confirm the accuracy of Nomadix's counsel's representation to the Court.

Guest Tek subsequently served a 30(b)(6) deposition notice on Nomadix regarding its financial information and accounting systems. Despite the Court's order, Nomadix refused to provide a representative to testify in response to that notice because, according to Nomadix, Guest Tek would only be entitled to a single 30(b)(6) deposition in the case. Disagreeing, Guest Tek filed a letter seeking clarification from the Court. The Court issued an Order agreeing that Guest Tek would be allowed a preliminary deposition, stating that Nomadix appeared to be "hiding the ball" regarding its financial information.

Guest Tek subsequently took the deposition of Nomadix's representative. During the October 2, 2020 deposition, Nomadix's representative confirmed that Nomadix's counsel had misrepresented that Nomadix had produced all relevant financial information and that a significant

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

amount of such information had not in fact been produced. Subsequent to that deposition, Guest Tek requested that Nomadix immediately produce the missing financial information identified by Nomadix's representative, including related to costs and revenue attributable to the Accused Products. Nomadix produced some of the missing information in two productions, the first on October 14 and the second at midnight on October 15 (yesterday). However, Nomadix appears to be refusing to produce the remaining missing information, which its representative confirmed is within Nomadix's possession.

Guest Tek's damages expert is in the process of reviewing the recently produced financial information, including the information that Nomadix produced on October 14 and on midnight on October 15, in order to provide a fuller response to this Interrogatory. Guest Tek is also awaiting production from Nomadix of the remaining missing information. This information is important for Guest Tek's damages expert to confirm her damages theories. Therefore, Guest Tek reserves its right to supplement this Interrogatory response once its damages expert has received and has a reasonable amount of time to analyze the recently produced documents, any additional missing documents, and any additional discovery from the parties.

Guest Tek's investigation is ongoing, and Guest Tek reserves the right to amend or supplement this answer. Guest Tek further notes that additional information responsive to this interrogatory will be provided in accordance with the Court's schedule for the disclosure of expert reports.

**THIRD SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Guest Tek states that it seeks damages adequate to fully compensate for Defendant's infringement, but in no event less than a reasonable royalty as applied to Defendant's infringing activity, plus interest, costs of suit, and attorneys' fees.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

In calculating reasonable royalty damages, Guest-Tek's calculation will consider (1) an appropriate royalty base and (2) a reasonable royalty rate . As to a reasonable royalty rate, Guest-Tek's determination is based upon the construction of a hypothetical negotiation between a willing licensee and a willing licensor at the time that infringement began. Nomadix's infringement began at least as of January 2018 for the '681 patent; October 6, 2016 for the '435 patent; and January 16, 2018 for the '738 patent. Therefore, the date of the hypothetical negotiation, or hypothetical negotitions, for a license to the patents would have taken on or around those respective dates, and would have occurred between Guest Tek and Nomadix.

Assuming liability, Guest Tek is entitled to recover damages starting on September 7, 2012 for the '435 and '738 patents, which is six years before the filing of the original complaint in this dispute; and is entitled to recover damages starting on August 12, 2013, which is six years before the filing of the amended complaint asserting that patent.

In determining a reasonable royalty, Guest Tek contends that various data points can be used. For example, Guest Tek may apply various fact-based or quantitative approaches based on income, market, and cost. It also intends to apply various *Georgia-Pacific* factors such as:

1. Comparable licenses.

2. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

3. The licensor's established policy and marketing program to maintain its patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

4.  The commercial relationship between the licensor and Nomadix, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

5.  The effect of selling the patented specialty in promoting sales of other products of Nomadix; the existing value of the invention to the licensor as a generator of sales of its non-patented items; and the extent of such derivative or convoyed sales.

6.  The duration of the patent and the term of the license.

7.  The established profitability of the product made under the patent; its commercial success; and its current popularity.

8.  The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results; the nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

9.  The extent to which Nomadix has made use of the invention; and any evidence probative of the value of that use.

10. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

11. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

12. The opinion testimony of qualified experts.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

13. The amount that a licensor (such as the patentee) and a licensee (such as Nomadix) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount that a prudent licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention—would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

For example, as to exemplary factor 1, this will take into consideration available license agreements and information including, but not limited to an existing license agreement between Guest Tek and Nomadix and various license agreements between Nomadix and third parties. E.g., GSTK_DED_0002089, NMD0376264-66, and NMD0060213-60473. Consideration of whether these licenses inform the hypothetical negotiation will include an analysis of comparability to include, for example: 1) Relationship between the parties; 2) Nature and use of technology; 3) Products covered by the license; 4) Exclusivity; 5) Royalty structure; 6) Date of the license or settlement agreement compared to the hypothetical negotiation date, and adjustment, if any, for changes in circumstances; and 7) The impact of litigation on rates in the settlement agreements. As to factor 2, that will take into consideration Guest Tek's desire to maintain rights to the patented technology and any future opportunities to license the patented technology. For instance, Guest Tek would have likely considered giving Nomadix a non-exclusive license only for a lump sum payment, or alternatively for ongoing royalties, at the time of the hypothetical negotiation. As a further consideration under factor 3, the damages analysis will take into consideration Guest Tek's history of licensing the patented technology to other parties and its desire to maintain its own

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

exclusive rights to the patented technology.  Guest Tek takes its intellectual property seriously, relies on it to market its products, and its practice is not to provide others, particularly its competitors, with licenses to its intellectual property to preserve its monopoly.

For factor 4, Guest Tek and Nomadix's.commercial relationship, as competitors in the U.S. and abroad, would also be a consideration resulting in an upward impact on the any royalties.  The fact that the patented inventions also drive the sales of patented and related non-patented (technical support, service, licenses, parts/accessories, etc.) products, and has significant utility and benefits, would be considerations as well under factors 5 and 7-8.  E.g., Guest Tek's responses to interrogatories 13-15.  As to factor 6, the asserted patents have significant term remaining, which would require an increased license term.  The analysis will take into consideration the remaining life of the patents at the time of the hypothetical negotiation and Guest Tek's ability to maintain its monopoly over and Nomadix's ability to capitalize from its use of the patented technology during that period.

The analysis will consider the degree of Nomadix's sales of its gateways and related software licenses upon introduction of the patented technology under factor 9.  The analysis will also, as to factor 10, consider any available industry licenses to the extent they exist and are informative to the parties at the hypothetical negotiation.  The Accused Products and Guest Tek's OVI are also profitable and commercially successful, which will be considered under factors 7 and 11.    E.g.,    GSTK_DED_0092504,    GSTK_DED_0093448,    GSTK_DED_0093003; GSTK_DED_0093447 (replacement); NOMDX0636073-76; NOMDX0645694-98.  Guest Tek may rely on these considerations as well as other *Georgia Pacific* factors in its damages analysis. Guest also intends to rely on the opinion of a qualified damages expert, qualified technical expert, and testimony from its and Nomadix's witnesses relevant to damages.  For example, Guest Tek

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

refers to and incorporates into this response the expert reports of its damages expert, as well as the deposition testimony of Guest Tek's witnesses, including but not limited to Mr. Aviv, and Nomadix witnesses, including but not limited to Ms. Leeds, and any future depositions, such as depositions of Ms. Leeds and Mr. Abrosio.

Further, the reasonable royalty will be based on, for example, either a lump sum, a royalty base reflected in revenues multiplied by a royalty rate, a royalty base reflected in units multiplied by an amount per unit, or a combination thereof. According to Nomadix, the total revenue from 2012 to at least 2018 attributable to the accused products, for example, was purportedly: $33,966,206 and Nomadix-produced documents show revenue for the same and subsequent years, which will be used to derive the total amount of revenue attributable to the accused products. Nomadix's Dec. 19, 2019 Resp. to Interrogatory No. 10 and any supplements thereto. See also, e.g., NOMDX0200511-286992, NOMDX0636073-757, NOMDX0645694-98, NOMDX0645716-59, NOMDX0645766-67, NOMDX0645773-6103, NOMDX0622653. Guest Tek's analysis arrives at the final reasonable royalty amount by further apportioning either the royalty base or royalty rate to the footprint of the patented inventions. The hypothetical negotiation between Guest Tek and Nomadix will consider each of the factors outlined above and their relative bargaining positions at the negotiation. The existence of license agreements, the parties' competitive relationship, the profits derived from the patented technology (apart from other, non-patented features), the benefits of the patented technology, the ability and cost to design around the asserted patents and offer a non-infringing alternative, and other factors will ultimately inform the negotiation between Guest Tek and Nomadix and the resulting royalty rate.

Based on preliminary estimations, as review of documents produced in discovery and the analyses thereof are ongoing, Guest Tek presently anticipates its estimated past damages will be within the range of $5 million - $11 million. This is an estimated range only, and may change

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

subject to review of recently produced documents, upcoming depositions, and analysis of all relevant information by a qualified expert during expert discovery.  In particular, based on recently produced information for example, which is still being reviewed and analyzed, the actual amount of damages may be less than or greater than, or somewhere within that range.

Additional documents that may be applicable to the damages analysis also include, for example, GSTK_DED_0002089; GSTK_DED_0093003; GSTK_DED_0093395, GSTK_DED_0093404, GSTK_DED_0093407; GSTK_DED_0093409; GSTK_DED_0093411, NOMDX0003163, NOMDX0291295, NOMDX0291324, NOMDX0291329, NOMDX0291339, NOMDX0292135, NOMDX0292299, NOMDX0291300, NOMDX0292303, NOMDX0292306, NOMDX0292311, NOMDX0293491, NOMDX0294407, NOMDX0294497, NOMDX0295730, NOMDX0295896, NOMDX0624358, NOMDX0622558, NOMDX06243, 58NOMDX0636208, NOMDX0636132, NOMDX0636342, NOMDX0636607, NOMDX0646152, NOMDX0646170-71, NOMDX0651391, NMD0060213-604713; NMD00622558; NMD00622554; NMD0376264; NOMDX0286989-92;  NOMDX0286989-92;  NOMDX0636073-757;  NOMDX0645694-98; NOMDX0645704 - NOMDX0651402); Nomadix's response to interrogatories, including, for example, interrogatory no. 10; and Guest Tek's responses to interrogatories 13-15.

Guest Tek further incorporates by reference the testimony of Ms. Leeds, and all exhibits thereto as if fully set forth herein.  It also incorporates the deposition testimony of Eli Aviv and David Ong and all exhibits thereto, and future depositions of Ms. Leeds, Mr. Ambrosio, and other relevant Nomadix or Guest Tek witnesses.  It also incorporates by reference expert reports from technical and damages experts to be submitted.

In addition, Nomadix recently produced a substantial number of documents, including documents bates numbered NOMDX0645704 - NOMDX0651551 and other documents, which include Nomadix purchase orders, sales reports, sales order reports, inventory reports, installed

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

records reports and other documents potentially relevant to damages and that may impact the analysis above. Guest Tek's damages expert is in the process of reviewing the recently produced financial information.  Therefore, Guest Tek reserves its right to supplement this Interrogatory response once its damages expert has a reasonable amount of time to analyze the recently produced documents, any additional missing documents, and any additional discovery from the parties.

Guest Tek's investigation is ongoing, and Guest Tek reserves the right to amend or supplement this answer. Guest Tek further notes that additional information responsive to this interrogatory will be provided in accordance with the Court's schedule for the disclosure of expert reports.

**INTERROGATORY 8**

For each Disputed Claim, explain in detail the basis of your contentions, if any, regarding objective indicia of nonobviousness or secondary considerations, including an explanation of the evidence you will rely on to show a nexus between each indicium and the inventive aspects of the claimed invention.

**RESPONSE:**

Guest Tek incorporates its General Objections as if set forth herein in their entirety.

Guest Tek objects to this interrogatory as premature.  Nomadix's Default Standard ¶ 4(d) disclosures, including invalidity contentions, have not been made and are currently not due until June 3, 2019.  Guest Tek will supplement its response to this interrogatory after Nomadix has provided its invalidity contentions.

Guest Tek's investigation is ongoing, and Guest Tek reserves the rights to amend or supplement this answer.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of its General and Specific objections, Guest Tek states as follows:

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY

**SECOND SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its objections, Guest Tek further responds that responsive information can be obtained from the rough transcript of the November 12, 2020 deposition of David Ong, including at pages 38 to 42. Guest Tek incorporates by reference the deposition of David Ong and all exhibits thereto as if set forth in its entirety.

Guest Tek's investigation is ongoing, and Guest Tek reserves the right to amend or supplement this answer. Guest Tek further notes that additional information responsive to this interrogatory will be provided in accordance with the Court's schedule for the disclosure of expert reports.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Daniel J. Goettle
Jeffrey W. Lesovitz
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Michael J. Swope
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104
(206) 332-1380

Charles C. Carson
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC  20036
(202) 861-1500

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

Andrew E. Samuels
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215
(614) 228-1541


November 13, 2020