IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT, LTD., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-1394-RGA |
| NOMADIX, INC., | : : | |
| Defendant. | : | |

**DISCOVERY ORDER**

  The parties submitted a discovery dispute. (D.I. 206, 209).

  At issue are eight Rule 30(b)(6) topics. (D.I. 206, Appendix A, 5 of 89). Even without consideration of Guest Tek's letter, I think topics 8, 10, and 11 are essentially contention deposition topics. The request as to them is therefore denied. Upon further review, topic 14, essentially asking for expert testimony, is also essentially a contention deposition topic. The request as to it is also denied.

  The other topics are, in the abstract, plausible. But as to testing in the asserted patents (topic 5), Defendant has deposed the inventor of the two patents Plaintiff was the original owner of. (D.I. 209 at 2, citing Exh. D). I think further testimony would have no likelihood of being productive. As to first sale of OVI (topic 7), Guest Tek points out that Topic 2 is pretty closely related. (D.I. 209 at 2). As to use of various features by third parties (topic 9), Defendant would agree to the post-hoc designation of the Sachdeva deposition with certain conditions. (D.I. 206 at 3). Guest Tek objects to the conditions. The conditions are too broad. While it is possible narrower conditions might be appropriate (and I am not in a good position now to suggest what

they might be), I am not going to put any conditions on Sachdeva's testimony at this time. I accept the post-hoc designation. As to Guest Tek's knowledge of Nomadix products (topic 12), it is hard to imagine the relevance of this. Thus, I do not think there is any basis to compel such testimony.

The parties produce evidence relating to the sorry history of their dispute on this issue. (*See, e.g.,* D.I. 206, Exh. 2 [email chain, Nov. 2 to Nov. 10, 2020]). Both seem to take the position that the other should have gone first, and, by doing so, has waived the issue. When last I was discussing issues with the parties, on December 1, 2020, no one brought this issue up. (D.I. 197 at 12-13). Under the circumstances, I think it is too late for Defendant to bring this up, and I consider Defendant's request for relief to be waived. I note that when the parties suggested this discovery issue, on Monday of this week (D.I. 204), I got the matter teed up and resolved by the end of the week. Had Defendant brought it up on December 1st, or even soon thereafter, I could have resolved this and to the extent I thought any of Defendant's requests to be justified, they could probably have been worked into the depositions that have been on-going this week. Now they cannot. Defendant's complaints are too late.

Defendant's request for relief (D.I. 206) is **DENIED**.

IT IS SO ORDERED this 18th day of December 2020.

/s/ Richard G. Andrews
United States District Judge