IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUEST TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>NOMADIX, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1394 (RGA)<br>)<br>) REDACTED -- PUBLIC VERSION<br>)<br>) |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS
FROM JENNIFER YING REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Jeffrey W. Lesovitz
Meghan Rohling Kelly
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Michael J. Swope
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104
(206) 332-1380

Charles C. Carson
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC  20036
(202) 861-1500

Andrew Samuels
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, OH  43215
(614) 228-1541

Original Filing Date:  December 17, 2020
Redacted Filing Date:  December 23, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
amoshos@mnat.com

*Attorneys for Plaintiff Guest Tek Interactive Entertainment Ltd.*

Dear Judge Andrews:

Guest Tek submits this letter in response to Nomadix's December 16, 2020 letter (D.I. 206), which seeks to compel additional 30(b)(6) testimony from Guest Tek. As explained below, Nomadix's request should be denied. Nomadix waited until the last minute to raise the issue, and Guest Tek's witnesses have all been deposed. Moreover, the topics are improper contention deposition topics, or seek otherwise privileged, irrelevant, or duplicative information already provided to Nomadix.

**I. Nomadix Unduly Delayed in Raising This Dispute.** Guest Tek served its objections and responses to Nomadix's 30(b)(6) Notice on October 6, 2020 ("Objections"). D.I. 206, Ex. 1; *see also* D.I. 137. For 11 topics, including Topic 5, Guest Tek objected but expressly invited Nomadix to "meet and confer with Guest Tek to narrow and clarify this Topic," so that Guest Tek could consider designating a witness. D.I. 206, Ex. 1 at Topics 5, 13, 33, 35-40, 45-46. Guest Tek also objected to Topics 8, 10, and 11 as improper contention deposition topics not permitted in this District. *Id*. at 9-10; *see also id*. at 3 (General Objection No. 8). Guest Tek further stated that, based on its objections, it would not provide a witness to testify on Topics 7, 9, 12 and 14. *Id*.

Despite having the Objections since October 6, at no point prior to December 2 did Nomadix seek a meet and confer. For example, Nomadix reached out on October 16 to discuss scheduling depositions of Guest Tek's witnesses, but said nothing about Guest Tek's Objections. Ex. A at 2-3 (10/26/20 email from J. Gillett). Nomadix also refers to an October 29 meet and confer (D.I. 206 at 1),[1] but that was limited to discussing scheduling (*see* Ex. A at 2 (10/26/20 email from J. Gillett; 10/28/20 email from C. Carson)), and at no point on that call did Nomadix raise any issue with Guest Tek's October 6 Objections (*see id*. at 1 (10/29/20 email from J. Gillett)). Between November 3-10, the parties continued to have numerous email exchanges regarding witness availability and depositions, but again, Nomadix did not seek a meet and confer about Guest Tek's Objections. *See* Ex. B at 1-6 (Nov. 3-6 emails); Ex. C at 1-3 (Nov. 9-10 emails); *see also* D.I. 206, Ex. 2. Nomadix then went forward with the depositions of two Guest Tek 30(b)(6) witnesses on November 12, 2020. Again, even after taking these depositions, Nomadix did not come back to discuss Guest Tek's Objections. Instead, it continued to remain silent.

Since Guest Tek served its Objections on October 6, this Court has held two discovery conferences, on November 4 and on December 1. Nomadix does not explain why it failed to raise this issue before either conference. Indeed, despite not filing a motion for relief, at the December 1 conference, Nomadix sought additional 30(b)(6) deponents from Guest Tek and the Court had a lengthy discussion regarding those depositions and potential scope. D.I. 197, 12/1/20 Tr. at 12:6-21:20. Nomadix did not mention anything about Guest Tek's Objections, or even suggest that there would be an issue, during this discussion with the Court. Instead, it waited until December 2 (Ex. G at 6 (12/2/20 email from J. Gillett)), after the Court ordered that there was to be no more discovery or depositions except as provided for in its December 1 Order. D.I. 193.

Guest Tek should not be faulted for Nomadix's delay. Nomadix suggests that it was Guest Tek's burden to move for a protective order (D.I. 206 at 1), but Guest Tek could not have unilaterally moved for a protective order under the Court's discovery dispute procedures. D.I. 17 ¶ 3(g). Rather, Nomadix was on notice of Guest Tek's Objections, and ignored them for nearly two

---

[1] Kim Kennedy and Justin Gillett attended the meet and confer for Nomadix. Nomadix's Delaware counsel did not participate in the October 29 meet and confer.

months.  Had Nomadix raised the issue with Guest Tek earlier and provided clarification on its topics, Guest Tek could have potentially designated witnesses for them.  But at this point, all of Guest Tek's 30(b)(6) witnesses have been deposed.  Guest Tek should not be required to recall or re-produce witnesses due to Nomadix's delay.  *See, e.g., MobileMedia Ideas LLC v. Apple Inc.*, 890 F. Supp. 2d 508, 518 (D. Del. 2012) (denying request for discovery after party seeking discovery waited too long after being on notice of objections).

**II.  Nomadix's Topics are Improper and Seek Privileged, Irrelevant, and Duplicative Information.**  In addition to being untimely, Nomadix's request to compel a witness should be denied because, as Guest Tek stated in its Objections, the topics are improper, or seek privileged, irrelevant, or duplicative information already provided to Nomadix, or that is not within Guest Tek's possession, custody, or control.

**Topic 5 ("subject matter, including any testing, described in" the Patents).**  On the Dec. 4 meet and confer,[2] Guest Tek told Nomadix it did not have information on specific testing or other research described in the '681 patent, because that patent was prosecuted and originally owned by a third-party, and the inventors do not work for Guest Tek.  Ex. G at 4.  As to the '435 and '738 patents, Guest Tek asked Nomadix to explain how Topics 4 and 5 differed, in light of the fact that Guest Tek designated David Ong, the inventor, to testify as to Topic 4 and Nomadix extensively questioned him on the subject matter described in those patents, including on testing as called out by Topic 5.  Ex. D at 25:8-38:1; 64:20-69:3.  But Nomadix refused to provide any explanation or agree to narrow the topic.  It still has not provided an explanation.  D.I. 206 at 2.  Nomadix now claims that Topic 5 is supposedly relevant to the "state of the art" (*id*.), but Topic 5 does not call for testimony on that issue (D.I. 206, Ex. 1, Topic 5).  Nonetheless, Nomadix also questioned Mr. Ong on that issue as well.  Ex. D at 28:13-36; 48:3-18; 125:15-133:6.

**Topic No. 7 ("first public use, first public sale, or first offer for sale" of OVI).**  The only non-accused product that Guest Tek is aware of that falls within this Topic's scope is OVI.  And as this Court previously ruled, Nomadix did not identify OVI as prior art in its invalidity contentions and was therefore not entitled to discovery on it as prior art.  D.I. 118 at 43:8-48:23.  Moreover, Guest Tek already identified information regarding the first public disclosure of OVI in its response to Interrogatory No. 4 and during 30(b)(6) testimony.  Ex. E at 14 (Rog. 4); *see also* Ex. D at 37:10-40:11.  Although Nomadix now suggests that this Topic also seeks "the story of how Guest Tek's allegedly patent-practicing product came to market" (D.I. 206 at 3), that is not what Topic 7 says (D.I. 206, Ex. 1, Topic 7).  If anything, that information would fall within the scope of Topic 2 ("when such features [of OVI] were…released"), for which Guest Tek provided a witness.

**Topics 8, 11, and 14 (Nomadix's contention topics on infringement and validity).**  It is well-settled that contention deposition topics are improper in this District.  *See, e.g., Int'l Bus. Machines Corp. v. The Priceline Grp.*, 2016 WL 6305981, at *2 (D. Del. Sept. 29, 2016) (denying motion to compel on topics that were "de facto contention deposition categories and more properly the subject of expert testimony"); *Axiohm IPS, Inc. v. Epson Am., Inc.*, No. 00-420-SLR, Tr. at 4 (D.

---

[2] After the December 4 meet and confer and subsequent correspondence, Guest Tek agreed to designate Mr. Levy and Mr. Warrick for an additional 10 topics (Topics 13, 24, 31, 33, 35, 36, 37-39, 40), and the parties agreed to withdraw Topics 45 and 46.  Ex. G at 1, 4.

The Honorable Richard G. Andrews
December 17, 2020
Page 3

Del. Mar. 28, 2001) ("[W]e don't do contention depositions in this district") (Ex. I); *Chalumeau Power Sys. LLC v. Alcatel-Lucent USA, Inc.*, No. 11-1175-RGA, Tr. at 27-28 (D. Del. Oct. 4, 2013) (Ex. J).  That these Topics seek "all facts" regarding a contention does not somehow mean that they are not improper contention topics.  *Pharmacia & Upjohn Co. v. Sicor, Inc.*, No. 04-833-KAJ, Tr. at 36 (D. Del. Oct. 11, 2005) ("[I]nserting…the word 'facts' doesn't make [a topic] less of an effort to get at…the legal position of the party.") (Ex. K); *Reliant Pharms., Inc. v. Par Pharm., Inc*., No. 06-774-JJF, Tr. at 20-21 (D. Del. Mar. 7, 2008) ("in this district there is a preference that contention discovery be conducted by interrogatory even when factual information is sought") (Ex. L).  Nor is Nomadix without this information, as Guest Tek provided responses to Nomadix's contention interrogatories on infringement, willfulness, and validity.  *See, e.g.,* Ex. E at 3 (Rog. 1); Ex. H at 9, 22, 62 (Rogs. 10, 16, 18).

**Topic 9 (use of Nomadix products by Nomadix customers and end users)**.  Topic 9 seeks testimony on Nomadix's customers and end users' use of the accused Nomadix features.  Any non-privileged information Guest Tek possessed was disclosed during Zoey Sachdeva's Nov. 10 deposition where she was questioned extensively on this topic (Ex. F at 50:21-55:13, 161:18-192:19).  Guest Tek later designated that testimony as its 30(b)(6) testimony.  Ex. G at 4.  Had Nomadix timely sought to meet and confer on this Topic, Guest Tek could have designated Ms. Sachdeva on the Topic beforehand.  It did not.  Moreover, Nomadix's proposed "safeguards" (D.I. 206 at 3) should be rejected, as they would unfairly prevent Ms. Sachdeva from explaining her testimony, Guest Tek from offering expert testimony, relying on Nomadix or third-party discovery, or offering testimony under other 30(b)(6) topics for which Guest Tek designated witnesses.

**Topic No. 10 (infringement by third parties)**.  This Topic seeks information on infringement by third-party products of the asserted patents.  But any infringement determination would have been made by an attorney and would therefore be privileged.  During the December 4 meet and confer, Nomadix contended that the Topic seeks information on whether Guest Tek had filed other infringement lawsuits against third parties involving the asserted patents.  To try to resolve this Topic, Guest Tek confirmed that it had not and offered to stipulate to that fact.  Ex. G at 5.  Nomadix rejected that proposal, without explanation.  Nomadix now claims that this Topic also seeks information on *Nomadix's* infringement.  D.I. 206 at 2.  If so, the Topic is also objectionable as a contention topic, as it seeks, *e.g.,* the "basis" for Guest Tek's belief that Nomadix infringes.  *See, e.g., Int'l Bus. Machines Corp.*, 2016 WL 6305981, at *2; *see also* Ex. G at 1.

**Topic No. 12 ("All Nomadix products," including unaccused products)**.  This Topic broadly refers to "All Nomadix products," including products not at issue.  Factual testimony about one party's knowledge of another party's unaccused products is irrelevant.  *See British Telecomm. PLC v. IAC/InteractiveCorp, et al*., 2020 WL 1043974, at *6 (D. Del. Mar. 4, 2020) ("[T]o the extent…the…topics call for information about…features…not accused…, [party] will not be required to produce a…30(b)(6) witness….").  Nomadix has been unwilling to narrow this Topic or justify relevance.  Ex. G at 2, 5.  It now suggests Guest Tek's knowledge is relevant to validity, but Guest Tek provided testimony about prior art during prosecution (Topics 6, 16, 17) and Nomadix has not alleged inequitable conduct based on Nomadix's unaccused products.  Nomadix also claims Guest Tek's knowledge is relevant to Nomadix's defense under the parties' settlement agreement, but that issue was covered under Topic 33, for which Guest Tek designated a witness.

The Honorable Richard G. Andrews
December 17, 2020
Page 4

                                                Respectfully,

                                                */s/ Jennifer Ying*

                                              Jennifer Ying (#5550)

JY/
Enclosures

cc:     Clerk of the Court
         All Counsel of Record